# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Drew Katz and Melissa Silver, individually and as the co-Personal Representatives of the Estate of LEWIS A. KATZ, deceased, <br><br> Plaintiffs, <br><br> v. <br><br> SK TRAVEL, LLC, a North Carolina Limited Liability Company; SPINIELLO COMPANIES, a New Jersey Corporation; ARIZIN VENTURES LLC, a Delaware Limited Liability Company; CAROL MCDOWELL, in her capacity as Personal Representative of the ESTATE OF JAMES MCDOWELL, deceased, a resident of Delaware; SHELLY DE VRIES, in her capacity as Personal Representative of the ESTATE OF BAUKE DE VRIES, deceased, a resident of New Jersey; GULFSTREAM AEROSPACE CORPORATION, a Georgia Corporation; GULFSTREAM AEROSPACE CORPORATION, a Delaware Corporation; GULFSTREAM AEROSPACE SERVICES CORPORATION, d/b/a Gulfstream Aerospace Corporation, a Delaware Corporation; ROCKWELL COLLINS, INC., an Iowa Corporation; HONEYWELL INTERNATIONAL, INC., a Delaware Corporation; and the MASSACHUSETTS PORT AUTHORITY, an independent public authority of the Commonwealth of Massachusetts, <br><br> Defendants. <br><br> SK TRAVEL, LLC, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> Dan Dillon, Paul A. Seguin, and Dominic Camilli, Jr., <br><br> Third-Party Defendants. | Civil Action No. <br><br> Notice of Removal |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that the United States of America hereby removes this action to this Honorable Court and pursuant to 28 U.S.C. §§ 1446 and 2679(d)(2), substitutes itself as the Third-Party Defendant in place of three individually-named Third-Party Defendants who were federal employees acting within the scope of their employment at the time of their alleged negligence.  This action was originally filed in the Superior Court, Suffolk County, Massachusetts, and assigned case number 16-888-B.  A copy of Third-Party Plaintiff's Third-Party Complaint, and all attachments thereto, filed in State court and served on Third-Party Defendants Dan Dillon, Paul A. Seguin, and Dominic Camilli, Jr. is attached hereto as Exhibit A.  The Summonses issued against them are attached as Exhibit B.

This case arises out of an aircraft accident at Laurence G. Hanscom Field Airport near Bedford, Massachusetts on May 31, 2014.  The Third-Party Complaint alleges that Third-Party Defendants Dillon, Seguin, and Camilli, employees of the United States Air Force who responded to the accident, were negligent in the performance of their duties and responsibilities, and that they are liable to Third-Party Plaintiff for indemnity and contribution.

The District Courts have exclusive jurisdiction of civil actions on claims against the United States for money damages for loss of property, personal injury, or death alleged to have been caused by negligent or wrongful acts or omissions of any employee of the United States while acting within the scope of his office or employment.  28 U.S.C.

§ 1346(b)(1).  Following a review of the Third-Party Complaint and information currently available with respect to the allegations therein, and pursuant to 28 U.S.C. § 2679(d)(2) and 28 C.F.R. § 15.4, the appropriate designee of the Attorney General of the United States has certified that Third-Party Defendants Dillon, Seguin, and Camilli were federal employees acting within the scope of their office or employment at the time of the incident out of which the above-captioned claim arose.  *See* Ex. C, Certification of Scope of Employment.

Upon such certification that an employee of the United States who has been named a Defendant in an action was acting within the scope of his or her employment at the time of the incident out of which the claim arose, any civil action commenced in a State court upon such claim shall be removed without bond at any time before trial.  28 U.S.C. § 2679(d)(2).  Such an action shall be deemed to be an action brought against the United States under the Federal Tort Claims Act, and the United States shall be substituted as the party Defendant.  *Id.*  The exclusive remedy for the negligent or wrongful act or omission of an employee of the United States, acting within the scope of his employment, is an action against the United States under the Federal Tort Claims Act. 28 U.S.C. § 2679(b)(1).  The United States District Court for the District of Massachusetts is the proper court to which the action should be removed, as it embraces the place in which the State court action is pending.  28 U.S.C § 2679(d)(2).

WHEREFORE, the reasons stated herein, the United States hereby removes this action to this Honorable Court from the Superior Court, Suffolk County, Massachusetts.

| | |
|---|---|
| Dated: July 1, 2016 | Respectfully submitted,<br><br>BENJAMIN C. MIZER<br>Principal Deputy Assistant<br>Attorney General<br><br>CARMEN M. ORTIZ<br>United States Attorney<br><br><br>s/ Michael W. Kerns<br>Michael W. Kerns<br>Trial Attorney<br>United States Department of<br>Justice Torts Branch, Civil<br>Division<br>P.O. Box 14271<br>Washington D.C.  20044-4271<br>(202) 616-4020 (direct)<br>(202) 616-4159 (fax)<br>michael.kerns@usdoj.gov<br>Attorneys for Third-Party<br>Defendant United States of<br>America |

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants on July 1, 2016.

s/ Michael W. Kerns
Michael W. Kerns
