COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT

Suffolk County, ss.

| | |
|---|---|
| Drew Katz and Melissa Silver, individually and as the co-Personal Representatives of the Estate of LEWIS A. KATZ, deceased,<br><br>                Plaintiffs,<br>v.<br><br>SK TRAVEL, LLC, a North Carolina Limited Liability Company; SPINIELLO COMPANIES, a New Jersey Corporation; ARIZIN VENTURES LLC, a Delaware Limited Liability Company; CAROL MCDOWELL, in her capacity as Personal Representative of the ESTATE OF JAMES MCDOWELL, deceased, a resident of Delaware; SHELLY DE VRIES, in her capacity as Personal Representative of the ESTATE OF BAUKE DE VRIES, deceased, a resident of New Jersey; GULFSTREAM AEROSPACE CORPORATION, a Georgia Corporation; GULFSTREAM AEROSPACE CORPORATION, a Delaware Corporation; GULFSTREAM AEROSPACE SERVICES CORPORATION, d/b/a Gulfstream Aerospace Corporation, a Delaware Corporation; ROCKWELL COLLINS, INC., an Iowa Corporation; HONEYWELL INTERNATIONAL, INC., a Delaware Corporation; and the MASSACHUSETTS PORT AUTHORITY, an independent public authority of the Commonwealth of Massachusetts,<br><br>                Defendants. | <br><br>Civil Action No.: 16-888-B<br><br>**THIRD-PARTY**<br>**COMPLAINT OF**<br>**SK TRAVEL, LLC** |
| SK TRAVEL, LLC,<br><br>                Third-Party Plaintiff,<br>v.<br><br>Dan Dillon, Paul A. Seguin, and Dominic Camilli, Jr.,<br><br>                Third-Party Defendants. | |

## THIRD-PARTY COMPLAINT OF SK TRAVEL, LLC

Pursuant to Rule 14(a) of the Massachusetts Rules of Civil Procedure, Defendant/Third-Party Plaintiff SK TRAVEL, LLC ("SK Travel"), by and through its attorneys Manion Gaynor & Manning LLP and Condon & Forsyth LLP, as and for its Third-Party Complaint against Third-Party Defendants Dan Dillon, Paul A. Seguin, and Dominic Camilli, Jr., employees of the UNITED STATES AIR FORCE ("USAF") (collectively, the "USAF Defendants"), alleges as follows:

### PROCEDURAL HISTORY

1. This Third-Party Complaint arises from an accident involving a Gulfstream G-IV model aircraft (FAA Reg. No. N121JM) (the "Aircraft") at Laurence G. Hanscom Field Airport ("BED") in Bedford, Massachusetts on May 31, 2014 (the "Accident"), which resulted in the death of Plaintiffs' decedent, Lewis A. Katz.

2. Plaintiffs, Drew Katz and Melissa Silver, on their own behalf and in their capacity as the Co-Personal Representatives of the Estate of Lewis A. Katz, commenced the underlying wrongful death and survival action against several defendants – including SK Travel, the owner of the Aircraft, and the Massachusetts Port Authority ("Massport"), the owner and operator of BED – to recover damages for the death of Lewis A. Katz. *See* Am. Compl.[1]

3. Plaintiffs seek to hold SK Travel liable for the Accident and the resulting death of Plaintiffs' decedent pursuant to SK Travel's alleged non-delegable duties as the registered owner of the Aircraft and for negligent maintenance and repair of the Aircraft. *See id.* at ¶¶ 133-166.

4. Plaintiffs seek to hold Massport liable for violating regulations pertaining to

---

[1] A copy of the Amended Complaint and Demand for Trial by Jury ("Amended Complaint") is attached hereto as Exhibit A.

Aircraft Rescue and Firefighting ("ARFF") requirements applicable to commercial airports, in breach of the alleged duty of care that Massport owed to Plaintiffs' decedent as the owner and operator of BED. *See id.* at ¶¶ 457-487.

