**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

Drew Katz and Melissa Silver, individually and as the co-Personal Representatives of the Estate of LEWIS A. KATZ, deceased,

Plaintiffs,

v.

SK TRAVEL, LLC, *et al*,

Defendants.

SK TRAVEL, LLC, SPINIELLO COMPANIES, AND ARIZIN VENTURES, LLC,

Third-Party Plaintiffs,

v.

UNITED STATES OF AMERICA,

Third-Party Defendant.

CASE NO. 1:16-CV-11380-DJC

(Leave to file granted on May 5, 2017 — ECF No. 195)

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MASSACHUSETTS PORT AUTHORITY'S MOTION TO DISMISS**

Allen W. Burton (admitted *pro hac vice*)
aburton@omm.com
O'MELVENY & MYERS, LLP
7 Times Square
New York, NY 10036
(212) 326-2282

Lisa C. Goodheart (BBO No. 552755)
goodheart@srbc.com
Kate R. Cook (BBO No. 650698)
cook@srbc.com
SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.
101 Merrimac Street
Boston, MA 02114
(617) 227-3030

Massport[1] submits this supplemental memorandum in support of its motion to dismiss (ECF No. 171) to address *United States v. San Juan Bay Marina*, 239 F.3d 400, 404 (1st Cir. 2001).[2] According to Plaintiffs, if their Frangibility Claim—which alleges that Hanscom Field navigation aids (NAVAIDS) were improperly installed—is not dismissed as preempted, *San Juan Bay Marina* precludes a finding that the FAA—which owns, controls and installed the NAVAIDS at issue—is a necessary and indispensable party under Fed. R. Civ. P. 19. But contrary to Plaintiffs' assertion, *San Juan Bay Marina* does not hold that the FAA may only be deemed "necessary" if it affirmatively seeks to inject itself into this litigation. Instead, it only further demonstrates that the FAA is precisely the kind of necessary party that Rule 19 contemplates in view of the FAA's "legally protected interest" relating to the subject matter of this action. 239 F.3d at 406.

In *San Juan Bay Marina*, a marina that leased piers from the Commonwealth of Puerto Rico built structures adjacent to the piers without necessary permits. When the United States brought actions against the marina for "removal, restoration, and cease and desist orders," the marina sought a ruling that Puerto Rico was a necessary party in view of its role as lessor of the piers. *Id.* at 404. The First Circuit questioned whether the suit affected the leases because the structures at issue were built "on submerged lands outside the leased property." *Id.* at 406. In any event, the court noted that the lease assigned to the marina, not Puerto Rico, responsibility "for obtaining and complying with all applicable state and federal permits[.]" *Id.* at 405. Puerto

---

[1] This memorandum refers to (i) the Massachusetts Port Authority as "Massport"; (ii) the Federal Aviation Administration as the "FAA"; (ii) the February 16, 2017 Affidavit of Kate R. Cook, ECF No. 173, as "Cook Aff."; (iii) the FAA-approved Airport Certification Manual for Hanscom Field, Cook Aff., Ex. C, as "ACM."; (iv) Massport's Memorandum of Law in Support of Motion to Dismiss, ECF No. 172, as "Mot."; and (v) Massport's Memorandum of Law in Further Support of Motion to Dismiss, ECF No. 180, as "Rep." Unless otherwise specified, all emphasis is added, and all citations and quotations are omitted.

[2] Plaintiffs raised *San Juan Bay Marina* for the first time during the May 5, 2017 oral argument on Massport's motion to dismiss (ECF Nos. 172; 180).

Rico's only connection to the "subject matter of the action" was a "wholly contingent" potential "reversionary" interest in the leased piers next to the unpermitted structures—an interest that would arise, if at all, only upon the "termination of the lease." *Id.* Critically, as to the structures at issue, "if defendants opted to raze the structures on their own volition, the Commonwealth would have no legal recourse." *Id.* at 406. Accordingly, the First Circuit found Puerto Rico's interests too attenuated to qualify as "necessary" under Rule 19.

Here, in sharp contrast, it is undisputed that the FAA—not Massport—owns, maintains, installs, and repairs the NAVAIDS. *See* Cook Aff. Ex. C. Thus, the FAA's interest is not hypothetical, reversionary, or potential in nature; it is current, direct and exclusive. Indeed, the FAA-approved ACM specifically assigns to the FAA responsibility for the allegedly defective NAVAIDS. *Id*. Unlike the marina in *San Juan Bay Marina*, Massport has no authority, let alone responsibility, to alter the design and construction of the NAVAIDS. *See* 14 C.F.R. § 139.203(a), (b) (directing "responsibility assignments" with respect to NAVAIDS).

The *San Juan Bay Marina* court, *after* reaching the conclusion that Puerto Rico was not a necessary party in view of its "wholly contingent" interests, went on to note that Puerto Rico had not moved to intervene in the case. 239 F.3d at 406–07. But it does not follow that a motion to intervene is a prerequisite to a finding that a party "claims an interest relating to the subject of the action." Since *San Juan Bay Marina*, courts have continued to find that absent parties are necessary and indispensable even when they have not attempted to intervene or assert a "claim" in the litigation. *See, e.g.*, *Downing v. Globe Direct LLC*, 806 F. Supp. 2d 461, 464 (D. Mass. 2011) (holding a party was "both a 'necessary' and 'indispensable' party" though it made no effort to intervene), *aff'd*, 682 F.3d 18 (1st Cir. 2012); *Urquhart v. Wertheimer*, 646 F. Supp. 2d 210, 213 (D. Mass. 2009) (same).

Moreover, the *San Juan Bay Marina* court's statements about Puerto Rico's non-intervention resulted from the specific context in that case—*i.e.*, where Puerto Rico's interests were "wholly contingent." Here, given that the FAA exercises complete control over the NAVAIDS, it would not be reasonable to infer that the FAA has concluded that its interests are not at stake. Indeed, there may be good reasons why an absent party declines to voluntarily insert itself into a dispute, particularly as a defendant. *See, e.g.*, *Downing*, 806 F. Supp. 2d at 467 (sovereign immunity barred claim against absent party). And to the extent there is any doubt as to whether the FAA has asserted its "legally protected interest," after the May 31, 2014 crash "*the FAA* [not Massport] replaced the localizer antenna and MALSR light stations[.]" Cook Aff. Ex. F (NTSB Group Chairman's Survival Factors Report at 29).

Accordingly, nothing in *San Juan Bay Marina* changes the FAA's status as a necessary and indispensable party. As explained in Massport's opening and reply memoranda of law, to the extent that Plaintiffs' Frangibility Claim is not otherwise dismissed for failure to state a claim, the FAA must either be joined, if feasible, or the Frangibility Claim must be dismissed.

Respectfully Submitted,

MASSACHUSETTS PORT AUTHORITY

By Its Attorneys,

//s// Allen W. Burton
Allen W. Burton (*admitted pro hac vice*)
aburton@omm.com
O'MELVENY & MYERS, LLP
7 Times Square
New York, NY 10036
(212) 326-2282

Lisa C. Goodheart (BBO No. 552755 )
goodheart@srbc.com
Kate R. Cook (BBO No. 650698)
cook@srbc.com
SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114
(617) 227-3030

DATED: May 12, 2017

**Certificate of Service**

I, Allen W. Burton, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on May 12, 2017.

//s// Allen W. Burton ________________________
Allen W. Burton (*admitted pro hac vice*)