# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Drew Katz and Melissa Silver, individually and as the Co-Personal Representatives of the Estate of Lewis A. Katz, deceased<br><br>       Plaintiffs,<br><br>v.<br><br>SPINIELLO COMPANIES, a New Jersey Corporation; SK TRAVEL, a North Carolina Limited Liability Company; ARIZIN VENTURES LLC, a Delaware Limited Liability Company; CAROL MCDOWELL, in her capacity as Personal Representative of the Estate of James McDowell, deceased, a resident of Delaware; SHELLY DEVRIES, in her capacity as Personal Representative of the Estate of Bauke DeVries, deceased, a resident of New Jersey; GULFSTREAM AEROSPACE CORPORATION, a Georgia Corporation; GULFSTREAM AEROSPACE CORPORATION, a Delaware Corporation; GULFSTREAM AEROSPACE SERVICES CORPORATION, d/b/a Gulfstream Aerospace Corporation, a Delaware Corporation; ROCKWELL COLLINS, INC., an Iowa Corporation; HONEYWELL INTERNATIONAL, INC., a Delaware Corporation; and the MASSACHUSETTS PORT AUTHORITY, an independent public authority of the Commonwealth of Massachusetts<br><br>       Defendants,<br><br>SK TRAVEL, LLC; SPINIELLO COMPANIES; and ARIZIN VENTURES, LLC,<br><br>       Third-Party Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>       Third-Party Defendant, | No.: 16-cv-11380-DJC |

## DEFENDANT CAROL MCDOWELL'S AMENDED ANSWER TO CORRECTED SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND CROSSCLAIMS

### General Allegations

1.     Defendant Carol McDowell, as personal representative for the Estate of James McDowell ("McDowell") admits that Lewis A. Katz was killed on May 31, 2014 in a Gulfstream G-IV airplane, Serial Number N121JM ("the Subject Aircraft") that crashed at Laurence G. Hanscom Field in Bedford Massachusetts ("the Subject Accident").  As to the remaining allegations in paragraph 1, to the extent directed to McDowell, McDowell lacks knowledge of information sufficient to form a belief as to the truth of these allegations and so leaves Plaintiffs to their proof.

2.     McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 2 and so leaves Plaintiffs to their proof.

3.     The allegations in paragraph 3 concerning the applicability of Mass Gen. Laws ch. 229 §§ 2 and 6 call for legal conclusions for which no response is required.  To the extent a response to these allegations is required, and as to all other allegations in paragraph 3, including its subparagraphs (a) and (b), McDowell lacks knowledge of information sufficient to form a belief as to the truth of these allegations and so leaves Plaintiffs to their proof.

4.     The allegations in paragraph 4 concerning the applicability of Fla. Stat. § 768.21 call for legal conclusions for which no response is required.  To the extent a response to these allegations is required, and as to all other allegations in paragraph 4, including its subparagraphs (a) and (b), McDowell lacks knowledge of information sufficient to form a belief as to the truth of these allegations and so leaves Plaintiffs to their proof.

5.      The allegations in paragraph 5 concerning "any other applicable wrongful death statute" call for a legal conclusion for which no response is required.  To the extent a response to these allegations is required, and as to all other allegations in paragraph 5, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 5 and so leaves Plaintiffs to their proof.

### The Parties

6.      McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 6 and so leaves Plaintiffs to their proof.

7.      The allegations of paragraph 7 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 7 and so leaves Plaintiffs to their proof.

8.      The allegations of paragraph 8 are not directed to McDowell and therefore no response is required.  Further, to the extent the allegations of paragraph 8 concerning whether James McDowell was employed by Spiniello at the time of the Subject Accident call for a legal conclusion, no response is required.  To the extent a response is required, McDowell admits only that James McDowell's salary was paid to Mr. McDowell by Spiniello and that McDowell believes that James McDowell was in the course and scope of his employment with Spiniello at the time of the Subject Accident.  Notwithstanding the foregoing, McDowell may also have been an employee and/or co-employee of decedent Lewis A. Katz and / or other parties to this action at the time of the Subject Accident.  Except as expressly admitted, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 8 and so leaves Plaintiffs to their proof.

9.      The allegations of paragraph 9 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 9 and so leaves Plaintiffs to their proof.

10.     McDowell admits that she and her decedent, James McDowell, have at all material times been Delaware residents and that James McDowell was 1 of 2 pilots of the Subject Aircraft at the time of the accident.  The allegations of paragraph 10 concerning whether James McDowell was employed by Spiniello at the time of the Subject Accident call for a legal conclusion and therefore no response is required.  To the extent a response is required, McDowell also admits only that James McDowell's salary was paid to Mr. McDowell by Spiniello and that McDowell believes that James McDowell was in the course and scope of his employment with Spiniello at the time of the Subject Accident.  Notwithstanding the foregoing, McDowell may also have been an employee and / or co-employee of decedent Lewis A. Katz and / or other parties to this action at the time of the Subject Accident.  As to the remaining allegations in paragraph 10, McDowell lacks knowledge of information sufficient to form a belief as to the truth of these allegations and so leaves Plaintiffs to their proof.

11.     The allegations of paragraph 11 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell admits that Bauke Devries was 1 of 2 pilots of the Subject Aircraft at the time of the Subject Accident.  Except as expressly admitted, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 11 and so leaves Plaintiffs to their proof.

12.     The allegations of paragraph 12 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of

4

information sufficient to form a belief as to the truth of the allegations in paragraph 12 and so leaves Plaintiffs to their proof.

13.     The allegations of paragraph 13 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 13 and so leaves Plaintiffs to their proof.

14.     The allegations of paragraph 14 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 14 and so leaves Plaintiffs to their proof.

15.     The allegations of paragraph 15 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 15 and so leaves Plaintiffs to their proof.

16.     The allegations of paragraph 16 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 16 and so leaves Plaintiffs to their proof.

17.     The allegations of paragraph 17 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 17 and so leaves Plaintiffs to their proof.

18.     The allegations of paragraph 18 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 18 and so leaves Plaintiffs to their proof.

### Subject Matter Jurisdiction

19.     The allegations of paragraph 19 call for a legal conclusion for which no response is required.  To the extent a response is required, McDowell denies the allegations in paragraph 19.

### Personal Jurisdiction

20.     The allegations of paragraph 20 are not directed to McDowell and, further, call for a legal conclusion and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 20 and so leaves Plaintiffs to their proof.

21.     The allegations of paragraph 21 are not directed to McDowell and, further, call for a legal conclusion and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 21 and so leaves Plaintiffs to their proof.

22.     The allegations of paragraph 22 call for a legal conclusion for which no response is required.  To the extent a response is required, McDowell denies that her decedent, James McDowell, caused tortious injury by an act or omission in the Commonwealth of Massachusetts. As for the remaining allegations in paragraph 22, McDowell lacks knowledge of information

sufficient to form a belief as to the truth of these allegations and so leaves Plaintiffs to their proof.

23.     The allegations of paragraph 23 are not directed to McDowell and, further, call for a legal conclusion and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 23 and so leaves Plaintiffs to their proof.

