# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Drew Katz and Melissa Silver, individually
and as the co-Personal Representatives of the
Estate of LEWIS A. KATZ, deceased,

                            Plaintiffs,

v.                                                              Civil Action No. 1:16-cv-11380 (DJC)

SPINIELLO COMPANIES, a New Jersey
Corporation; SK TRAVEL, LLC, a North
Carolina Limited Liability Company; ARIZIN
VENTURES LLC, a Delaware Limited
Liability Company; CAROL MCDOWELL, in
her capacity as Personal Representative of the
ESTATE OF JAMES MCDOWELL,
deceased, a resident of Delaware; SHELLY
DEVRIES, in her capacity as Personal
Representative of the ESTATE OF BAUKE
DEVRIES, deceased, a resident of New Jersey;
GULFSTREAM AEROSPACE
CORPORATION, a Georgia Corporation;                              August 21, 2017
GULFSTREAM AEROSPACE
CORPORATION, a Delaware Corporation;
GULFSTREAM AEROSPACE SERVICES
CORPORATION, d/b/a Gulfstream Aerospace
Corporation, a Delaware Corporation;
ROCKWELL COLLINS, INC., an Iowa
Corporation; HONEYWELL
INTERNATIONAL, INC., a Delaware
Corporation; and the MASSACHUSETTS
PORT AUTHORITY, an independent public
authority of the Commonwealth of
Massachusetts,

                            Defendants.

SK TRAVEL, LLC, et al.,

                            Third-Party Plaintiffs,

v.

United States of America,

                            Third-Party Defendant.

**ANSWER OF DEFENDANT SPINIELLO COMPANIES**
**TO PLAINTIFFS' CORRECTED SECOND AMENDED COMPLAINT**

Defendant SPINIELLO COMPANIES ("SPINIELLO"), by and through its attorneys SA Law, P.C. and Kaplan, Massamillo & Andrews, LLC, hereby answers Plaintiffs' Corrected Second Amended Complaint and Demand for Trial By Jury ("Complaint") as follows:

## General Allegations

1.      SPINIELLO denies it is a New Jersey Corporation, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Complaint.

2.      SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

3.      Paragraph 3 of the Complaint alleges conclusions of law to which no response is required, and SPINIELLO refers all questions of law to the Court for determination. To the extent the allegations are directed to SPINIELLO, SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint alleges conclusions of law to which no response is required, and SPINIELLO refers all questions of law to the Court for determination. To the extent the allegations are directed to SPINIELLO, SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint alleges conclusions of law to which no response is required, and SPINIELLO refers all questions of law to the Court for determination. To the extent the allegations are directed to SPINIELLO, SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint.

## The Parties

6.      SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint.

7.      SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint.

8.      SPINIELLO denies the allegations in Paragraph 8 of the Complaint with respect to its corporate name, its State of incorporation, and admits it has a place of business in New Jersey. SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint.

9.      SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

10.      SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

11.      SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint.

12.      SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint.

13.      SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

14.      SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint.

15.      SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint.

16.      SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.

17.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.

18.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

### Subject Matter Jurisdiction

19.     Paragraph 19 of the Complaint alleges conclusions of law to which no response is required, and SPINIELLO refers all questions of law to the Court for determination. To the extent the allegations are directed to SPINIELLO, SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

### Personal Jurisdiction

20.     Paragraph 20 of the Complaint alleges conclusions of law to which no response is required, and SPINIELLO refers all questions of law to the Court for determination. To the extent the allegations are directed to SPINIELLO, SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

21.     Paragraph 21 of the Complaint alleges conclusions of law to which no response is required, and SPINIELLO refers all questions of law to the Court for determination. To the extent the allegations are directed to SPINIELLO, SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

22.     SPINIELLO denies the Court may exercise personal jurisdiction over SPINIELLO and denies SPINIELLO "acted –directly or by an agent" to cause –tortious injury by an act or omission in this commonwealth". To the extent the allegations are directed to SPINIELLO, SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23.     Paragraph 23 of the Complaint alleges conclusions of law to which no response is required, and SPINIELLO refers all questions of law to the Court for determination. To the

extent the allegations are directed to SPINIELLO, SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint.

24.     SPINIELLO denies the Court may exercise personal jurisdiction over SPINIELLO and denies personal jurisdiction over SPINIELLO comports with the Due Process Clause of the U.S. Constitution. Paragraph 24 of the Complaint alleges conclusions of law to which no response is required, and SPINIELLO refers all questions of law to the Court for determination. To the extent the allegations are directed to SPINIELLO, SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint.

25.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint.

26.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint.

27.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint.

28.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint.

29.     Paragraph 29 of the Complaint alleges conclusions of law to which no response is required, and SPINIELLO refers all questions of law to the Court for determination. To the extent the allegations are directed to SPINIELLO, SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint.

30.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint.

31.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint.

32.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint.

33.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint.

34.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint.

35.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint.

36.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint.

37.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint.

38.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint.

39.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint.

39a (*sic*).     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39a of the Complaint.