## THE PARTIES TO THE THIRD-PARTY ACTION

5. SK Travel is a North Carolina limited liability company that currently maintains an address at 495 Eisenhower Parkway, Livingston, New Jersey, and, at the time of the Accident, maintained its principal place of business at 9 DRBA Way, New Castle, Delaware. SK Travel's members are Ztak Aviation, Inc., a North Carolina corporation with its principal place of business in New Jersey, and Emar Associates, Inc., a New Jersey corporation with its principal place of business in New Jersey.

6. Upon information and belief, each of the USAF Defendants is a citizen of the Commonwealth of Massachusetts and, therefore, is subject to personal jurisdiction in Massachusetts pursuant to Mass. Gen. Laws ch. 223A § 2 and § 3(c), inasmuch as each of the USAF Defendants is domiciled in Massachusetts and acted "directly" to cause "tortious injury by an act or omission in this commonwealth."

7. Upon information and belief, at the time of the Accident, each of the USAF Defendants was employed by the USAF as a member of the USAF's team of firefighters and first responders that provided ARFF services at BED pursuant to a contract between Massport and the USAF for ARFF services.

8. Upon information and belief, each of the USAF Defendants was working for the USAF in their capacity as a member of the Hanscom Field fire and rescue services team at the time of the Accident and was personally involved in the ARFF response to the subject Accident.

## GENERAL ALLEGATIONS
## RELATING TO THE THIRD-PARTY ACTION

9. In their Amended Complaint, Plaintiffs claim damages for the personal injuries and death of Lewis A. Katz caused by, among other things, Massport's negligence in providing the ARFF services in response to the Accident in violation of Massport's common law and regulatory duties as the owner and operator of BED. *See* Am. Compl. at ¶¶ 122-132, 457-487.

10. Plaintiffs' negligence action against Massport is predicated on the allegations that the Hanscom Field fire and rescue services team's response to and during the Accident was delayed. Specifically, Plaintiffs allege: "[o]n the night of the Subject Accident Hanscom Field's fire and rescue services did not begin to fight the fire with an extinguishing agent until more than 3 minutes had elapsed from the initial alarm" (*id.* at ¶ 127); "[a]t 28 minutes and 18 seconds after the alarm, fire and rescue services stopped applying water to the fire, despite the fact that the fire was still raging" (*id.* at ¶ 129); and, it took the Hanscom Field fire and rescue services team more than two hours from the initial alarm to gain access to the Aircraft to check for survivors. *See id.* at ¶ 131.

11. The Amended Complaint further alleges that the Hanscom Field fire and rescue services team was unprepared and ill-equipped to fight the fire, in that: "[a]t 23 minutes and 7 seconds after the alarm, one of the fire and rescue service vehicles ran out of fire-fighting foam" (*id.* at ¶ 128) and, "[a]t 30 minutes and 7 seconds after the alarm, one of the fire and rescue service vehicles ran out of water." *Id.* at ¶ 130.

12. The Amended Complaint alleges that the Hanscom Field fire and rescue services team's response to the Accident "directly and proximately caused" the death of the individuals onboard the Aircraft, including Plaintiffs' decedent (*id.* at ¶¶ 468 and 483), because the individuals onboard the Aircraft had survived the crash but died in the post-crash fire. *See id.* at

¶ 132.  Thus, but for the negligence of the Hanscom Field fire and rescue services team, Plaintiffs' decedent would have survived the Accident. *See id.*

13. At the time of the Accident, Massport contracted with the USAF to provide ARFF services at BED as required by federal aviation regulations, 14 C.F.R. Part 139.

14. At the time of the Accident, the USAF employed each of the USAF Defendants to perform the required ARFF services at BED pursuant to the USAF's contract with Massport.

15. At the time of the Accident, each of the USAF Defendants was acting in the scope of his employment as a member of the USAF's Hanscom Field fire and rescue services team.

16. At the time of the Accident, the USAF Defendants were responsible for the ARFF response to the subject Accident and had a duty to ensure that the ARFF response was carried out to the degree of care owed to the owner and the operator of the Aircraft and the individuals onboard the Aircraft and in accordance with 14 C.F.R. Part 139.