24.     The allegations of paragraph 24 call for a legal conclusion for which no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 24 and so leaves Plaintiffs to their proof.

25.     The allegations of paragraph 25 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell admits that the Subject Aircraft crashed in Massachusetts.  Except as expressly admitted, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 and so leaves Plaintiffs to their proof.

26.     The allegations of paragraph 26 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell admits that Subject Aircraft crashed in Massachusetts.  Except as expressly admitted, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 and so leaves Plaintiffs to their proof.

27.     The allegations of paragraph 27 are not directed to McDowell and therefore no response is required.  Further, to the extent the allegations of paragraph 27 concerning whether James McDowell was employed by Spiniello at the time of the Subject Accident call for a legal

conclusion, no response is required.  To the extent a response is required, McDowell admits that

her decedent, James McDowell, flew the Subject Aircraft to Massachusetts during and in the

course and scope of his employment.  McDowell also admits only that James McDowell's salary

was paid to Mr. McDowell by Spiniello and that McDowell believes that James McDowell was

in the course and scope of his employment with Spiniello at the time of the Subject Accident.

Notwithstanding the foregoing, McDowell may also have been an employee and / or co-

employee of decedent Lewis A. Katz and / or other parties to this action at the time of the

Subject Accident.  McDowell denies that her decedent, James McDowell, engaged in tortious

conduct and caused injuries and death in Massachusetts.  Except as expressly admitted and

denied, McDowell lacks knowledge of information sufficient to form a belief as to the truth of

the remaining allegations in paragraph 27 and so leaves Plaintiffs to their proof.

28.     McDowell admits that her decedent, James McDowell, flew the Subject Aircraft

to Massachusetts.  McDowell denies that her decedent, James McDowell, engaged in tortious

conduct and caused injuries and death in Massachusetts.  Except as expressly admitted and

denied, McDowell lacks knowledge of information sufficient to form a belief as to the truth of

the remaining allegations in paragraph 28 and thus leaves Plaintiffs to their proof.

29.     The allegations of paragraph 29 are not directed to McDowell and, further, call

for a legal conclusion and therefore no response is required.  To the extent a response is required,

McDowell lacks knowledge of information sufficient to form a belief as to the truth of the

allegations in paragraph 29 and so leaves Plaintiffs to their proof.

30.     The allegations of paragraph 30 are not directed to McDowell and therefore no

response is required.  To the extent a response is required, McDowell lacks knowledge of

information sufficient to form a belief as to the truth of the allegations in paragraph 30 and so leaves Plaintiffs to their proof.

31.    The allegations of paragraph 31 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 31 and so leaves Plaintiffs to their proof.

32.    The allegations of paragraph 32 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 32 and so leaves Plaintiffs to their proof.

33.    The allegations of paragraph 33 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 33 and so leaves Plaintiffs to their proof.

34.    **THE CORRECTED SECOND AMENDED COMPLAINT OMITS PARAGRAPH 34.**

35.    The allegations of paragraph 35 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 35 and so leaves Plaintiffs to their proof.

36.    The allegations of paragraph 36 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of

information sufficient to form a belief as to the truth of the allegations in paragraph 36 and so leaves Plaintiffs to their proof.

37.     The allegations of paragraph 37 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 37 and so leaves Plaintiffs to their proof.

38.     The allegations of paragraph 38 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 38 and so leaves Plaintiffs to their proof.

39.     The allegations of paragraph 39 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 39 and so leaves Plaintiffs to their proof.

39.     The allegations of paragraph 39 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 39 and so leaves Plaintiffs to their proof.[1]

40.     The allegations of paragraph 40 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 40 and so leaves Plaintiffs to their proof.

---

[1] The Corrected Second Amended Complaint contains two paragraphs numbered "39."

41.     The allegations of paragraph 41 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 41 and so leaves Plaintiffs to their proof.

42.     The allegations of paragraph 42 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 42 and so leaves Plaintiffs to their proof.

43.     The allegations of paragraph 43 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 43 and so leaves Plaintiffs to their proof.

44.     The allegations of paragraph 44 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 44 and so leaves Plaintiffs to their proof.

45.     The allegations of paragraph 45 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 45 and so leaves Plaintiffs to their proof.

46.     The allegations of paragraph 46 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of

information sufficient to form a belief as to the truth of the allegations in paragraph 46 and so leaves Plaintiffs to their proof.

47.     The allegations of paragraph 47 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 47 and so leaves Plaintiffs to their proof.

48.     The allegations of paragraph 48 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 48 and so leaves Plaintiffs to their proof.

49.     The allegations of paragraph 49 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 49 and so leaves Plaintiffs to their proof.

50.     The allegations of paragraph 50 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 50 and so leaves Plaintiffs to their proof.

51.     The allegations of paragraph 51 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 51 and so leaves Plaintiffs to their proof.

52.     The allegations of paragraph 52 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 52 and so leaves Plaintiffs to their proof.

53.     The allegations of paragraph 53 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 53 and so leaves Plaintiffs to their proof.

54.     The allegations of paragraph 54 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 54 and so leaves Plaintiffs to their proof.

55.     The allegations of paragraph 55 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 55 and so leaves Plaintiffs to their proof.

## **Venue**

56.     The allegations of paragraph 56 are not directed to McDowell and, further, call for a legal conclusion and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 56 and so leaves Plaintiffs to their proof.

57.     The allegations of paragraph 57 are not directed to McDowell and, further, call for a legal conclusion and therefore no response is required.  To the extent a response is required,

McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 57 and so leaves Plaintiffs to their proof.

58.    McDowell admits that neither she nor her decedent, James McDowell, live or, at the time of his death, lived in the Commonwealth of Massachusetts.  The allegations of paragraph 58 concerning the applicability of Mass. Gen. Laws ch. 223 § 1, call for a legal conclusion for which no response is required.  To the extent a response is required, and as to all remaining allegations in paragraph 58, except as expressly admitted, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 58 and so leaves Plaintiffs to their proof.

### The Alleged Facts

### Introduction

59.    McDowell admits that on May 31, 2014, James McDowell and Bauke DeVries piloted the subject aircraft as it attempted to take off from the runway at Hanscom Field, that the take-off was unsuccessful, and that the Subject Aircraft crashed.  McDowell further admits that the Subject Aircraft caught fire and that all seven people on board died, including James McDowell, Bauke DeVries, and Lewis A. Katz.  Except as expressly admitted, McDowell lacks knowledge of information sufficient to form a belief as to the remaining allegations of paragraph 59 and so leaves Plaintiffs to their proof.

60.    McDowell admits that if the Aircraft's equipment and safety mechanisms had functioned properly, the Accident would not have occurred.  Except as expressly admitted and denied, McDowell denies the remaining allegations in paragraph 60.

61.    McDowell admits that if the Aircraft's equipment and safety mechanisms, including the Interlock Mechanism, had functioned properly, the Accident would not have

occurred.  Except as expressly admitted, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the remaining allegations of paragraph 61 and so leaves Plaintiffs to their proof.