40.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint.

41.     Paragraph 41 of the Complaint alleges conclusions of law to which no response is required, and SPINIELLO refers all questions of law to the Court for determination. To the extent the allegations are directed to SPINIELLO, SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint.

42.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint.

43.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint.

44.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint.

45.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint.

46.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint.

47.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint.

48.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint.

49.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint.

50.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint.

51.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint.

52.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Amended Complaint.

53.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint.

54.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint.

55.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint.

## Venue

56.     Paragraph 56 of the Complaint alleges conclusions of law to which no response is required, and SPINIELLO refers all questions of law to the Court for determination. To the extent the allegations are directed to SPINIELLO, SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint.

57.     Paragraph 57 of the Complaint alleges conclusions of law to which no response is required, and SPINIELLO refers all questions of law to the Court for determination. To the extent the allegations are directed to SPINIELLO, SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint.

58.     Paragraph 58 of the Complaint alleges conclusions of law to which no response is required, and SPINIELLO refers all questions of law to the Court for determination. To the extent the allegations are directed to SPINIELLO, SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint.

## The Facts

### Introduction

59.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint.

60.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint.

61.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint.

62.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint.

**The Sequence of Events and the Pilots' Negligence**

63.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint.

64.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint.

65.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint.

66.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint.

67.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint.

68.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint.

69.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint.

70.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint.

71.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint.

72.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint.

73.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint.

74.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint.

75.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint.

76.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint.

77.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint.

78.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint.

79.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint.

80.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint.

81.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint.

82.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint.

83.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Complaint.

84.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint.

85.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint.

86.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the Complaint.

87.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Complaint.

88.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint.

89.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of the Complaint.

90.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 of the Complaint.

91.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 of the Complaint.

92.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 of the Complaint.

93.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 of the Complaint.

94.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 of the Complaint.

95.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 of the Complaint.

96.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 of the Complaint.

### The Owners and Operators of the Subject Aircraft

97.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 of the Complaint.

98.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 of the Complaint.

99.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the Complaint.

100.    SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 of the Complaint.

101.    SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the Complaint.

**The Defective Products**

102.    SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the Complaint.

103.    SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of the Complaint.

104.    SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 of the Complaint.

105.    SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 of the Complaint.

106.    SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 of the Complaint.

107.    SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the Complaint.

**GULFSTREAM's Misrepresentations to the Federal Aviation Authority ("FAA")**

108.    SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 of the Complaint.

109.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 of the Complaint.

110.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 of the Complaint.

111.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 of the Complaint.

112.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 of the Complaint.

113.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 of the Complaint.

114.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Complaint.

115.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 of the Complaint.

116.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 of the Complaint.

117.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 of the Complaint.

118.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 of the Complaint.

### GULFSTREAM's and GULFSTREAM SERVICES'
### Maintenance, Inspections, and Repairs

119.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 of the Complaint.

120.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 of the Complaint.

121.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 of the Complaint.

## MASSPORT's Negligence

122.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 of the Complaint.

123.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 of the Complaint.

124.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 of the Complaint.

125.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 of the Complaint.

126.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 of the Complaint.

127.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 of the Complaint.

128.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 of the Complaint.

129.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 of the Complaint.

130.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 of the Complaint.

131.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 of the Complaint.

132.     SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 of the Complaint.

## COUNT 1
## CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE AND VICARIOUS LIABILITY, PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST SPINIELLO

133.     SPINIELLO incorporates and re-alleges its responses to Paragraphs 1 through 132 of the Complaint as if fully set forth herein.

134.      SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 of the Complaint.

135.     Paragraph 135 of the Complaint alleges conclusions of law to which no response is required, and SPINIELLO refers all questions of law to the Court for determination. SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 135 of the Complaint.

136.     Paragraph 136 of the Complaint alleges conclusions of law to which no response is required, and SPINIELLO refers all questions of law to the Court for determination. SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 136 of the Complaint.

137.     Paragraph 137 of the Complaint alleges conclusions of law to which no response is required, and SPINIELLO refers all questions of law to the Court for determination. SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 137 of the Complaint.

138.      Paragraph 138 of the Complaint alleges conclusions of law to which no response is required, and SPINIELLO refers all questions of law to the Court for determination. SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 138 of the Complaint.

139.    Paragraph 139 of the Complaint alleges conclusions of law to which no response is required, and SPINIELLO refers all questions of law to the Court for determination. SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 139 of the Complaint.

140.    Paragraph 140 of the Complaint alleges conclusions of law to which no response is required, and SPINIELLO refers all questions of law to the Court for determination. SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 140 of the Complaint.

141.    Paragraph 141 of the Complaint alleges conclusions of law to which no response is required, and SPINIELLO refers all questions of law to the Court for determination. SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 141 of the Complaint.

142.    Paragraph 142 of the Complaint alleges conclusions of law to which no response is required, and SPINIELLO refers all questions of law to the Court for determination. SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 142 of the Complaint.