17. The USAF Defendants breached this duty of care in the following ways:

   a. Waiting more than 3 minutes after the Accident to begin fighting the fire with an extinguishing agent;

   b. Providing a delayed and inadequate response to the Accident by running out of water during the attempted rescue;

   c. Providing a delayed and inadequate response to the Accident by running out of fire-fighting foam during the attempted rescue;

   d. Providing a delayed response to the Accident such that the individuals onboard the Aircraft remained trapped inside for 2 hours and 11 minutes after the alarm sounded and before the Aircraft door was removed; and

   e. Failing to put out the fire and remove the occupants of the Aircraft as quickly and expeditiously as possible.

18.     To the extent that the USAF Defendants' breach of the duty to provide timely and adequate ARFF services to the Accident caused or contributed in any way to the death of Plaintiffs' decedent, the USAF Defendants are liable for breaching their duty that caused or contributed to the Accident.

## COUNT I
## CLAIM FOR CONTRIBUTION PURSUANT TO MASS. GEN. LAWS CH. 231B, §1

19.     SK Travel restates and realleges the allegations in Paragraphs 1 through 18, inclusive, of this Third-Party Complaint as if fully set forth herein.

20.     Plaintiffs allege that the death of the Plaintiffs' decedent was caused by, *inter alia*, the negligence of SK Travel. SK Travel denies that it was negligent, or that its alleged negligence was the proximate cause of the death of the Plaintiffs' decedent, and affirmatively alleges that the negligent acts or omissions, or other fault or culpable conduct of the USAF Defendants in providing the ARFF services in response to the Accident was the proximate cause of the death of Plaintiffs' decedent.

21.     Accordingly, the USAF Defendants are liable for the injuries, damages and losses alleged in Plaintiffs' Amended Complaint.

22.     Should SK Travel be found to be liable to Plaintiffs in the underlying action arising from the Accident, then, SK Travel is entitled to contribution from the USAF Defendants for any damages in excess of SK Travel's proportionate share of the common liability, if any. *See* Mass. Gen. Laws ch. 231B, § 1(b).

## COUNT II
## CLAIM FOR COMMON LAW INDEMNIFICATION

23.     SK Travel restates and realleges the allegations in Paragraphs 1 through 22, inclusive, of this Third-Party Complaint as if fully set forth herein.

24. Plaintiffs allege that the death of the Plaintiffs' decedent was caused by, *inter alia*, the negligence of SK Travel. SK Travel denies that it was negligent, or that its alleged negligence was the proximate cause of the death of the Plaintiffs' decedent, and affirmatively alleges that the negligent acts or omissions, or other fault or culpable conduct of the USAF Defendants in providing the ARFF services in response to the Accident was the proximate cause of the death of Plaintiffs' decedent.

25. Accordingly, the USAF Defendants are liable for the injuries, damages and losses alleged in Plaintiffs' Amended Complaint.

26. As such, SK Travel may be entitled to tort-based common law indemnification from the USAF Defendants for any judgment entered against SK Travel and for attorneys' fees, costs and other expenses incurred by SK Travel in defending itself in this action arising from the USAF Defendants' negligence.

## PRAYER FOR RELIEF

WHEREFORE, SK Travel, LLC demands judgment in its favor over and against the USAF Defendants for contribution and indemnity pursuant to the foregoing, and that the Court grant SK Travel an award of the costs and disbursements of the within action and for any other relief that the Court may deem just and proper.

Dated:  June 17, 2016

Respectfully submitted,

MANION GAYNOR & MANNING LLP

*[signature]*

Timothy J. Fazio, BBO # 654157
Shauna R. Twohig, BBO # 685590
125 High Street
Boston, Massachusetts 02110
Telephone: (617) 670-8547
Facsimile: (617) 670-8747

*Attorneys for Defendant*
SK TRAVEL, LLC

– and –

CONDON & FORSYTH LLP
Christopher R. Christensen
David J. Harrington
7 Times Square
New York, New York 10036
Telephone: (212) 894-6700
Facsimile:  (212) 370-4453

*Of Counsel*
*Pro Hac Vice Admission Pending*

**CERTIFICATE OF SERVICE**

I, Timothy J. Fazio, hereby certify that on June 17, 2016, I caused a true copy of the foregoing Third-Party Complaint to be served upon counsel of record by first-class mail.

*[signature]*

Timothy J. Fazio