62.     McDowell admits that if the Aircraft's equipment and safety mechanisms had functioned properly, the Accident would not have occurred.  Except as expressly admitted, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 62 and so leaves Plaintiffs to their proof.

**The Alleged Sequence of Events and the Pilots' Alleged Negligence**

63.     McDowell admits that on May 31, 2014, the Subject Aircraft flew from Newcastle Airport in Wilmington, Delaware to Hanscom Field.  Except as expressly admitted, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 63 and so leaves Plaintiffs to their proof.

64.     McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 64 and so leaves Plaintiffs to their proof.

65.     McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 65 and so leaves Plaintiffs to their proof.

66.     McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 66 and so leaves Plaintiffs to their proof.

67.     THE CORRECTED SECOND AMENDED COMPLAINT OMITS PARAGRAPH 67.

68.     McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 68 and so leaves Plaintiffs to their proof.

69.     McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 69 and so leaves Plaintiffs to their proof.

70.     McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 70 and so leaves Plaintiffs to their proof.

71.     McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 71 and so leaves Plaintiffs to their proof.

72.     McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 72 and so leaves Plaintiffs to their proof.

73.     McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 73 and so leaves Plaintiffs to their proof.

74.     McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 74 and so leaves Plaintiffs to their proof.

75.     McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 75 and so leaves Plaintiffs to their proof.

76.     McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 76, including footnote 1, and so leaves Plaintiffs to their proof.

77.     McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 77 and so leaves Plaintiffs to their proof.

78.     McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 78 and so leaves Plaintiffs to their proof.

79.     McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 79 and so leaves Plaintiffs to their proof.

80.     McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 80 and so leaves Plaintiffs to their proof.

81.     McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 81 and so leaves Plaintiffs to their proof.

82.     McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 82 and so leaves Plaintiffs to their proof.

83.     McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 83 and so leaves Plaintiffs to their proof.

84.     McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 84 and so leaves Plaintiffs to their proof.

85.     McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 85 and so leaves Plaintiffs to their proof.

86.     McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 86 and so leaves Plaintiffs to their proof.

87.     McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 87 and so leaves Plaintiffs to their proof.

88.     McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 88 and so leaves Plaintiffs to their proof.

89.     McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 89 and so leaves Plaintiffs to their proof.

90.     McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 90 and so leaves Plaintiffs to their proof.

91.     McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 91 and so leaves Plaintiffs to their proof.

92.     McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 92 and so leaves Plaintiffs to their proof.

93.     McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 93 and so leaves Plaintiffs to their proof.

94.     McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 94 and so leaves Plaintiffs to their proof.

95.     McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 95 and so leaves Plaintiffs to their proof.

96.     McDowell admits that a subsequent investigation found that the Pilots failed to perform complete flight control checks before 98% of their previous 175 takeoffs in the Subject Aircraft.  McDowell denies, however, any implication from this admission that this investigation was correct.

### The Alleged Owners and Operators of the Subject Aircraft

97.     McDowell admits that, at all times material to the Complaint, the Pilots were flying the Subject Aircraft during and in the course of their employment.  By way of further answer, McDowell also admits only that James McDowell's salary was paid to Mr. McDowell by Spiniello and that McDowell believes that James McDowell was in the course and scope of his employment with Spiniello at the time of the Subject Accident.  Notwithstanding the foregoing, and also by way of response to Plaintiffs' alternative allegations in paragraph 97, Mr. McDowell may also have been an employee and / or co-employee of decedent Lewis A. Katz and / or other parties to this action, including SK Travel and/or Arizin, at the time of the Subject

Accident.  Except as expressly admitted, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 97 and so leaves Plaintiffs to their proof.

98.     The allegations of paragraph 98 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 98 and so leaves Plaintiffs to their proof.

99.     The allegations of paragraph 99 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 99 and so leaves Plaintiffs to their proof.

100.    The allegations of paragraph 100 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 100 and so leaves Plaintiffs to their proof.

101.    The allegations of paragraph 101 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 101 and so leaves Plaintiffs to their proof.

**The Alleged Defective Products**

102.    The allegations of paragraph 102 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of

information sufficient to form a belief as to the truth of the allegations in paragraph 102 and so leaves Plaintiffs to their proof.

103.     The allegations of paragraph 103 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 103 and so leaves Plaintiffs to their proof.

104.     The allegations of paragraph 104 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 104 and so leaves Plaintiffs to their proof.

105.     The allegations of paragraph 105 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 105 and so leaves Plaintiffs to their proof.

106.     The allegations of paragraph 106 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 106 and so leaves Plaintiffs to their proof.

107.     The allegations of paragraph 107 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 107 and so leaves Plaintiffs to their proof.

**Gulfstream's Alleged Misrepresentations to the Federal Aviation Authority ("FAA")**

108.    The allegations of paragraph 108 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 108 and so leaves Plaintiffs to their proof.

109.    The allegations of paragraph 109 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 109 and so leaves Plaintiffs to their proof.

110.    The allegations of paragraph 110 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 110 and so leaves Plaintiffs to their proof.

111.    The allegations of paragraph 111 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 111 and so leaves Plaintiffs to their proof.

112.    The allegations of paragraph 112 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 112 and so leaves Plaintiffs to their proof.

113.    The allegations of paragraph 113 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of

information sufficient to form a belief as to the truth of the allegations in paragraph 113 and so leaves Plaintiffs to their proof.

114.     The allegations of paragraph 114 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 114 and so leaves Plaintiffs to their proof.

115.     The allegations of paragraph 115 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 115 and so leaves Plaintiffs to their proof.

116.     The allegations of paragraph 116 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 116 and so leaves Plaintiffs to their proof.

117.     The allegations of paragraph 117 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 117 and so leaves Plaintiffs to their proof.

118.     The allegations of paragraph 118 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 118 and so leaves Plaintiffs to their proof.

**Gulfstream's and Gulfstream Services' Maintenance, Inspections, and Repairs**

119.     The allegations of paragraph 119 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 119 and so leaves Plaintiffs to their proof.

120.     The allegations of paragraph 120 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 120 and so leaves Plaintiffs to their proof.

121.     The allegations of paragraph 121 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 121 and so leaves Plaintiffs to their proof.

**Massport's Alleged Negligence**

122.     The allegations of paragraph 122 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 122 and so leaves Plaintiffs to their proof.

123.     The allegations of paragraph 123 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 123 and so leaves Plaintiffs to their proof.

124.     The allegations of paragraph 124 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of

information sufficient to form a belief as to the truth of the allegations in paragraph 124 and so leaves Plaintiffs to their proof.

125.    The allegations of paragraph 125 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 125 and so leaves Plaintiffs to their proof.

126.    The allegations of paragraph 126 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 126 and so leaves Plaintiffs to their proof.

127.    The allegations of paragraph 127 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 127 and so leaves Plaintiffs to their proof.