**COUNT 2**
**CLAIM OF CONSCIOUS SUFFERING,**
**PURSUANT TO MASS. GEN. LAWS CH. 229, § 6,**
**AGAINST SPINIELLO**

143.    SPINIELLO incorporates and re-alleges its responses to Paragraphs 1 through 132 of the Complaint as if fully set forth herein.

144.    SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 of the Complaint.

145.    Paragraph 145 of the Complaint alleges conclusions of law to which no response is required, and SPINIELLO refers all questions of law to the Court for determination.

SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 145 of the Complaint.

146.    Paragraph 146 of the Complaint alleges conclusions of law to which no response is required, and SPINIELLO refers all questions of law to the Court for determination. SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 146 of the Complaint.

147.    Paragraph 147 of the Complaint alleges conclusions of law to which no response is required, and SPINIELLO refers all questions of law to the Court for determination. SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 147 of the Complaint.

148.    Paragraph 148 of the Complaint alleges conclusions of law to which no response is required, and SPINIELLO refers all questions of law to the Court for determination. SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 148 of the Complaint.

149.    Paragraph 149 of the Complaint alleges conclusions of law to which no response is required, and SPINIELLO refers all questions of law to the Court for determination. SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 149 of the Complaint.

150.    Paragraph 150 of the Complaint alleges conclusions of law to which no response is required, and SPINIELLO refers all questions of law to the Court for determination. SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 150 of the Complaint.

151.    Paragraph 151 of the Complaint alleges conclusions of law to which no response is required, and SPINIELLO refers all questions of law to the Court for determination.

SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 151 of the Complaint.

152.    Paragraph 152 of the Complaint alleges conclusions of law to which no response is required, and SPINIELLO refers all questions of law to the Court for determination. SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 152 of the Complaint.

<u>**COUNT 3**</u>
<u>**CLAIM FOR PUNITIVE DAMAGES, PURSUANT TO MASS. GEN. LAWS CH. 229 § 2, AGAINST SPINIELLO**</u>

153.    SPINIELLO incorporates and re-alleges its responses to Paragraphs 1 through 132 of the Complaint as if fully set forth herein.

154.    SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154 of the Complaint.

155.    Paragraph 155 of the Complaint alleges conclusions of law to which no response is required, and SPINIELLO refers all questions of law to the Court for determination. SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 155 of the Complaint.

156.    Paragraph 156 of the Complaint alleges conclusions of law to which no response is required, and SPINIELLO refers all questions of law to the Court for determination. SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 156 of the Complaint.

157.    Paragraph 157 of the Complaint alleges conclusions of law to which no response is required, and SPINIELLO refers all questions of law to the Court for determination. SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 157 of the Complaint.

158.    Paragraph 158 of the Complaint alleges conclusions of law to which no response is required, and SPINIELLO refers all questions of law to the Court for determination. SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 158 of the Complaint.

159.    Paragraph 159 of the Complaint alleges conclusions of law to which no response is required, and SPINIELLO refers all questions of law to the Court for determination. SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 159 of the Complaint.

**COUNT 4**
**CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE AND VICARIOUS LIABILITY, PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST SK TRAVEL**

160.    SPINIELLO incorporates and re-alleges its responses to Paragraphs 1 through 132 of the Complaint as if fully set forth herein.

161. - 169.    SPINIELLO does not respond to the allegations contained in Paragraphs 161 through 169 of the Complaint because these allegations are not directed at SPINIELLO. To the extent these allegations are directed to SPINIELLO, SPINIELLO refers all allegations of conclusions of law to the Court for determination, and SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 161 through 169 of the Complaint.

**COUNT 5**
**CLAIM OF WRONGFUL DEATH PREDICATED ON COMMON LAW DANGEROUS INSTRUMENTALITY LIABILITY, PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST SK TRAVEL**

170.    SPINIELLO incorporates and re-alleges its responses to Paragraphs 1 through 132 of the Complaint as if fully set forth herein.

171. ó 176.    SPINIELLO does not respond to the allegations contained in Paragraphs 171 through 176 of the Complaint because these allegations are not directed at SPINIELLO. To the extent these allegations are directed to SPINIELLO, SPINIELLO refers all allegations of conclusions of law to the Court for determination, and SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 171 through 176 of the Complaint.

### COUNT 6
### CLAIM OF WRONGFUL DEATH PREDICATED ON VICARIOUS LIABILITY PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST SK TRAVEL

177.    SPINIELLO incorporates and re-alleges its responses to Paragraphs 1 through 132 of the Complaint as if fully set forth herein.

178. ó 183.    SPINIELLO does not respond to the allegations contained in Paragraphs 1781 through 183 of the Complaint because these allegations are not directed at SPINIELLO. To the extent these allegations are directed to SPINIELLO, SPINIELLO refers all allegations of conclusions of law to the Court for determination, and SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 178 through 183 of the Complaint.

### COUNT 7
### CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE, PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST SK TRAVEL

184.    SPINIELLO incorporates and re-alleges its responses to Paragraphs 1 through 132 of the Complaint as if fully set forth herein.