128.    The allegations of paragraph 128 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 128 and so leaves Plaintiffs to their proof.

129.    The allegations of paragraph 129 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 129 and so leaves Plaintiffs to their proof.

130.     The allegations of paragraph 130 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 130 and so leaves Plaintiffs to their proof.

131.     The allegations of paragraph 131 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 131 and so leaves Plaintiffs to their proof.

132.     The allegations of paragraph 132 are not directed to McDowell and therefore no response is required.  To the extent a response is required, McDowell lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 132 and so leaves Plaintiffs to their proof.

**COUNT 1**
**CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE AND VICARIOUS LIABILITY, PURSUANT TO MASS GEN LAWS CH. 229 § 2 AND FLA. STAT. § 768.21 AGAINST SPINIELLO**

133-142.     The allegations of Count 1 are not directed to McDowell and thus no response is required.  To the extent a response is required, McDowell incorporates by reference, as if fully restated herein, her responses to paragraphs 1 through 132 as her response to paragraph 133.  As to paragraph 134, McDowell admits only that James McDowell's salary was paid to Mr. McDowell by Spiniello and that McDowell believes that James McDowell was in the course and scope of his employment with Spiniello at the time of the Subject Accident.  Notwithstanding the foregoing, McDowell may also have been an employee and / or co-employee of decedent Lewis A. Katz and / or other parties to this action at the time of the Subject Accident.  As to paragraphs

135 through 142, McDowell lacks knowledge of information sufficient to form a belief as to these allegations and so leaves Plaintiffs to their proof.

## COUNT 2
## CLAIM OF CONSCIOUS SUFFERING,
## PURSUANT TO MASS GEN LAWS CH. 229 § 6, AGAINST SPINIELLO

143-152.       The allegations of Count 2 are not directed to McDowell and thus no response is required.  To the extent a response is required, McDowell incorporates by reference, as if fully restated herein, her responses to paragraphs 1 through 132 as her response to paragraph 143.  As to paragraph 144, McDowell incorporates by reference her answer to paragraph 134 above as though fully set forth at length herein.  As to paragraphs 145 through 152, McDowell lacks knowledge of information *sufficient* to form a belief as to these allegations and so leaves Plaintiffs to their proof.

## COUNT 3
## CLAIM FOR PUNITIVE DAMAGES, PURSUANT TO
## MASS GEN LAWS CH. 229 § 2, AGAINST SPINIELLO

153-159.       The allegations of Count 3 are not directed to McDowell and thus no response is required.  To the extent a response is required, McDowell incorporates by reference, as if fully restated herein, her responses to paragraphs 1 through 132 as her response to paragraph 153.  As to paragraph 154 McDowell incorporates by reference her answer to paragraph 134 above as though fully set forth at length herein.  As to paragraphs 155 through 159, McDowell lacks knowledge of information sufficient to form a belief as to these allegations and so leaves Plaintiffs to their proof.

## COUNT 4
## CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE AND
## VICARIOUS LIABILITY, PURSUANT TO MASS GEN LAWS CH. 229 § 2 AND FLA.
## STAT. § 768.21 AGAINST SK TRAVEL

26

160-169.    The allegations of Count 4 are not directed to McDowell and thus no response is required.  To the extent a response is required, McDowell incorporates by reference, as if fully restated herein, her responses to paragraphs 1 through 132 as her response to paragraph 160.  As to paragraph 161, McDowell admits only that James McDowell's salary was paid to Mr. McDowell by Spiniello and that McDowell believes that James McDowell was in the course and scope of his employment with Spiniello at the time of the Subject Accident. Notwithstanding the foregoing, and also by way of response to Plaintiffs' alternative allegations in paragraph 161, Mr. McDowell may also have been an employee and / or co-employee of decedent Lewis A. Katz and / or other parties to this action, including SK Travel, at the time of the Subject Accident.  As to paragraph 162, McDowell admits that, if it is determined that Mr. McDowell was an employee of SK Travel, SK Travel is vicariously and legally liable for Mr. McDowell's alleged negligence conducted during, and within the scope, of his employment with SK Travel.  As to paragraphs 163 through 169, McDowell lacks knowledge of information sufficient to form a belief as to these allegations and so leaves Plaintiffs to their proof.

## COUNT 5
### CLAIM OF WRONGFUL DEATH PREDICATED ON COMMON LAW DANGEROUS INSTRUMENTALITY LIABILITY, PURSUANT TO MASS GEN LAWS CH. 229 § 2 AND FLA. STAT. § 768.21 AGAINST SK TRAVEL

170-176.    The allegations of Count 5 are not directed to McDowell and thus no response is required.  To the extent a response is required, McDowell incorporates by reference, as if fully restated herein, her responses to paragraphs 1 through 132 as her response to paragraph 170.  As to paragraphs 171 through 176, McDowell lacks knowledge of information sufficient to form a belief as to these allegations and so leaves Plaintiffs to their proof.

## COUNT 6
### CLAIM OF WRONGFUL DEATH PREDICATED ON VICARIOUS LIABILITY, PURSUANT TO MASS GEN LAWS CH. 229 § 2 AND FLA. STAT. § 768.21 AGAINST SK TRAVEL

177-183.    The allegations of Count 6 are not directed to McDowell and thus no response is required.  To the extent a response is required, McDowell incorporates by reference, as if fully restated herein, her responses to paragraphs 1 through 132 as her response to paragraph 177.  As to paragraphs 178 through 183, McDowell lacks knowledge of information sufficient to form a belief as to these allegations and so leaves Plaintiffs to their proof.

## COUNT 7
### CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE, PURSUANT TO MASS GEN LAWS CH. 229 § 2 AND FLA. STAT. § 768.21 AGAINST SK TRAVEL

184-191.    The allegations of Count 7 are not directed to McDowell and thus no response is required.  To the extent a response is required, McDowell incorporates by reference, as if fully restated herein, her responses to paragraphs 1 through 132 as her response to paragraph 184.  As to paragraphs 185 through 191, McDowell lacks knowledge of information sufficient to form a belief as to these allegations and so leaves Plaintiffs to their proof.

## COUNT 8
### CLAIM OF CONSCIOUS SUFFERING, PURSUANT TO MASS GEN LAWS CH. 229 § 6, AGAINST SK TRAVEL

192-201.    The allegations of Count 8 are not directed to McDowell and thus no response is required.  To the extent a response is required, McDowell incorporates by reference, as if fully restated herein, her responses to paragraphs 1 through 132 as her response to paragraph 192.  As to paragraphs 193 through 198, McDowell lacks knowledge of information sufficient to form a belief as to these allegations and so leaves Plaintiffs to their proof.  As to paragraph 199, McDowell admits only that James McDowell's salary was paid to Mr. McDowell by Spiniello and that McDowell believes that James McDowell was in the course and scope of

his employment with Spiniello at the time of the Subject Accident. Notwithstanding the foregoing, and also by way of response to Plaintiffs' alternative allegations in paragraph 199, Mr. McDowell may also have been an employee and / or co-employee of decedent Lewis A. Katz and / or other parties to this action, including SK Travel, at the time of the Subject Accident. McDowell admits that, if it is determined that Mr. McDowell was an employee of SK Travel, SK Travel is vicariously and legally liable for Mr. McDowell's alleged negligence conducted during, and within the scope, of his employment with SK Travel. Except as expressly admitted, and as to paragraphs 200 through 201, McDowell lacks knowledge of information sufficient to form a belief as to these allegations and so leaves Plaintiffs to their proof.