185. ó 191.    SPINIELLO does not respond to the allegations contained in Paragraphs 184 through 191 of the Complaint because these allegations are not directed at SPINIELLO. To the extent these allegations are directed to SPINIELLO, SPINIELLO refers all allegations of conclusions of law to the Court for determination, and SPINIELLO denies knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 184 through 191 of the Complaint.

## COUNT 8
## CLAIM OF CONSCIOUS SUFFERING,
## PURSUANT TO MASS. GEN. LAWS CH. 229, § 6,
## AGAINST SK TRAVEL

192.     SPINIELLO incorporates and re-alleges its responses to Paragraphs 1 through 132 of the Complaint as if fully set forth herein.

193. ó 201.     SPINIELLO does not respond to the allegations contained in Paragraphs 199 through 201 of the Complaint because these allegations are not directed at SPINIELLO. To the extent these allegations are directed to SPINIELLO, SPINIELLO refers all allegations of conclusions of law to the Court for determination, and SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 199 through 201 of the Complaint.

## COUNT 9
## CLAIM OF WRONGFUL DEATH PREDICATED ON VICARIOUS LIABILITY
## PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21,
## AGAINST ARIZIN

202.     SPINIELLO incorporates and re-alleges its responses to Paragraphs 1 through 132 of the Complaint as if fully set forth herein.

203. ó 211.     SPINIELLO does not respond to the allegations contained in Paragraphs 203 through 211 of the Complaint because these allegations are not directed at SPINIELLO. To the extent these allegations are directed to SPINIELLO, SPINIELLO refers all allegations of conclusions of law to the Court for determination, and SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 203 through 211 of the Complaint.

## COUNT 10
## CLAIM OF WRONGFUL DEATH PREDICATED ON COMMON LAW
## DANGEROUS INSTRUMENTALITY LIABILITY,

**PURSUANT TO MASS. GEN. LAWS CH. 229 § 2,**
**AGAINST ARIZIN**

212.     SPINIELLO incorporates and re-alleges its responses to Paragraphs 1 through 132 of the Complaint as if fully set forth herein.

213. ó 221.     SPINIELLO does not respond to the allegations contained in Paragraphs 213 through 221 of the Complaint because these allegations are not directed at SPINIELLO. To the extent these allegations are directed to SPINIELLO, SPINIELLO refers all allegations of conclusions of law to the Court for determination, and SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 213 through 221 of the Complaint.

**COUNT 11**
**CLAIM OF WRONGFUL DEATH PREDICATED ON VICARIOUS LIABILITY PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST ARIZIN**

222.     SPINIELLO herewith incorporates and re-alleges its responses to Paragraphs 1 through 132 of the Complaint as if fully set forth herein.

223. ó 228.     SPINIELLO does not respond to the allegations contained in Paragraphs 223 through 228 of the Complaint because these allegations are not directed at SPINIELLO. To the extent these allegations are directed to SPINIELLO, SPINIELLO refers all allegations of conclusions of law to the Court for determination, and SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 223 through 228 of the Complaint.

**COUNT 12**
**CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE, PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST ARIZIN**

229.     SPINIELLO herewith incorporates and re-alleges its responses to Paragraphs 1 through 132 of the Complaint as if fully set forth herein.

230. ó 239.    SPINIELLO does not respond to the allegations contained in Paragraphs 230 through 239 of the Complaint because these allegations are not directed at SPINIELLO. To the extent these allegations are directed to SPINIELLO, SPINIELLO refers all allegations of conclusions of law to the Court for determination, and SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 230 through 239 of the Complaint.

## COUNT 13
## CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF NEGLIGENCE, PURSUANT TO MASS. GEN. LAWS CH. 229, § 6, AGAINST ARIZIN

240.    SPINIELLO herewith incorporates and re-alleges its responses to Paragraphs 1 through 132 of the Complaint as if fully set forth herein.

241. ó 256.    SPINIELLO does not respond to the allegations contained in Paragraphs 241 through 256 of the Complaint because these allegations are not directed at SPINIELLO. To the extent these allegations are directed to SPINIELLO, SPINIELLO refers all allegations of conclusions of law to the Court for determination, and SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 241 through 256 of the Complaint.

## COUNT 14
## CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE, PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST THE ESTATES OF JAMES MCDOWELL AND BAUKE DEVRIES

257.    SPINIELLO herewith incorporates and re-alleges its responses to Paragraphs 1 through 132 of the Complaint as if fully set forth herein.

258. ó 264.    SPINIELLO does not respond to the allegations contained in Paragraphs 258 through 264 of the Complaint because these allegations are not directed at SPINIELLO. To the extent these allegations are directed to SPINIELLO, SPINIELLO refers all allegations of conclusions of law to the Court for determination, and SPINIELLO denies knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 258 through 264 of the Complaint.