**COUNT 9**
**CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE AND**
**VICARIOUS LIABILITY PURSUANT TO MASS GEN LAWS CH. 229 § 2 AND FLA.**
**STAT. § 768.21 AGAINST ARIZIN**

202-211.      The allegations of Count 9 are not directed to McDowell and thus no response is required. To the extent a response is required, McDowell incorporates by reference, as if fully restated herein, her responses to paragraphs 1 through 132 as her response to paragraph 202. As to paragraph 203, McDowell admits only that James McDowell's salary was paid to Mr. McDowell by Spiniello and that McDowell believes that James McDowell was in the course and scope of his employment with Spiniello at the time of the Subject Accident. Notwithstanding the foregoing, and also by way of response to Plaintiffs' alternative allegations in paragraph 203, Mr. McDowell may also have been an employee and / or co-employee of decedent Lewis A. Katz and / or other parties to this action, including Arizin, at the time of the Subject Accident. As to paragraph 204, McDowell admits that, if it is determined that Mr. McDowell was an employee of Arizin, Arizin is vicariously and legally liable for Mr. McDowell's alleged negligence conducted during, and within the scope, of his employment with

Arizin.  As to paragraphs 205 through 211, McDowell lacks knowledge of information sufficient

to form a belief as to these allegations and so leaves Plaintiffs to their proof.

### COUNT 10
### CLAIM OF WRONGFUL DEATH PREDICATED ON COMMON LAW DANGEROUS INSTRUMENTALITY LIABILITY PURSUANT TO MASS GEN LAWS CH. 229 § 2 AGAINST ARIZIN

212-221.       The allegations of Count 10 are not directed to McDowell and thus no

response is required.  To the extent a response is required, McDowell incorporates by reference,

as if fully restated herein, her responses to paragraphs 1 through 132 as her response to

paragraph 212.  As to paragraphs 213 through 221, McDowell lacks knowledge of information

sufficient to form a belief as to these allegations and so leaves Plaintiffs to their proof.

### COUNT 11
### CLAIM OF WRONGFUL DEATH PREDICATED VICARIOUS LIABILITY PURSUANT TO MASS GEN LAWS CH. 229 § 2 AND FLA. STAT. § 768.21 AGAINST ARIZIN

222-228.       The allegations of Count 11 are not directed to McDowell and thus no

response is required.  To the extent a response is required, McDowell incorporates by reference,

as if fully restated herein, her responses to paragraphs 1 through 132 as her response to

paragraph 222.  As to paragraphs 223 through 228, McDowell lacks knowledge of information

sufficient to form a belief as to these allegations and so leaves Plaintiffs to their proof.

### COUNT 12
### CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE PURSUANT TO MASS GEN LAWS CH. 229 § 2 AND FLA. STAT § 768.21 AGAINST ARIZIN

229-239.       The allegations of Count 12 are not directed to McDowell and thus no

response is required.  To the extent a response is required, McDowell incorporates by reference,

as if fully restated herein, her responses to paragraphs 1 through 132 as her response to

paragraph 229.  As to paragraphs 230 through 239, McDowell lacks knowledge of information sufficient to form a belief as to these allegations and so leaves Plaintiffs to their proof.

## COUNT 13
## CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF NEGLIGENCE PURSUANT TO MASS GEN LAWS CH. 229 § 6  AGAINST ARIZIN

240-256.      The allegations of Count 13 are not directed to McDowell and thus no response is required.  To the extent a response is required, McDowell incorporates by reference, as if fully restated herein, her responses to paragraphs 1 through 132 as her response to paragraph 240.  As to paragraphs 241 through 251, McDowell lacks knowledge of information sufficient to form a belief as to these allegations and so leaves Plaintiffs to their proof.  As to paragraph 252, McDowell admits only that James McDowell's salary was paid to Mr. McDowell by Spiniello and that McDowell believes that James McDowell was in the course and scope of his employment with Spiniello at the time of the Subject Accident.  Notwithstanding the foregoing, and also by way of response to Plaintiffs' alternative allegations in paragraph 252, Mr. McDowell may also have been an employee and / or co-employee of decedent Lewis A. Katz and / or other parties to this action, including Arizin, at the time of the Subject Accident. McDowell admits that, if it is determined that Mr. McDowell was an employee of Arizin, Arizin is vicariously and legally liable for Mr. McDowell's alleged negligence conducted during, and within the scope, of his employment with Arizin.  Except as expressly admitted, and as to paragraphs 253 through 256, McDowell lacks knowledge of information sufficient to form a belief as to these allegations and so leaves Plaintiffs to their proof.


## COUNT 14
## CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE, PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. §768.21, AGAINST THE ESTATES OF JAMES MCDOWELL AND BAUKE DEVRIES

257.    McDowell incorporates by reference, as if fully restated herein, her responses to paragraphs 1 through 132 as her response to paragraph 257.

258.    McDowell admits that her decedent, James McDowell, and Bauke DeVries were the pilots of the Subject Aircraft at the time of the Subject Accident

259.    The allegations of paragraph 259 call for a legal conclusion for which no response is required.  To the extent a response is required, McDowell denies the allegations in paragraph 259.

260.    The allegations of paragraph 260, including each of its subparagraphs (a) through (r), call for a legal conclusion for which no response is required.  To the extent a response is required, McDowell denies the allegations in paragraph 260, including each of its subparagraphs (a) through (r).

261.    The allegations of paragraph 261 call for a legal conclusion for which no response is required.  To the extent a response is required, McDowell denies the allegations in paragraph 261.

262.    The allegations of paragraph 262 call for a legal conclusion for which no response is required.  To the extent a response is required, McDowell denies the allegations in paragraph 262.

263.    The allegations of paragraph 263 call for a legal conclusion for which no response is required.  To the extent a response is required, McDowell denies the allegations in paragraph 263.

264.    The allegations of paragraph 264, including its subparagraphs (a) through (h), call for a legal conclusion for which no response is required.  To the extent a response is required, McDowell denies the allegations in paragraph 264, including its subparagraphs (a) through (h).

## COUNT 15
## CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF NEGLIGENCE, PURSUANT TO MASS. GEN. LAWS CH. 229 § 6 AGAINST THE ESTATES OF JAMES MCDOWELL AND BAUKE DEVRIES

265.    McDowell incorporates by reference, as if fully restated herein, her responses to paragraphs 1 through 132 as her response to paragraph 265.

266.    McDowell admits that her decedent, James McDowell, and Bauke DeVries were the pilots of the Subject Aircraft at the time of the Subject Accident.

267.    The allegations of paragraph 267 call for a legal conclusion for which no response is required.  To the extent a response is required, McDowell denies the allegations in paragraph 267.