**COUNT 15**
**CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF NEGLIGENCE,**
**PURSUANT TO MASS. GEN. LAWS CH. 229 § 6, AGAINST**
**THE ESTATES OF JAMES MCDOWELL AND BAUKE DEVRIES**

265.     SPINIELLO herewith incorporates and re-alleges its responses to Paragraphs 1 through 132 of the Complaint as if fully set forth herein.

266. ó 272.     SPINIELLO does not respond to the allegations contained in Paragraphs 266 through 272 of the Complaint because these allegations are not directed at SPINIELLO. To the extent these allegations are directed to SPINIELLO, SPINIELLO refers all allegations of conclusions of law to the Court for determination, and SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 266 through 272 of the Complaint.

**COUNT 16**
**CLAIM OF WRONGFUL DEATH PREDICATED ON THE BREACH OF THE**
**IMPLIED WARRANTY OF MERCHANTABILITY,**
**PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21,**
**AGAINST GULFSTREAM**

273.     SPINIELLO herewith incorporates and re-alleges its responses to Paragraphs 1 through 132 of the Complaint as if fully set forth herein.

274. ó 286.     SPINIELLO does not respond to the allegations contained in Paragraphs 274 through 286 of the Complaint because these allegations are not directed at SPINIELLO. To the extent these allegations are directed to SPINIELLO, SPINIELLO refers all allegations of conclusions of law to the Court for determination, and SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 274 through 286 of the Complaint.

**COUNT 17**
**CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF THE BREACH OF THE**

**WARRANTY OF MERCHANTABILITY,**
**PURSUANT TO MASS. GEN. LAWS CH. 229 § 6,**
**AGAINST GULFSTREAM**

287.     SPINIELLO herewith incorporates and re-alleges its responses to Paragraphs 1 through 132 of the Complaint as if fully set forth herein.

288. ó 301.     SPINIELLO does not respond to the allegations contained in Paragraphs 288 through 301 of the Complaint because these allegations are not directed at SPINIELLO. To the extent these allegations are directed to SPINIELLO, SPINIELLO refers all allegations of conclusions of law to the Court for determination, and SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 288 through 301 of the Complaint.

**COUNT 18**
**CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE, PURSUANT TO**
**MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21,**
**AGAINST GULFSTREAM**

302.     SPINIELLO herewith incorporates and re-alleges its responses to Paragraphs 1 through 132 of the Complaint as if fully set forth herein.

303. ó 316.     SPINIELLO does not respond to the allegations contained in Paragraphs 303 through 316 of the Complaint because these allegations are not directed at SPINIELLO. To the extent these allegations are directed to SPINIELLO, SPINIELLO refers all allegations of conclusions of law to the Court for determination, and SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 303 through 316 of the Complaint.

**COUNT 19**
**CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF NEGLIGENCE,**
**PURSUANT TO MASS. GEN. LAWS CH. 229 § 6,**
**AGAINST GULFSTREAM**

317.     SPINIELLO herewith incorporates and re-alleges its responses to Paragraphs 1 through 132 of the Complaint as if fully set forth herein.

318. ó 333.     SPINIELLO does not respond to the allegations contained in Paragraphs 318 through 333 of the Complaint because these allegations are not directed at SPINIELLO. To the extent these allegations are directed to SPINIELLO, SPINIELLO refers all allegations of conclusions of law to the Court for determination, and SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 318 through 333 of the Complaint.

**COUNT 20**
**CLAIM FOR PUNITIVE DAMAGES,**
**PURSUANT TO MASS. GEN. LAWS CH. 229 § 2,**
**AGAINST GULFSTREAM**

334.     SPINIELLO herewith incorporates and re-alleges its responses to Paragraphs 1 through 132 of the Complaint as if fully set forth herein.

335. ó 339.     SPINIELLO does not respond to the allegations contained in Paragraphs 335 through 339 of the Complaint because these allegations are not directed at SPINIELLO. To the extent these allegations are directed to SPINIELLO, SPINIELLO refers all allegations of conclusions of law to the Court for determination, and SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 335 through 339 of the Complaint.

**COUNT 21**
**CLAIM OF UNFAIR AND DECEPTIVE TRADE PRACTICES**
**PURSUANT TO MASS. GEN. LAWS CH. 93A § 2,**
**AGAINST GULFSTREAM**

340.     SPINIELLO herewith incorporates and re-alleges its responses to Paragraphs 1 through 132 of the Complaint as if fully set forth herein.

341. ó 358.     SPINIELLO does not respond to the allegations contained in Paragraphs 341 through 358 of the Complaint because these allegations are not directed at SPINIELLO. To the extent these allegations are directed to SPINIELLO, SPINIELLO refers all allegations of

conclusions of law to the Court for determination, and SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 341 through 358 of the Complaint.

## COUNT 22
## CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE, PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST GULFSTREAM AND GULFSTREAM SERVICES

359.    SPINIELLO herewith incorporates and re-alleges its responses to Paragraphs 1 through 132 of the Complaint as if fully set forth herein.