268.    The allegations of paragraph 268 call for a legal conclusion for which no response is required.  To the extent a response is required, McDowell denies the allegations in paragraph 268, including each of its subparagraphs (a) through (r), and so leaves Plaintiffs to their proof.

269.    The allegations of paragraph 269 call for a legal conclusion for which no response is required.  To the extent a response is required, McDowell denies the allegations in paragraph 269.

270.    The allegations of paragraph 270 call for a legal conclusion for which no response is required.  To the extent a response is required, McDowell denies the allegations in paragraph 270.

271.    The allegations of paragraph 271 call for a legal conclusion for which no response is required.  To the extent a response is required, McDowell denies the allegations in paragraph 271.

272.    The allegations of paragraph 272 call for a legal conclusion for which no response is required.  To the extent a response is required, McDowell denies the allegations in paragraph 272.

### COUNT 16
### CLAIM OF WRONGFUL DEATH PREDICATED ON THE BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY PURSUANT TO MASS GEN LAWS CH. 229 § 2 AND FLA. STAT. § 768.21 AGAINST GULFSTREAM

273-286.    The allegations of Count 16 are not directed to McDowell and thus no response is required.  To the extent a response is required, McDowell incorporates by reference, as if fully restated herein, her responses to paragraphs 1 through 132 as her response to paragraph 273.  As to paragraphs 274 through 286, McDowell lacks knowledge of information sufficient to form a belief as to these allegations and so leaves Plaintiffs to their proof.

### COUNT 17
### CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF THE BREACH OF THE WARRANTY OF MERCHANTABILITY PURSUANT TO MASS GEN LAWS CH. 229 § 6 AGAINST GULFSTREAM

287-301.    The allegations of Count 17 are not directed to McDowell and thus no response is required.  To the extent a response is required, McDowell incorporates by reference, as if fully restated herein, her responses to paragraphs 1 through 132 as her response to paragraph 287.  As to paragraphs 288 through 301, McDowell lacks knowledge of information sufficient to form a belief as to these allegations and so leaves Plaintiffs to their proof.

### COUNT 18
### CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE, PURSUANT TO MASS GEN LAWS CH. 229 § 2 AND FLA STAT. § 768.21, AGAINST GULFSTREAM

302-316.    The allegations of Count 18 are not directed to McDowell and thus no response is required.  To the extent a response is required, McDowell incorporates by reference, as if fully restated herein, her responses to paragraphs 1 through 132 as her response to

paragraph 302.  As to paragraphs 303 through 316, McDowell lacks knowledge of information sufficient to form a belief as to these allegations and so leaves Plaintiffs to their proof.

## COUNT 19
## CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF NEGLIGENCE, PURSUANT TO MASS GEN LAWS CH. 229 § 6, AGAINST GULFSTREAM

317-333.       The allegations of Count 19 are not directed to McDowell and thus no response is required.  To the extent a response is required, McDowell incorporates by reference, as if fully restated herein, her responses to paragraphs 1 through 132 as her response to paragraph 317.  As to paragraphs 318 through 333, McDowell lacks knowledge of information sufficient to form a belief as to these allegations and so leaves Plaintiffs to their proof.

## COUNT 20
## CLAIM FOR PUNITIVE DAMAGES, PURSUANT TO MASS GEN LAWS CH. 229 § 2, AGAINST GULFSTREAM

334-339.       The allegations of Count 20 are not directed to McDowell and thus no response is required.  To the extent a response is required, McDowell incorporates by reference, as if fully restated herein, her responses to paragraphs 1 through 132 as her response to paragraph 334.  As to paragraphs 335 through 339, McDowell lacks knowledge of information sufficient to form a belief as to these allegations and so leaves Plaintiffs to their proof.

## COUNT 21
## CLAIM OF UNFAIR AND DECEPTIVE TRADE PRACTICES, PURSUANT TO MASS GEN LAWS CH. 93A § 2, AGAINST GULFSTREAM

340-358.       The allegations of Count 21 are not directed to McDowell and thus no response is required.  To the extent a response is required, McDowell incorporates by reference, as if fully restated herein, her responses to paragraphs 1 through 132 as her response to paragraph 340.  As to paragraphs 341 through 358, McDowell lacks knowledge of information sufficient to form a belief as to these allegations and so leaves Plaintiffs to their proof.

## COUNT 22
### CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE, PURSUANT TO MASS GEN LAWS CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST GULFSTREAM AND GULFSTREAM SERVICES

359-369.    The allegations of Count 22 are not directed to McDowell and thus no response is required.  To the extent a response is required, McDowell incorporates by reference, as if fully restated herein, her responses to paragraphs 1 through 132 as her response to paragraph 359.  As to paragraphs 360 through 369, McDowell lacks knowledge of information sufficient to form a belief as to these allegations and so leaves Plaintiffs to their proof.

## COUNT 23
### CLAIM OF WRONGFUL DEATH PREDICATED ON BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY, PURSUANT TO MASS GEN LAWS CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST ROCKWELL COLLINS

370-378.    The allegations of Count 23 are not directed to McDowell and thus no response is required.  To the extent a response is required, McDowell incorporates by reference, as if fully restated herein, her responses to paragraphs 1 through 132 as her response to paragraph 370.  As to paragraphs 371 through 378, McDowell lacks knowledge of information sufficient to form a belief as to these allegations and so leaves Plaintiffs to their proof.

## COUNT 24
### CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF THE BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY, PURSUANT TO MASS GEN LAWS CH. 229 § 6, AGAINST ROCKWELL COLLINS

379-388.    The allegations of Count 24 are not directed to McDowell and thus no response is required.  To the extent a response is required, McDowell incorporates by reference, as if fully restated herein, her responses to paragraphs 1 through 132 as her response to paragraph 379.  As to paragraphs 380 through 388, McDowell lacks knowledge of information sufficient to form a belief as to these allegations and so leaves Plaintiffs to their proof.

## COUNT 25
## CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE, PURSUANT TO MASS GEN LAWS CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST ROCKWELL COLLINS

389-400.     The allegations of Count 25 are not directed to McDowell and thus no response is required.  To the extent a response is required, McDowell incorporates by reference, as if fully restated herein, her responses to paragraphs 1 through 132 as her response to paragraph 389.  As to paragraphs 390 through 400, McDowell lacks knowledge of information sufficient to form a belief as to these allegations and so leaves Plaintiffs to their proof.

## COUNT 26
## CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF NEGLIGENCE, PURSUANT TO MASS GEN LAWS CH. 229 § 6, AGAINST ROCKWELL COLLINS

401-413.     The allegations of Count 26 are not directed to McDowell and thus no response is required.  To the extent a response is required, McDowell incorporates by reference, as if fully restated herein, her responses to paragraphs 1 through 132 as her response to paragraph 401.  As to paragraphs 402 through 413, McDowell lacks knowledge of information sufficient to form a belief as to these allegations and so leaves Plaintiffs to their proof.