360. ó 369.    SPINIELLO does not respond to the allegations contained in Paragraphs 360 through 369 of the Complaint because these allegations are not directed at SPINIELLO. To the extent these allegations are directed to SPINIELLO, SPINIELLO refers all allegations of conclusions of law to the Court for determination, and SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 360 through 369 of the Complaint.

## COUNT 23
## CLAIM OF WRONGFUL DEATH PREDICATED ON BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY, PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST ROCKWELL COLLINS

370.    SPINIELLO herewith incorporates and re-alleges its responses to Paragraphs 1 through 132 of the Complaint as if fully set forth herein.

371. ó 378.    SPINIELLO does not respond to the allegations contained in Paragraphs 371 through 378 of the Complaint because these allegations are not directed at SPINIELLO. To the extent these allegations are directed to SPINIELLO, SPINIELLO refers all allegations of conclusions of law to the Court for determination, and SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 371 through 378 of the Complaint.

**COUNT 24**
**CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF THE BREACH OF THE**
**IMPLIED WARRANTY OF MERCHANTABILITY,**
**PURSUANT TO MASS. GEN. LAWS CH. 229 § 6,**
**AGAINST ROCKWELL COLLINS**

379.    SPINIELLO herewith incorporates and re-alleges its responses to Paragraphs 1 through 132 of the Complaint as if fully set forth herein.

380. ó 388.    SPINIELLO does not respond to the allegations contained in Paragraphs 380 through 388 of the Complaint because these allegations are not directed at SPINIELLO. To the extent these allegations are directed to SPINIELLO, SPINIELLO refers all allegations of conclusions of law to the Court for determination, and SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 380 through 388 of the Complaint.

**COUNT 25**
**CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE, PURSUANT TO**
**MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21,**
**AGAINST ROCKWELL COLLINS**

389.    SPINIELLO herewith incorporates and re-alleges its responses to Paragraphs 1 through 132 of the Complaint as if fully set forth herein.

390. ó 400.    SPINIELLO does not respond to the allegations contained in Paragraphs 390 through 400 of the Complaint because these allegations are not directed at SPINIELLO. To the extent these allegations are directed to SPINIELLO, SPINIELLO refers all allegations of conclusions of law to the Court for determination, and SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 390 through 400 of the Complaint.

**COUNT 26**
**CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF NEGLIGENCE, PURSUANT**
**TO MASS. GEN. LAWS CH. 229, § 6,**
**AGAINST ROCKWELL COLLINS**

401.    SPINIELLO herewith incorporates and re-alleges its responses to Paragraphs 1 through 132 of the Complaint as if fully set forth herein.

402. ó 413.    SPINIELLO does not respond to the allegations contained in Paragraphs 402 through 413 of the Complaint because these allegations are not directed at SPINIELLO. To the extent these allegations are directed to SPINIELLO, SPINIELLO refers all allegations of conclusions of law to the Court for determination, and SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 402 through 413 of the Complaint.

## COUNT 27
## CLAIM OF UNFAIR AND DECEPTIVE TRADE PRACTICES, PURSUANT TO MASS. GEN. LAWS CH. 93A § 2, AGAINST [ROCKWELL COLLINS]

414.    SPINIELLO herewith incorporates and re-alleges its responses to Paragraphs 1 through 132 of the Complaint as if fully set forth herein.

415. ó 429.    SPINIELLO does not respond to the allegations contained in Paragraphs 415 through 429 of the Complaint because these allegations are not directed at SPINIELLO. To the extent these allegations are directed to SPINIELLO, SPINIELLO refers all allegations of conclusions of law to the Court for determination, and SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 415 through 429 of the Complaint.

## COUNT 28
## CLAIM OF WRONGFUL DEATH PREDICATED ON THE BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY, PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST HONEYWELL

430.    SPINIELLO herewith incorporates and re-alleges its responses to Paragraphs 1 through 132 of the Complaint as if fully set forth herein.

431. ó 438.    SPINIELLO does not respond to the allegations contained in Paragraphs 431 through 438 of the Complaint because these allegations are not directed at SPINIELLO. To the extent these allegations are directed to SPINIELLO, SPINIELLO refers all allegations of conclusions of law to the Court for determination, and SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 431 through 438 of the Complaint.

**COUNT 29**
**CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF THE BREACH OF IMPLIED**
**WARRANTY OF MERCHANTABILITY,**
**PURSUANT TO MASS. GEN. LAWS CH. 229 § 6,**
**AGAINST HONEYWELL**

439.    SPINIELLO herewith incorporates and re-alleges its responses to Paragraphs 1 through 132 of the Complaint as if fully set forth herein.

440. ó 448.    SPINIELLO does not respond to the allegations contained in Paragraphs 440 through 448 of the Complaint because these allegations are not directed at SPINIELLO. To the extent these allegations are directed to SPINIELLO, SPINIELLO refers all allegations of conclusions of law to the Court for determination, and SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 440 through 448 of the Complaint.

**COUNT 30**
**CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE, PURSUANT TO**
**MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21,**
**AGAINST HONEYWELL**

449.    SPINIELLO herewith incorporates and re-alleges its responses to Paragraphs 1 through 132 of the Complaint as if fully set forth herein.