## COUNT 27
## CLAIM OF UNFAIR AND DECEPTIVE TRADE PRACTICES, PURSUANT TO MASS GEN LAWS CH. 93A § 2, AGAINST ROCKWELL COLLINS[2]

414-429.     The allegations of Count 27 are not directed to McDowell and thus no response is required.  To the extent a response is required, McDowell incorporates by reference, as if fully restated herein, her responses to paragraphs 1 through 132 as her response to paragraph 414.  As to paragraphs 415 through 429, McDowell lacks knowledge of information sufficient to form a belief as to these allegations and so leaves Plaintiffs to their proof.

---

[2] The heading of Count 24 references "Gulfstream," however the allegations in Count 24 are directed to Rockwell Collins.  McDowell assumes that the reference to Gulfstream in the heading was a typographical error.

## COUNT 28
## CLAIM OF WRONGFUL DEATH PREDICATED ON BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY, PURSUANT TO MASS GEN LAWS CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST HONEYWELL

430-438.       The allegations of Count 28 are not directed to McDowell and thus no response is required.  To the extent a response is required, McDowell incorporates by reference, as if fully restated herein, her responses to paragraphs 1 through 132 as her response to paragraph 430.  As to paragraphs 431 through 438, McDowell lacks knowledge of information sufficient to form a belief as to these allegations and so leaves Plaintiffs to their proof.

## COUNT 29
## CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF THE BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY, PURSUANT TO MASS GEN LAWS CH. 229 § 6, AGAINST HONEYWELL

439-448.       The allegations of Count 29 are not directed to McDowell and thus no response is required.  To the extent a response is required, McDowell incorporates by reference, as if fully restated herein, her responses to paragraphs 1 through 132 as her response to paragraph 439.  As to paragraphs 440 through 448, McDowell lacks knowledge of information sufficient to form a belief as to these allegations and so leaves Plaintiffs to their proof.

## COUNT 30
## CLAIM OF WRONGFUL DEATH PREDICATED NEGLIGENCE, PURSUANT TO MASS GEN LAWS CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST HONEYWELL

449-460.       The allegations of Count 30 are not directed to McDowell and thus no response is required.  To the extent a response is required, McDowell incorporates by reference, as if fully restated herein, her responses to paragraphs 1 through 132 as her response to paragraph 449.  As to paragraphs 450 through 460, McDowell lacks knowledge of information sufficient to form a belief as to these allegations and so leaves Plaintiffs to their proof.

## COUNT 31
## CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF NEGLIGENCE, PURSUANT TO MASS GEN LAWS CH. 229 § 6, AGAINST HONEYWELL

461-473.    The allegations of Count 31 are not directed to McDowell and thus no response is required.  To the extent a response is required, McDowell incorporates by reference, as if fully restated herein, her responses to paragraphs 1 through 132 as her response to paragraph 461.  As to paragraphs 462 through 473, McDowell lacks knowledge of information sufficient to form a belief as to these allegations and so leaves Plaintiffs to their proof.

## COUNT 32
## CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE, PURSUANT TO MASS GEN LAWS CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST MASSPORT

474-488.    The allegations of Count 32 are not directed to McDowell and thus no response is required.  To the extent a response is required, McDowell incorporates by reference, as if fully restated herein, her responses to paragraphs 1 through 132 as her response to paragraph 474.  As to paragraphs 475 through 488, McDowell lacks knowledge of information sufficient to form a belief as to these allegations and so leaves Plaintiffs to their proof.

## COUNT 33
## CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF NEGLIGENCE, PURSUANT TO MASS GEN LAWS CH. 229 § 6, AGAINST MASSPORT

489-504.    The allegations of Count 33 are not directed to McDowell and thus no response is required.  To the extent a response is required, McDowell incorporates by reference, as if fully restated herein, her responses to paragraphs 1 through 132 as her response to paragraph 489.  As to paragraphs 490 through 504, McDowell lacks knowledge of information sufficient to form a belief as to these allegations and so leaves Plaintiffs to their proof.

## AFFIRMATIVE DEFENSES

McDowell alleges the following defenses to the Amended Complaint.  By alleging the defenses set forth below, McDowell does not allege or admit that McDowell had the burden of proof and/or the burden of persuasion with respect to any of these matters.  Further, McDowell reserves the right to amend this Answer to assert additional defenses, counterclaims, and other claims and defenses based upon the discovery and investigation of this matter.  McDowell alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

505.    On information and belief, Lewis A. Katz and James McDowell were co-employees and therefore workers compensation provides Plaintiffs' exclusive remedy.  Counts 14 and 15 of Plaintiffs' Amended Complaint are therefore barred.

### SECOND AFFIRMATIVE DEFENSE

506.    Upon information and belief, Plaintiffs' alleged injuries were proximately caused, in whole or in part, by the negligence of other parties over whom neither McDowell nor her decedent, James McDowell, exercised any control.  The negligence of these other parties bars or comparatively reduces McDowell's liability, if any.

### THIRD AFFIRMATIVE DEFENSE

507.    Plaintiffs' claims may be barred because Plaintiffs' injuries, if any, were actually or proximately caused, in whole or in part, by the intervening or superseding conduct of Plaintiff, other parties, independent third parties, or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from McDowell's conduct or control.

### FOURTH AFFIRMATIVE DEFENSE

508.     Any recovery by Plaintiffs must be reduced or offset by amounts Plaintiffs have received or will receive from other individuals and/or entities for the same injuries and damages claimed in this lawsuit.

### FIFTH AFFIRMATIVE DEFENSE

509.     Plaintiff's allegations in Counts 14 and / or 15 fail to state a cognizable claim upon which relief may be granted.

### SIXTH AFFIRMATIVE DEFENSE

510.     Plaintiffs lack capacity and / or standing to maintain this action.

### SEVENTH AFFIRMATIVE DEFENSE

511.     Plaintiffs decedent failed to exercise due care on his own behalf and / or voluntarily elected to subject himself to a known risk.

### EIGHTH AFFIRMATIVE DEFENSE

512.     Plaintiffs' claims against McDowell are barred on the grounds of public policy and the doctrine of *in pari delicti* because the Accident was caused by Plaintiffs' own misconduct.

### NINTH AFFIRMATIVE DEFENSE

513.     Plaintiffs' causes of action against McDowell are or may be barred by the doctrine of unclean hands, because the Accident was cause, in whole or in part, by the Plaintiffs' decedent's own conduct.

### TENTH AFFIRMATIVE DEFENSE

514.     McDowell complied with all applicable federal laws and regulations and Plaintiffs' claims are preempted in whole or in part by applicable federal law, including but not limited to, federal regulations and the Federal Aviation Act, 49 U.S.C. §§40101-49112.

### ELEVENTH AFFIRMATIVE DEFENSE

515.    The action is barred by the applicable statute of limitations, limitations set forth in the applicable wrongful death statute and / or by reason of a statute of repose.

### TWELFTH AFFIRMATIVE DEFENSE

516.    Plaintiffs have failed to join one or more indispensable parties necessary for the proper adjudication of this action.