450. ó 460.    SPINIELLO does not respond to the allegations contained in Paragraphs 450 through 460 of the Complaint because these allegations are not directed at SPINIELLO. To the extent these allegations are directed to SPINIELLO, SPINIELLO refers all allegations of

conclusions of law to the Court for determination, and SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 450 through 460 of the Complaint.

## COUNT 31
## CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF NEGLIGENCE, PURSUANT TO MASS. GEN. LAWS CH. 229, § 6, AGAINST HONEYWELL

461.    SPINIELLO herewith incorporates and re-alleges its responses to Paragraphs 1 through 132 of the Complaint as if fully set forth herein.

462. ó 473.    SPINIELLO does not respond to the allegations contained in Paragraphs 462 through 473 of the Complaint because these allegations are not directed at SPINIELLO. To the extent these allegations are directed to SPINIELLO, SPINIELLO refers all allegations of conclusions of law to the Court for determination, and SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 462 through 473 of the Complaint.

## COUNT 32
## CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE, PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST MASSPORT

474.    SPINIELLO herewith incorporates and re-alleges its responses to Paragraphs 1 through 1323 of the Complaint as if fully set forth herein.

475. ó 488.    SPINIELLO does not respond to the allegations contained in Paragraphs 475 through 488 of the Complaint because these allegations are not directed at SPINIELLO. To the extent these allegations are directed to SPINIELLO, SPINIELLO refers all allegations of conclusions of law to the Court for determination, and SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 475 through 488 of the Complaint.

## COUNT 33

**CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF NEGLIGENCE, PURSUANT TO MASS. GEN. LAWS CH. 229, § 6, AGAINST MASSPORT**

489.    SPINIELLO herewith incorporates and re-alleges its responses to Paragraphs 1 through 132 of the Complaint as if fully set forth herein.

490. ó 504.    SPINIELLO does not respond to the allegations contained in Paragraphs 490 through 504 of the Complaint because these allegations are not directed at SPINIELLO. To the extent these allegations are directed to SPINIELLO, SPINIELLO refers all allegations of conclusions of law to the Court for determination, and SPINIELLO denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 490 through 504 of the Complaint.

## DEFENDANT SPINIELLO COMPANIES' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffsø causes of action against SPINIELLO should be dismissed because the Court lacks personal jurisdiction over SPINIELLO.

### SECOND AFFIRMATIVE DEFENSE

 Plaintiffs have no right under the applicable wrongful death or survival acts to bring the claims asserted in Plaintiffsø Complaint, and Plaintiffsø causes of action against SPINIELLO are barred in whole or in part because Plaintiffs lack the capacity or standing to commence or maintain their action.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffsø Complaint and each claim for relief alleged therein fail to state a claim against SPINIELLO upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffsø claims are barred, in whole or in part, by the applicable statutes of limitations or statutes of repose, or by state or federal law.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join necessary and indispensable parties.


## SIXTH AFFIRMATIVE DEFENSE

Plaintiffsø claims are be barred, in whole or in part, and/or preempted by federal law.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffsø claims are barred, in whole or in part, by *res judicata*, collateral estoppel,

release, and/or by the equitable doctrines of laches, waiver, unclean hands and/or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

SPINIELLO specifically denies any and all allegations in Plaintiffsø Complaint of fault,

duty, breach of duty, negligence, act, omission, gross negligence, wanton or reckless conduct,

causation in fact, legal, direct, proximate or contributing causation, vicarious liability, and

damages by or attributable to SPINIELLO, and demands strict proof thereof.

## NINTH AFFIRMATIVE DEFENSE

Any and all injuries or damages allegedly incurred by Plaintiffs were the result of

conditions, events, persons or entities over which SPINIELLO had no control and for which

SPINIELLO had and has no legal responsibility.

## TENTH AFFIRMATIVE DEFENSE

At the time of the Subject Accident SPINIELLO did not have any legal right to control,

did not exercise any right of control or supervision over, and had no legal responsibility for, any

person who may have proximately caused the Subject Accident and Plaintiffsø alleged injuries

and damages therefrom.

## ELEVENTH AFFIRMATIVE DEFENSE

At the time of the Subject Accident SPINIELLO was not the owner, or in possession or control,

or in control of the operation, of the Subject Aircraft, and therefore, SPINIELLO is not liable or

legally responsible for any alleged negligent operation of the Subject Aircraft under the applicable law.

**TWELFTH AFFIRMATIVE DEFENSE**

SPINIELLO was not in actual possession or control of the operation of the Subject Aircraft at the time of the Subject Accident, and therefore, pursuant to 49 U.S.C. § 44112, SPINIELLO is not liable or legally responsible for the Subject Accident or Plaintiffsø alleged injuries and damages therefrom.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The Subject Aircraft and its component parts were owned, leased, and/or operated by a knowledgeable and sophisticated user(s) over whom SPINIELLO had no supervision or control, and Plaintiffsø claims are barred by the sophisticated user doctrine.