### THIRTEENTH AFFIRMATIVE DEFENSE

517.    The Plaintiffs failed to mitigate their alleged damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

518.    Plaintiffs' claims against McDowell have been released and / or discharged and / or are barred under the doctrines of waiver and / or estoppel.

### FIFTEENTH AFFIRMATIVE DEFENSE

519.    Plaintiffs' claims against McDowell are barred and / or Plaintiffs' available remedies, if any, are limited by contract or contractual remedies limitations.

### SIXTEENTH AFFIRMATIVE DEFENSE

520.    Plaintiffs and certain other parties were engaged in a joint enterprise such that any negligence of those parties is imputed to Lewis A. Katz.

### SEVENTEENTH AFFIRMATIVE DEFENSE

521.    Plaintiffs claims against McDowell are barred or limited based on the existence of prior settlement agreements and the payment of settlement funds, including under Mass. Gen. Laws Ann. Ch. 231B, § 4.

## EIGHTEENTH AFFIRMATIVE DEFENSE

522.    If McDowell is found liable, which liability is specifically denied, McDowell is entitled to indemnity, contribution, and/or setoff from those persons or entities whose fault caused or contributed to the damages for which recovery is sought and McDowell is further entitled to liability protection to the full extent permitted under applicable law.

## NINETEENTH AFFIRMATIVE DEFENSE

523.    Plaintiffs' claims are untimely pursuant to 12 Del. C. § 2102, Mass. Gen. Laws ch. 190B, § 3-803, and / or other applicable non-claim statutes and are, therefore, barred.

## MCDOWELL'S CROSSCLAIMS AGAINST
## THIRD PARTY DEFENDANT

524.    McDowell's Crossclaims against Third-Party Defendant United States of America ("United States") arise from an accident involving the subject aircraft at Laurence G. Hanscom Field Airport in Bedford, Massachusetts ("the Subject Accident") on May 31, 2014 ("Accident"), which resulted in the death of plaintiffs' decedent, Lewis A. Katz ("Decedent").

525.    Plaintiffs, Drew Katz and Melissa Silver, on their own behalf and in their capacity as the Co-Personal Representatives of the Estate of Lewis A. Katz, commenced the underlying wrongful death and survival action against several defendants, including McDowell, to recover damages for the death of Lewis A. Katz. See Corrected Second Amended Complaint.

526.    Plaintiffs seek to hold McDowell liable for the Accident and the resulting death of plaintiffs' Decedent. *See id.* ¶¶ 257-272.

527.    At the time of the Accident, the Massachusetts Port Authority contracted with the United States Air Force to provide aircraft rescue and firefighting ("ARFF") services at the Subject Accident as required by federal aviation regulations, 14 C.F.R. Part 139.

528.    At the time of the Accident, the United States was responsible for the ARFF response to the subject Accident and had a duty to ensure that the ARFF response was carried out to the degree of care owed to the owner and the operator of the Aircraft and the individuals onboard the Aircraft and in accordance with 14 C.F.R. Part 139.

529.    The United States breached this duty of care in the following ways:

a.    Waiting more than 3 minutes after the Accident to begin fighting the fire with an extinguishing agent;

b.    Providing a delayed and inadequate response to the Accident by running out of water during the attempted rescue;

c.    Providing a delayed and inadequate response to the Accident by running out of fire-fighting foam during the attempted rescue;

d.    Providing a delayed response to the Accident such that the individuals onboard the Aircraft remained trapped inside for 2 hours and 11 minutes after the alarm sounded and before the Aircraft door was removed;

e.    Failing to put out the fire and remove the occupants of the Aircraft as quickly and expeditiously as possible; and

f.    In otherwise being negligent.

530.    To the extent that the United States' breach of its duty caused or contributed in any way to the death of Plaintiffs' Decedent, the United States is liable for breaching its duty that caused or contributed to the Accident.

**MCDOWELL'S CROSSCLAIMS FOR CONTRIBUTION AGAINST THE UNITED STATES PURSUANT TO THE LAW FOUND APPLICABLE THERETO INCLUDING MASS. GEN. LAWS CH.231B, § 1.**

531.     McDowell restates and re-alleges the allegations in Paragraphs 524 through 530, inclusive, as if fully set forth herein.

532.     Should Plaintiffs be found to have suffered damages as alleged in their Amended Complaint, due to any negligence or other culpable conduct other than their own, and if any judgment is recovered herein by Plaintiffs against McDowell, concerning which any such negligence or culpable conduct on the part of McDowell is denied, then McDowell will be damaged thereby.

533.     Therefore, McDowell demands judgment for contribution from United States, and that the respective degrees of negligence and culpability of United States be ascertained, determined and adjudicated, and that McDowell have judgment over United States for all or part of any verdict or judgment obtained by Plaintiffs against McDowell.

534.     McDowell is entitled to contribution from the United States for any damages in excess of any proportionate or pro-rata share on the part of McDowell of the common liability, concerning which McDowell denies, if any, in accordance with the law found applicable thereto, including, but not limited to, Mass. Gen. Laws ch. 231B, § 1(b).

### MCDOWELL'S CROSSCLAIMS FOR COMMON LAW INDEMNIFICATION AGAINST THE UNITED STATES PURSUANT TO THE LAW FOUND APPLICABLE THERETO

535.     McDowell restates and alleges the allegations in Paragraphs 524 through 530, inclusive as if fully set forth herein.

536.     Should Plaintiffs be found to have suffered damages as alleged in their Amended Complaint, said damages were caused, in whole or in part, by the intentional conduct, carelessness, negligence, act and/or omissions of the United States and not by any carelessness, negligence, intentional acts or omissions by McDowell.

537.    Therefore, if, and in the event Plaintiffs recover any sum or judgment against McDowell, then McDowell is entitled to indemnification by operation of the common law found applicable thereto from the United States, for the full amount of any such sum or judgment.

538.    As such, McDowell may be entitled to tort-based common law indemnification from the United States for any judgment entered against McDowell and for attorney's fees, costs, and other expenses incurred by McDowell in defending itself in this action arising from the United States' negligence or culpable conduct.

WHEREFORE, McDowell demands judgment in its favor over and against the United States for contribution and common law indemnity pursuant to the foregoing, and that the Court grant McDowell any other relief that it deems just and proper.

**DEFENDANT**
**CAROL MCDOWELL, in her capacity as**
**Personal Representative of the Estate of**
**James McDowell**

*/s/ Kevin M. Smith*
Kevin M. Smith (*admitted phv*)
Erik H. Beard (*admitted phv*)
Joseph Merschman (BBO652527)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
New Haven, Connecticut  06510
Phone: (203) 498-4400
Fax: (203) 782-2889
Email: ksmith@wiggin.com
Email: ebeard@wiggin.com
Email: jmerschman@wiggin.com

## CERTIFICATE OF SERVICE

I hereby certify that, on August 21, 2017, a copy of the foregoing Amended Answer, Affirmative Defenses, and Crossclaims was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may also access this filing through the Court's CM/ECF System.

/s/ Kevin M. Smith

Kevin M. Smith (*admitted phv*)

25286\1\3737671.v3