**FOURTEENTH AFFIRMATIVE DEFENSE**

PlaintiffsøComplaint and each claim for relief therein are barred because Plaintiffsø decedent knew, or in the exercise of ordinary care should have known, of the risks and hazards involved in the undertaking in which he was engaged, but nevertheless knowing of said risks and hazards, did freely and voluntarily consent to assume said risks and hazards incident to said undertaking at the time and place mentioned in PlaintiffsøComplaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Any and all injuries or damages allegedly incurred by Plaintiffs were the result of an unavoidable accident.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The sole proximate cause of Plaintiffsø alleged injuries and damages was the acts or omissions of others for whose conduct SPINIELLO was and is not liable or legally responsible.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

In the event it may be determined that at the time of the Subject Accident SPINIELLO may have had any employment relationship with either one of the Pilots with respect to the Plaintiffs' decedent's personal use of the Subject Aircraft, which is denied, then any such relationship was for administrative purposes only, the Pilots were not engaged in any business of or business purpose for SPINIELLO at the time of the Subject Accident or with respect to the Subject Aircraft, SPINIELLO was not even aware of nor authorized, participated in, condoned or ratified any alleged act or omission by the Pilots with respect to the Subject Accident or the Subject Aircraft, and/or at the time of the Subject Accident the Pilots were the borrowed or loaned servants to and under the direct control and supervision of Plaintiff's decedent or of an entity over which SPINIELLO had no interest, ownership or control.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any and all injuries or damages allegedly incurred by Plaintiffs were caused in whole or in part by and through the acts or omissions of a person or persons for whose conduct SPINIELLO was and is not responsible and over which SPINIELLO had no control; as such, any damages ultimately deemed recoverable by Plaintiffs against SPINIELLO should be barred or reduced accordingly.

## NINETEENTH AFFIRMATIVE DEFENSE

Without admitting any fault or legal liability on the part of SPINIELLO, other persons, entities or parties which may as yet be known or unknown, or which may be discovered, were contributorily negligent, comparatively at fault, or otherwise legally responsible in whole or in part for any and all injuries and damages allegedly incurred by Plaintiffs; and therefore, any and all recovery against SPINIELLO must be extinguished or diminished by an amount proportional to Plaintiffs' decedent's, and/or such other person's or persons' and party's or parties' degree(s) of negligence, fault, or other legal responsibility, as required by the law(s) of indemnity, contribution, apportionment and/or other applicable law.

## TWENTIETH AFFIRMATIVE DEFENSE

Any and all injuries or damages allegedly incurred by Plaintiffs were the result of a new and independent cause(s) not reasonably foreseeable by SPINIELLO that became the direct and proximate intervening and superseding cause(s) of the Subject Accident for which SPINIELLO is and cannot be held liable or legally responsible.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent that Plaintiffs may have sustained any alleged injuries or damages, Plaintiffs have failed to mitigate those damages as required by applicable law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent permitted by the applicable law, SPINIELLO is entitled to claim offsets from any settlements, verdicts, collateral sources and/or any other monies received by or paid for or to the benefit of Plaintiffs in this or any other litigation and/or claims arising out of the Subject Accident at issue in this lawsuit.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' alleged injuries and damages may be barred by virtue of prior or future settlements with respect to Plaintiffs, Plaintiffs' decedent or Plaintiffs' decedent's estate.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred because Plaintiffs have been or will be fully satisfied and/or compensated for their injuries or damages, if any.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages violate SPINIELLO's Due Process and Equal Protection rights, and such damages constitute an impermissible fine under the United States Constitution or other applicable law.

WHEREFORE, SPINIELLO COMPANIES demands judgment dismissing Plaintiffsø Complaint and Demand for Trial By Jury, with prejudice, in its entirety or, alternatively, judgment limiting any liability on the part of SPINIELLO, pursuant to the foregoing, and that this Court grant SPINIELLO an award of its costs, disbursements, and attorneysø fees with respect to its defense of the within action, and any other relief at law or in equity that this Court may deem just and proper.

Respectfully submitted,

DEFENDANT
SPINIELLO COMPANIES

  /s/ Steven E. Arnold_____
Steven E. Arnold BO # 654157
SA Law, P.C.
8 Whittier Place, Suite 14F
Boston, Massachusetts 02114
Telephone: (617) 670-0868
Facsimile:   (860) 904-2056

ó and ó

Eugene Massamillo (*Pro Hac Vice*)
Jeanine C. Driscoll  (*Pro Hac Vice*)

KAPLAN, MASSAMILLO & ANDREWS, LLC
70 East 55th Street, 25th Floor
New York, New York 10022
Telephone: (212) 922-0450
Facsimile:  (212) 922-0530

Its Attorneys

## <u>CERTIFICATION</u>

  I certify that on August 21, 2017 a copy of the foregoing was electronically filed and served by regular mail, postage prepaid, and/or e-mail, on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

          ___/s/  *Steven E. Arnold*_____
           Steven E. Arnold