## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Drew Katz and Melissa Silver, individually and )
as the co-Personal Representatives of the Estate of LEWIS )
A. KATZ, deceased, )
                                   )
          Plaintiffs, )
                                   )
     v. )
                                     )
SPINIELLO COMPANIES, a New Jersey Corporation; SK )
TRAVEL, LLC, a North Carolina Limited Liability )
Company; ARIZIN VENTURES, LLC, a Delaware )
Limited Liability Company; CAROL MCDOWELL, in her )
capacity as Personal Representative of the ESTATE OF )    Civil Action No. 16-cv-11380- DJC
JAMES MCDOWELL, deceased, a resident of Delaware; )
SHELLY DE VRIES, in her capacity as Personal )
Representative of the ESTATE OF BAUKE DE )
VRIES, deceased, a resident of New Jersey; )    **ARIZIN VENTURES, LLC'S**
GULFSTREAM AEROSPACE CORPORATION, )    **ANSWER AND AFFIRMATIVE**
a Georgia Corporation; GULFSTREAM AEROSPACE )    **DEFENSES IN RESPONSE TO**
CORPORATION, a Delaware Corporation; )    **PLAINTIFFS' SECOND**
GULFSTREAM AEROSPACE SERVICES )    **AMENDED COMPLAINT AND**
CORPORATION, d/b/a Gulfstream Aerospace )    **DEMAND FOR TRIAL BY JURY,**
Corporation, a Delaware Corporation; ROCKWELL )    **AND ITS CROSSCLAIMS**
COLLINS, INC., an Iowa Corporation; )    **AGAINST THIRD- PARTY**
HONEYWELL INTERNATIONAL, INC., a )    **DEFENDANT, SK TRAVEL, LLC**
Delaware Corporation; and the MASSACHUSETTS )    **AND SPINIELLO COMPANIES**
PORT AUTHORITY, an independent public )
authority of the Commonwealth of Massachusetts, )
                                     )
          Defendants. )
                                     )
SK TRAVEL, LLC, SPINIELLO COMPANIES, and )
ARIZIN VENTURES, LLC )
                                     )
          Third-Party Plaintiffs, )
                                     )
     v. )
                                     )
UNITED STATES OF AMERICA, )
                                     )
          Third-Party Defendant. )
                                     )
_____ )

Defendant Arizin Ventures, LLC ("Arizin"), by and through its undersigned counsel, respectfully submits this Answer and Affirmative Defenses in Response to Plaintiff's Second Amended Complaint and Demand for Jury Trial and Its Crossclaims Against the United States of America ("Third-Party Defendant"), SK Travel, LLC, and Spiniello Companies, pursuant to Rule 13(g) of the Federal Rules of Civil Procedure.

Arizin responds to plaintiffs' Second Amended Complaint and Demand for Trial by Jury as follows:  Arizin denies every allegation in plaintiffs' Second Amended Complaint, except as hereinafter admitted, qualified, or otherwise answered.

1.      Arizin admits that plaintiffs' decedent, Lewis Katz, died in an aircraft accident on May 31, 2014, involving a Gulfstream G-IV aircraft, Serial Number N121JM, at Lawrence G. Hanscom Field ("BED") in Bedford, Massachusetts.  Arizin admits that Arizin is a Delaware Limited Liability Company.  Arizin specifically denies that it was negligent and that it caused the accident.  Arizin is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations stated in Paragraph 1, and therefore denies them.  The remainder of this paragraph is comprised of legal conclusions to which no response is required. To the extent a response is required, Arizin denies the allegations.

2.      Admitted.

3.      Paragraph 3 is comprised of legal conclusions to which no response is required. To the extent a response is required, Arizin denies the allegations.

4.      Paragraph 4 is comprised of legal conclusions to which no response is required. To the extent a response is required, Arizin denies the allegations.

5.      Paragraph 5 is comprised of legal conclusions to which no response is required. To the extent a response is required, Arizin denies the allegations.

6.      Arizin admits that Drew Katz and Melissa Silver are the children of Lewis Katz and have been appointed co-personal representatives of the Estate of Lewis Katz.  Arizin is without knowledge or information sufficient to form a belief as to the remaining factual allegations stated in Paragraph 6, and therefore denies them.

7.      Arizin admits that SK Travel owned the subject aircraft at the time of the accident.  The remaining allegations in Paragraph 7 are addressed to another defendant, and, accordingly, do not require a response on behalf of Arizin.

8.      Arizin admits that the Pilots were employees of Spiniello Companies.  The remaining allegations in Paragraph 8 are addressed to another defendant, and, accordingly, do not require a response on behalf of Arizin.

9.      Arizin admits that Arizin is and was at all material times a Delaware Limited Liability Company.  Arizin admits that Arizin had a lease agreement with SK Travel relating to the subject aircraft at the time of the accident.  Arizin denies the remaining allegations in Paragraph 9.

10.      Arizin admits that the Pilots were employees of Spiniello Companies.  The remaining allegations in Paragraph 10 are addressed to another defendant, and, accordingly, do not require a response on behalf of Arizin.

11.      Arizin admits that the Pilots were employees of Spiniello Companies.  The remaining allegations in Paragraph 11 are addressed to another defendant, and, accordingly, do not require a response on behalf of Arizin.

12.      Paragraph 12 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

13.      Paragraph 13 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

14.     Paragraph 14 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

15.     Paragraph 15 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

16.     Paragraph 16 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

17.     Paragraph 17 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

18.     Paragraph 18 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

19.     Paragraph 19 is comprised of legal conclusions to which no response is required. To the extent a response is required, Arizin denies the allegations.

20.     Paragraph 20 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

21.     Paragraph 21 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

22.      Arizin denies the factual allegations contained in Paragraph 22 and specifically denies that the court may exercise personal jurisdiction over Arizin.  Paragraph 22 is also comprised of legal conclusions to which no response is required.  To the extent a response is required, Arizin denies the allegations.

23.      Paragraph 23 is addressed to other defendants, and, accordingly, does not require a response on behalf of Arizin.

24.      Arizin denies the factual allegations contained in Paragraph 24 and specifically denies that the court may exercise personal jurisdiction over Arizin.  Paragraph 24 is comprised

of legal conclusions to which no response is required.  To the extent a response is required, Arizin denies the allegations.

25.     Arizin admits that SK Travel owned the subject aircraft at the time of the accident.  The remaining allegations in Paragraph 25 are addressed to another defendant, and, accordingly, do not require a response on behalf of Arizin.

26.     Arizin admits that Arizin had a lease agreement with SK Travel relating to the subject aircraft at the time of the accident and that the subject aircraft crashed in Massachusetts. Arizin denies the remaining allegations in Paragraph 26.  Arizin specifically denies that it operated, controlled or possessed the subject aircraft during the accident flight.

27.     Arizin admits that the Pilots were employees of Spiniello Companies.  The remaining allegations in Paragraph 27 are addressed to another defendant, and, accordingly, do not require a response on behalf of Arizin.

28.     Paragraph 28 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

29.     Paragraph 29 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

30.     Paragraph 30 is addressed to other defendants, and, accordingly, does not require a response on behalf of Arizin.

31.     Paragraph 31 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

32.     Paragraph 32 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

33.     Paragraph 33 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

34.     [Paragraph 34 was omitted from Plaintiffs' Second Amended Complaint]

35.     Paragraph 35 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

36.     Paragraph 36 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

37.     Paragraph 37 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

38.     Paragraph 38 is addressed to other defendants, and, accordingly, does not require a response on behalf of Arizin.

39.     Both Paragraphs listed as "39" in Plaintiffs' Second Amended Complaint are addressed to another defendant, and, accordingly, do not require a response on behalf of Arizin.

40.     Paragraph 40 is addressed to other defendants, and, accordingly, does not require a response on behalf of Arizin.

41.     Arizin admits upon information and belief that plaintiffs' decedent Lewis Katz and his guests flew to Bedford, Massachusetts in the subject aircraft to attend a fundraiser at Doris Kearns Goodwin's house on the night of the accident.  The remainder of this paragraph is comprised of legal conclusions to which no response if required.  To the extent a response is required, Arizin denies the allegations.

42.     Paragraph 42 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

43.     Paragraph 43 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

44.     Paragraph 44 is addressed to other defendants, and, accordingly, does not require a response on behalf of Arizin.

45.     Paragraph 45 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

46.     Paragraph 46 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

47.     Paragraph 47 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

48.     Paragraph 48 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

49.     Paragraph 49 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

50.     Paragraph 50 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

51.     Paragraph 51 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

52.     Paragraph 52 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

53.     Paragraph 53 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

54.     Paragraph 54 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

55.     Paragraph 55 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

56.     Paragraph 56 is comprised of legal conclusions to which no response if required. To the extent a response is required, Arizin is without knowledge or information sufficient to

form a belief as to the truth of the factual allegations stated in Paragraph 56, and therefore denies them.

57.     Paragraph 57 is comprised of legal conclusions to which no response is required. To the extent a response is required, Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 57, and therefore denies them.

58.     Arizin admits that is does not live in Massachusetts.  Paragraph 58 is comprised of legal conclusions to which no response is required.  To the extent a response is required, Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 58, and therefore denies them.

59.     Arizin admits the subject aircraft crashed on May 31, 2014 at Hanscom Field killing plaintiffs' decedent, Lewis Katz, and the pilots, Mr. McDowell and Mr. DeVries.  Arizin is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations stated in Paragraph 59, and therefore denies them.

60.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 60, and therefore denies them.

61.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 61, and therefore denies them.

62.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 62, and therefore denies them.

63.     Arizin admits that on May 31, 2014, the accident aircraft flew from New Castle Airport in New Castle, Delaware to Hanscom Field.  Arizin is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations stated in Paragraph 63, and therefore denies them.

64.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 64, and therefore denies them.

65.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 65, and therefore denies them.

66.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 66, and therefore denies them.

67.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 67, and therefore denies them.

68.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 68, and therefore denies them.

69.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 69, and therefore denies them.

70.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 70, and therefore denies them.

71.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 71, and therefore denies them.

72.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 72, and therefore denies them.

73.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 73, and therefore denies them.

74.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 74, and therefore denies them.

75.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 75, and therefore denies them.

76.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 76 (including footnote 1), and therefore denies them.

77.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 77, and therefore denies them.

78.      Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 78, and therefore denies them.

79.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 79, and therefore denies them.

80.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 80, and therefore denies them.

81.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 81, and therefore denies them.

82.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 82, and therefore denies them.

83.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 83, and therefore denies them.

84.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 84, and therefore denies them.

85.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 85, and therefore denies them.

86.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 86, and therefore denies them.

87.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 87, and therefore denies them.

88.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 88, and therefore denies them.

89.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 89, and therefore denies them.

90.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 90, and therefore denies them.

91.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 91, and therefore denies them.

92.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 92, and therefore denies them.

93.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 93, and therefore denies them.

94.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 94, and therefore denies them.

95.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 95, and therefore denies them.

96.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 96, and therefore denies them.

97.     Arizin admits that the Pilots were employees of Spiniello Companies.  To the extent that Paragraph 97 alleges, in the alternative, that the Pilots were employees of SK Travel and/or Arizin, Arizin specifically denies that the Pilots were its employees acting in the course and scope of their employment.

98.     Arizin admits that SK Travel owned the subject aircraft at the time of the accident.

99.     Arizin admits that Arizin had a lease agreement with SK Travel relating to the subject aircraft at the time of the accident.  Arizin denies the remaining allegations in Paragraph 99.

100.     Arizin admits that Arizin had a lease agreement with SK Travel relating to the subject aircraft at the time of the accident.  Arizin denies the remaining allegations in Paragraph 100.

101.     Arizin admits that Arizin had a lease agreement with SK Travel relating to the subject aircraft at the time of the accident.  Arizin denies the remaining allegations in Paragraph 101.

102.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 102, and therefore denies them.

103.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 103, and therefore denies them.

104.     Paragraph 104 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

105.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 105, and therefore denies them.

106.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 106, and therefore denies them.

107.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 107, and therefore denies them.

108.     Paragraph 108 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

109.     Paragraph 109 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

110.     Paragraph 110 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

111.     Paragraph 111 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

112.     Paragraph 112 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

113.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 113, and therefore denies them.

114.     Paragraph 114 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

115.     Paragraph 115 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

116.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 116, and therefore denies them.

117.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 117, and therefore denies them.

118.     Arizin is without knowledge or information sufficient to form a belief as to the truth of the factual allegations stated in Paragraph 118, and therefore denies them.

119.     Paragraph 119 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

120.     Paragraph 120 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

121.     Paragraph 121 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

122.     Paragraph 122 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

123.     Paragraph 123 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

124.     Paragraph 124 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

125.     Paragraph 125 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

126.     Paragraph 126 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

127.     Paragraph 127 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

128.     Paragraph 128 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

129.     Paragraph 129 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

130.     Paragraph 130 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

131.     Paragraph 131 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

132.     Paragraph 132 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

133.     Arizin restates and incorporates by reference its answers to Paragraphs 1 through 132 as if set forth fully herein.

134.     Arizin admits that the Pilots were employees of Spiniello Companies.

135.     Arizin admits that the Pilots were employees of Spiniello Companies.  Paragraph 135 is addressed to another defendant and, accordingly, does not require a response on behalf of Arizin.

136.     Paragraph 136 is addressed another defendant, and, accordingly, does not require a response on behalf of Arizin.

137.     Paragraph 137 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

138.     Paragraph 138 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

139.     Arizin admits that the Pilots were employees of Spiniello Companies.  The remaining allegations in Paragraph 139 are addressed to another defendant and, accordingly, do not require a response on behalf of Arizin.

140.     Paragraph 140 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

141.     Paragraph 141 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

142.     Paragraph 142 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

Arizin denies that Plaintiffs are entitled to damages, costs, or other relief as alleged in Plaintiffs' prayer for relief and each of its subparts.

143.   Arizin repeats and incorporates by reference its answers to Paragraphs 1 through 142 as if set forth fully herein.

144.   Arizin admits that the Pilots were employees of Spiniello Companies.

145.   Arizin admits that the Pilots were employees of Spiniello Companies.  Paragraph 145 is addressed to another defendant and, accordingly, does not require a response on behalf of Arizin.

146.   Paragraph 146 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

147.   Paragraph 147 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

148.   Paragraph 148 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

149.   Arizin admits that the Pilots were employees of Spiniello Companies.  The remaining allegations in Paragraph 149 are addressed to another defendant and, accordingly, do not require a response on behalf of Arizin.

150.   Paragraph 150 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

151.   Paragraph 151 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

152.   Paragraph 152 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

Arizin denies that Plaintiffs are entitled to damages, costs, or other relief as alleged in Plaintiffs' prayer for relief and each of its subparts.

153.    Arizin restates and incorporates by reference its answers to Paragraphs 1 through 152 as if set forth fully herein.

154.    Arizin admits that the Pilots were employees of Spiniello Companies.

155.    Arizin admits that the Pilots were employees of Spiniello Companies.  Paragraph 155 is addressed to another defendant and, accordingly, does not require a response on behalf of Arizin.

156.    Paragraph 156 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

157.    Paragraph 157 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

158.    Paragraph 158 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

159.    Paragraph 159 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

Arizin denies that Plaintiffs are entitled to damages, costs, or other relief as alleged in Plaintiffs' prayer for relief and each of its subparts.

160.    Arizin repeats and incorporates by reference its answers to Paragraphs 1 through 159 as if set forth fully herein.

161.    Arizin admits that the Pilots were employees of Spiniello Companies.  The remaining allegations in Paragraph 161 are addressed to another defendant, and, accordingly, do not require a response on behalf of Arizin.

162.    Paragraph 162 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

163.    Paragraph 163 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

164.    Paragraph 164 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

165.    Paragraph 165 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

166.    Paragraph 166 is addressed to another defendant and contains conclusions of law, and, accordingly, does not require a response on behalf of Arizin.

167.    Paragraph 167 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

168.    Paragraph 168 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

169.    Paragraph 169 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

Arizin denies that Plaintiffs are entitled to damages, costs, or other relief as alleged in Plaintiffs' prayer for relief and each of its subparts.

170.    Arizin restates and incorporates by reference its answers to Paragraphs 1 through 169 as if set forth fully herein.

171.    Arizin admits that SK Travel owned the subject aircraft at the time of the accident.  The remaining allegations in Paragraph 171 are addressed to another defendant, and, accordingly, do not require a response on behalf of Arizin.

172.     Paragraph 172 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

173.     Paragraph 173 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

174.     Paragraph 174 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

175.     Paragraph 175 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

176.     Paragraph 176 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

Arizin denies that Plaintiffs are entitled to damages, costs, or other relief as alleged in Plaintiffs' prayer for relief and each of its subparts.

177.     Arizin repeats and incorporates by reference its answers to Paragraphs 1 through 176 as if set forth fully herein.

178.     Arizin admits that SK Travel owned the subject aircraft at the time of the accident.

179.     Paragraph 179 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

180.     Paragraph 180 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

181.     Paragraph 181 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

182.    Paragraph 182 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

183.    Paragraph 183 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

Arizin denies that Plaintiffs are entitled to damages, costs, or other relief as alleged in Plaintiffs' prayer for relief and each of its subparts.

184.    Arizin repeats and incorporates by reference its answers to Paragraphs 1 through 183 as if set forth fully herein.

185.    Arizin admits that SK Travel owned the subject aircraft at the time of the accident.

186.    Paragraph 186 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

187.    Paragraph 187 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

188.    Paragraph 188 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

189.    Paragraph 189 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

190.    Paragraph 190 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

191.    Paragraph 191 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

Arizin denies that Plaintiffs are entitled to damages, costs, or other relief as alleged in Plaintiffs' prayer for relief and each of its subparts.

192.     Arizin repeats and incorporates by reference its answers to Paragraphs 1 through 191 as if set forth fully herein.

193.     Arizin admits that SK Travel owned the subject aircraft at the time of the accident.

194.     Paragraph 194 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

195.     Paragraph 195 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

196.     Paragraph 196 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

197.     Paragraph 197 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

198.     Paragraph 198 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

199.     Arizin admits that the Pilots were employees of Spiniello Companies.  The remaining allegations in Paragraph 199 are addressed to another defendant, and, accordingly, do not require a response on behalf of Arizin.

200.     Paragraph 200 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

201.     Paragraph 201 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

Arizin denies that Plaintiffs are entitled to damages, costs, or other relief as alleged in Plaintiffs' prayer for relief and each of its subparts.

202.     Arizin restates and incorporates by reference its answers to Paragraphs 1 through 201 as if set forth fully herein.

203.     Arizin admits that the Pilots were employees of Spiniello Companies.  To the extent that Paragraph 203 alleges, in the alternative, that the Pilots were employees of Arizin, Arizin specifically denies that the Pilots were its employees.

204.     Paragraph 204 is comprised of conclusions of law to which no response is required.

205.     Paragraph 205 is comprised of conclusions of law to which no response is required.

206.     Paragraph 206 is comprised of conclusions of law to which no response is required.

207.     Paragraph 207 is comprised of conclusions of law to which no response is required.

208.     Arizin specifically denies that the Pilots were its employees acting in the course and scope of their employment.  The remaining allegations in Paragraph 208 are comprised of conclusions of law to which no response is required.

209.     Paragraph 209 is comprised of conclusions of law to which no response is required.

210.     Paragraph 210 is comprised of conclusions of law to which no response is required.

211.     Paragraph 211 is comprised of conclusions of law to which no response is required.

Arizin denies that Plaintiffs are entitled to damages, costs, or other relief as alleged in Plaintiffs' prayer for relief and each of its subparts.

212.     Arizin restates and incorporates by reference its answers to Paragraphs 1 through 211 as if set forth fully herein.

213.     Arizin admits that Arizin had a lease agreement with SK Travel relating to the subject aircraft at the time of the accident.  The remaining allegations in Paragraph 213 are conclusions of law to which no response is required.

214.     Paragraph 214 is comprised of conclusions of law to which no response is required.

215.     Paragraph 215 is comprised of conclusions of law to which no response is required.

216.     Paragraph 216 is comprised of conclusions of law to which no response is required.

217.     Paragraph 217 is comprised of conclusions of law to which no response is required.

218.     Arizin admits that plaintiffs' decedent, Lewis Katz, selected the itinerary for the accident flight and that Kathleen Palella, Executive Assistant to Lewis Katz, sent the itinerary for the accident flight to SK Travel.  Arizin denies the remaining allegations in Paragraph 218.

219.     Paragraph 219 is comprised of conclusions of law to which no response is required.

220.     Paragraph 220 is comprised of conclusions of law to which no response is required.

221.     Paragraph 221 is comprised of conclusions of law to which no response is required.

Arizin denies that Plaintiffs are entitled to damages, costs, or other relief as alleged in Plaintiffs' prayer for relief and each of its subparts.

222.    Arizin restates and incorporates by reference its answers to Paragraphs 1 through 221 as if set forth fully herein.

223.    Arizin admits that Arizin had a lease agreement with SK Travel relating to the subject aircraft at the time of the accident.  Arizin denies the remaining allegations in Paragraph 223.

224.    Paragraph 224 is comprised of conclusions of law to which no response is required.

225.    Paragraph 225 is comprised of conclusions of law to which no response is required.

226.    Paragraph 226 is comprised of conclusions of law to which no response is required.

227.    Paragraph 227 is comprised of conclusions of law to which no response is required.

228.    Paragraph 228 is comprised of conclusions of law to which no response is required.

Arizin denies that Plaintiffs are entitled to damages, costs, or other relief as alleged in Plaintiffs' prayer for relief and each of its subparts.

229.    Arizin restates and incorporates by reference its answers to Paragraphs 1 through 228 as if set forth fully herein.

230.    Arizin admits that Arizin had a lease agreement with SK Travel relating to the subject aircraft at the time of the accident.  Arizin denies the remaining allegations in Paragraph 230.

231.     Paragraph 231 is comprised of conclusions of law to which no response is required.

232.     Paragraph 232 is comprised of conclusions of law to which no response is required.

233.     Paragraph 233 is comprised of conclusions of law to which no response is required.

234.     Paragraph 234 is comprised of conclusions of law to which no response is required.

235.     Arizin admits that plaintiffs' decedent, Lewis Katz, selected the itinerary for the accident flight and that Kathleen Palella, Executive Assistant to Lewis Katz, sent the itinerary for the accident flight to SK Travel's Chief Pilot/Director of Maintenance, Jim McDowell.  Arizin denies the remaining allegations in Paragraph 235.

236.     Paragraph 236 is comprised of conclusions of law to which no response is required.

237.     Paragraph 237 is comprised of conclusions of law to which no response is required.

238.     Paragraph 238 is comprised of conclusions of law to which no response is required.

239.     Paragraph 239 is comprised of conclusions of law to which no response is required.

Arizin denies that Plaintiffs are entitled to damages, costs, or other relief as alleged in Plaintiffs' prayer for relief and each of its subparts.

25

240.    Arizin restates and incorporates by reference its answers to Paragraphs 1 through 239 as if set forth fully herein.

241.    Arizin admits that Arizin had a lease agreement with SK Travel relating to the subject aircraft at the time of the accident.  Arizin denies the remaining allegations in Paragraph 241.

242.    Paragraph 242 is comprised of conclusions of law to which no response is required.

243.    Paragraph 243 is comprised of conclusions of law to which no response is required.

244.    Paragraph 244 is comprised of conclusions of law to which no response is required.

245.    Paragraph 245 is comprised of conclusions of law to which no response is required.

246.    Arizin admits that plaintiffs' decedent, Lewis Katz, selected the itinerary for the accident flight and that Kathleen Palella, Executive Assistant to Lewis Katz, sent the itinerary for the accident flight to SK Travel's Chief Pilot/Director of Maintenance, Jim McDowell.  Arizin denies the remaining allegations in Paragraph 246.

247.    Paragraph 247 is comprised of conclusions of law to which no response is required.

248.    Paragraph 248 is comprised of conclusions of law to which no response is required.

249.    Paragraph 249 is comprised of conclusions of law to which no response is required.

250.    Paragraph 250 is comprised of conclusions of law to which no response is required.

251.    Paragraph 251 is comprised of conclusions of law to which no response is required.

252.    Arizin admits that the Pilots were employees of Spiniello Companies.  Arizin specifically denies that the Pilots were its employees acting in the course and scope of their employment.  The remaining allegations in Paragraph 252 are comprised of conclusions of law to which no response is required.

253.    Paragraph 253 is comprised of conclusions of law to which no response is required.

254.    Paragraph 254 is comprised of conclusions of law to which no response is required.  To the extent a response is required, Arizin denies the allegations.

255.    Paragraph 255 is comprised of conclusions of law to which no response is required.

256.    Paragraph 256 is comprised of conclusions of law to which no response is required.

Arizin denies that Plaintiffs are entitled to damages, costs, or other relief as alleged in Plaintiffs' prayer for relief and each of its subparts.

257.    Arizin restates and incorporates by reference its answers to Paragraphs 1 through 256 as if set forth fully herein.

258.    Paragraph 258 is addressed to other defendants, and, accordingly, does not require a response on behalf of Arizin.

259.    Paragraph 259 is addressed to other defendants, and, accordingly, does not require a response on behalf of Arizin.

260.    Paragraph 260 is addressed to other defendants, and, accordingly, does not require a response on behalf of Arizin.

261.    Paragraph 261 is addressed to other defendants, and, accordingly, does not require a response on behalf of Arizin.

262.    Paragraph 262 is addressed to other defendants, and, accordingly, does not require a response on behalf of Arizin.

263.    Paragraph 263 is addressed to other defendants, and, accordingly, does not require a response on behalf of Arizin.

264.    Paragraph 264 is addressed to other defendants, and, accordingly, does not require a response on behalf of Arizin.

Arizin denies that Plaintiffs are entitled to damages, costs, or other relief as alleged in Plaintiffs' prayer for relief and each of its subparts.

265.    Arizin restates and incorporates by reference its answers to Paragraphs 1 through 264 as if set forth fully herein.

266.    Paragraph 266 is addressed to other defendants, and, accordingly, does not require a response on behalf of Arizin.

267.    Paragraph 267 is addressed to other defendants, and, accordingly, does not require a response on behalf of Arizin.

268.    Paragraph 268 is addressed to other defendants, and, accordingly, does not require a response on behalf of Arizin.

269.     Paragraph 269 is addressed to other defendants, and, accordingly, does not require a response on behalf of Arizin.

270.     Paragraph 270 is addressed to other defendants, and, accordingly, does not require a response on behalf of Arizin.

271.     Paragraph 271 is addressed to other defendants, and, accordingly, does not require a response on behalf of Arizin.

272.     Paragraph 272 is addressed to other defendants, and, accordingly, does not require a response on behalf of Arizin.

Arizin denies that Plaintiffs are entitled to damages, costs, or other relief as alleged in Plaintiffs' prayer for relief and each of its subparts.

273.     Arizin restates and incorporates by reference its answers to Paragraphs 1 through 272 as if set forth fully herein.

274.     Paragraph 274 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

275.     Paragraph 275 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

276.     Paragraph 276 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

277.     Paragraph 277 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

278.     Paragraph 278 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

279.    Paragraph 279 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

280.    Paragraph 280 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

281.    Paragraph 281 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

282.    Paragraph 282 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

283.    Paragraph 283 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

284.    Paragraph 284 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

285.    Paragraph 285 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

286.    Paragraph 286 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

Arizin denies that Plaintiffs are entitled to damages, costs, or other relief as alleged in Plaintiffs' prayer for relief and each of its subparts.

287.    Arizin restates and incorporates by reference its answers to Paragraphs 1 through 286 as if set forth fully herein.

288.    Paragraph 288 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

289.    Paragraph 289 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

290.    Paragraph 290 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

291.    Paragraph 291 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

292.    Paragraph 292 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

293.    Paragraph 293 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

294.    Paragraph 294 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

295.    Paragraph 295 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

296.    Paragraph 296 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

297.    Paragraph 297 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

298.    Paragraph 298 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

299.    Paragraph 299 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

300.    Paragraph 300 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

301.     Paragraph 301 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

Arizin denies that Plaintiffs are entitled to damages, costs, or other relief as alleged in Plaintiffs' prayer for relief and each of its subparts.

302.     Arizin restates and incorporates by reference its answers to Paragraphs 1 through 301 as if set forth fully herein.

303.     Paragraph 303 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

304.     Paragraph 304 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

305.     Paragraph 305 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

306.     Paragraph 306 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

307.     Paragraph 307 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

308.     Paragraph 308 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

309.     Paragraph 309 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

310.     Paragraph 310 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

311.     Paragraph 311 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

312.     Paragraph 312 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

313.     Paragraph 313 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

314.     Paragraph 314 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

315.     Paragraph 315 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

316.     Paragraph 316 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

Arizin denies that Plaintiffs are entitled to damages, costs, or other relief as alleged in Plaintiffs' prayer for relief and each of its subparts.

317.     Arizin restates and incorporates by reference its answers to Paragraphs 1 through 316 as if set forth fully herein.

318.     Paragraph 318 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

319.     Paragraph 319 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

320.     Paragraph 320 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

321.     Paragraph 321 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

322.     Paragraph 322 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

323.     Paragraph 323 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

324.     Paragraph 324 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

325.     Paragraph 325 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

326.     Paragraph 326 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

327.     Paragraph 327 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

328.     Paragraph 328 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

329.     Paragraph 329 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

330.     Paragraph 330 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

331.     Paragraph 331 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

332.     Paragraph 332 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

333.     Paragraph 333 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

Arizin denies that Plaintiffs are entitled to damages, costs, or other relief as alleged in Plaintiffs' prayer for relief and each of its subparts.

334.     Arizin restates and incorporates by reference its answers to Paragraphs 1 through 333 as if set forth fully herein.

335.     Paragraph 335 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

336.     Paragraph 336 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

337.     Paragraph 337 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

338.     Paragraph 338 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

339.     Paragraph 339 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

Arizin denies that Plaintiffs are entitled to damages, costs, or other relief as alleged in Plaintiffs' prayer for relief and each of its subparts.

340.     Arizin restates and incorporates by reference its answers to Paragraphs 1 through 339 as if set forth fully herein.

341.     Paragraph 341 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

342.     Paragraph 342 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

343.     Paragraph 343 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

344.     Paragraph 344 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

345.     Paragraph 345 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

346.     Paragraph 346 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

347.     Paragraph 347 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

348.     Paragraph 348 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

349.     Paragraph 349 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

350.     Paragraph 350 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

351.     Paragraph 351 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

352.     Paragraph 352 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

353.     Paragraph 353 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

354.     Paragraph 354 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

355.     Paragraph 355 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

356.     Paragraph 356 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

357.     Paragraph 357 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

358.     Paragraph 358 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

Arizin denies that Plaintiffs are entitled to damages, costs, or other relief as alleged in Plaintiffs' prayer for relief and each of its subparts.

359.     Arizin restates and incorporates by reference its answers to Paragraphs 1 through 358 as if set forth fully herein.

360.     Paragraph 360 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

361.     Paragraph 361 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

362.     Paragraph 362 is addressed to other defendants, and, accordingly, does not require a response on behalf of Arizin.

363.     Paragraph 363 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

364.     Paragraph 364 is addressed to other defendants, and, accordingly, does not require a response on behalf of Arizin.

365.     Paragraph 365 is addressed to other defendants, and, accordingly, does not require a response on behalf of Arizin.

366.     Paragraph 366 is addressed to other defendants, and, accordingly, does not require a response on behalf of Arizin.

367.     Paragraph 367 is addressed to other defendants, and, accordingly, does not require a response on behalf of Arizin.

368.     Paragraph 368 is addressed to other defendants, and, accordingly, does not require a response on behalf of Arizin.

369.     Paragraph 369 is addressed to other defendants, and, accordingly, does not require a response on behalf of Arizin.

Arizin denies that Plaintiffs are entitled to damages, costs, or other relief as alleged in Plaintiffs' prayer for relief and each of its subparts.

370.     Arizin restates and incorporates by reference its answers to Paragraphs 1 through 369 as if set forth fully herein.

371.     Paragraph 371 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

372.     Paragraph 372 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

373.     Paragraph 373 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

374.    Paragraph 374 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

375.    Paragraph 375 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

376.    Paragraph 376 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

377.    Paragraph 377 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

378.    Paragraph 378 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

Arizin denies that Plaintiffs are entitled to damages, costs, or other relief as alleged in Plaintiffs' prayer for relief and each of its subparts.

379.    Arizin restates and incorporates by reference its answers to Paragraphs 1 through 378 as if set forth fully herein.

380.    Paragraph 380 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

381.    Paragraph 381 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

382.    Paragraph 382 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

383.    Paragraph 383 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

384.    Paragraph 384 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

385.    Paragraph 385 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

386.    Paragraph 386 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

387.    Paragraph 387 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

388.    Paragraph 388 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

Arizin denies that Plaintiffs are entitled to damages, costs, or other relief as alleged in Plaintiffs' prayer for relief and each of its subparts.

389.    Arizin restates and incorporates by reference its answers to Paragraphs 1 through 388 as if set forth fully herein.

390.    Paragraph 390 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

391.    Paragraph 391 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

392.    Paragraph 392 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

393.    Paragraph 393 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

394.     Paragraph 394 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

395.     Paragraph 395 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

396.     Paragraph 396 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

397.     Paragraph 397 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

398.     Paragraph 398 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

399.     Paragraph 399 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

400.     Paragraph 400 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

Arizin denies that Plaintiffs are entitled to damages, costs, or other relief as alleged in Plaintiffs' prayer for relief and each of its subparts.

401.     Arizin restates and incorporates by reference its answers to Paragraphs 1 through 400 as if set forth fully herein.

402.     Paragraph 402 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

403.     Paragraph 403 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

404.     Paragraph 404 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

405.     Paragraph 405 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

406.     Paragraph 406 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

407.     Paragraph 407 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

408.     Paragraph 408 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

409.     Paragraph 409 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

410.     Paragraph 410 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

411.     Paragraph 411 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

412.     Paragraph 412 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

413.     This paragraph is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

Arizin denies that Plaintiffs are entitled to damages, costs, or other relief as alleged in Plaintiffs' prayer for relief and each of its subparts.

414.    Arizin restates and incorporates by reference its answers to Paragraphs 1 through 413 as if set forth fully herein.

415.    Paragraph 415 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

416.    Paragraph 416 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

417.    Paragraph 417 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

418.    Paragraph 418 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

419.    Paragraph 419 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

420.    Paragraph 420 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

421.    Paragraph 421 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

422.    Paragraph 422 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

423.    Paragraph 423 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

424.    Paragraph 424 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

425.    Paragraph 425 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

426.     Paragraph 426 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

427.     Paragraph 427 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

428.     Paragraph 428 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

429.     Paragraph 429 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

Arizin denies that Plaintiffs are entitled to damages, costs, or other relief as alleged in Plaintiffs' prayer for relief and each of its subparts.

430.     Arizin restates and incorporates by reference its answers to Paragraphs 1 through 429 as if set forth fully herein.

431.     Paragraph 431 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

432.     Paragraph 432 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

433.     Paragraph 433 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

434.     Paragraph 434 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

435.     Paragraph 435 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

436.     Paragraph 436 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

437.     Paragraph 437 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

438.     Paragraph 438 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

Arizin denies that Plaintiffs are entitled to damages, costs, or other relief as alleged in Plaintiffs' prayer for relief and each of its subparts.

439.     Arizin restates and incorporates by reference its answers to paragraphs 1 through 438 as if set forth fully herein.

440.     Paragraph 440 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

441.     Paragraph 441 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

442.     Paragraph 442 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

443.     Paragraph 443 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

444.     Paragraph 444 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

445.     Paragraph 445 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

446.    Paragraph 446 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

447.    Paragraph 447 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

448.    Paragraph 448 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

Arizin denies that Plaintiffs are entitled to damages, costs, or other relief as alleged in Plaintiffs' prayer for relief and each of its subparts.

449.    Arizin restates and incorporates by reference its answers to Paragraphs 1 through 448 as if set forth fully herein.

450.    Paragraph 450 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

451.    Paragraph 451 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

452.    Paragraph 452 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

453.    Paragraph 453 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

454.    Paragraph 454 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

455.    Paragraph 455 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

456.    Paragraph 456 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

457.    Paragraph 457 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

458.    Paragraph 458 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

459.    Paragraph 459 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

460.    Paragraph 460 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

Arizin denies that Plaintiffs are entitled to damages, costs, or other relief as alleged in Plaintiffs' prayer for relief and each of its subparts.

461.    Arizin restates and incorporates by reference its answers to Paragraphs 1 through 460 as if set forth fully herein.

462.    Paragraph 462 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

463.    Paragraph 463 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

464.    Paragraph 464 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

465.    Paragraph 465 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

466.     Paragraph 466 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

467.     Paragraph 467 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

468.     Paragraph 468 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

469.     Paragraph 469 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

470.     Paragraph 470 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

471.     Paragraph 471 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

472.     Paragraph 472 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

473.     Paragraph 473 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

Arizin denies that Plaintiffs are entitled to damages, costs, or other relief as alleged in Plaintiffs' prayer for relief and each of its subparts.

474.     Arizin restates and incorporates by reference its answers to Paragraphs 1 through 473 as if set forth fully herein.

475.     Paragraph 475 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

476.     Paragraph 476 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

477.     Paragraph 477 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

478.     Paragraph 478 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

479.     Paragraph 479 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

480.     Paragraph 480 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

481.     Paragraph 481 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

482.     Paragraph 482 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

483.     Paragraph 483 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

484.     Paragraph 484 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

485.     Paragraph 485 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

486.     Paragraph 486 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

487.     Paragraph 487 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

488.    Paragraph 488 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

Arizin denies that Plaintiffs are entitled to damages, costs, or other relief as alleged in Plaintiffs' prayer for relief and each of its subparts.

489.    Arizin restates and incorporates by reference its answers to Paragraphs 1 through 488 as if set forth fully herein.

490.    Paragraph 490 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

491.    Paragraph 491 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

492.    Paragraph 492 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

493.    Paragraph 493 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

494.    Paragraph 494 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

495.    Paragraph 495 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

496.    Paragraph 496 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

497.    Paragraph 497 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

498.    Paragraph 498 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

499.    Paragraph 499 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

500.    Paragraph 500 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

501.    Paragraph 501 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

502.    Paragraph 502 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

503.    Paragraph 503 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

504.    Paragraph 504 is addressed to another defendant, and, accordingly, does not require a response on behalf of Arizin.

Arizin denies that Plaintiffs are entitled to damages, costs, or other relief as alleged in Plaintiffs' prayer for relief and each of its subparts.

## AFFIRMATIVE DEFENSES

Arizin asserts the following affirmative defenses, and reserves the right to assert additional defenses to the extent such defenses become known through discovery or otherwise.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim(s) against Arizin upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Arizin is not subject to personal jurisdiction in the Commonwealth of Massachusetts.

### THIRD AFFIRMATIVE DEFENSE

Arizin is not liable to plaintiffs for the damages or injuries described in the Complaint because the damages or injuries were caused or contributed to by the negligence, strict liability, or other wrongful act or omission of another party or parties.  However, in the event that plaintiffs recover damages against Arizin in an amount greater than its pro rata share, Arizin has a right to contribution among joint tortfeasors pursuant to Mass. Gen. Laws Ann. ch. 231 B, § 1 or other applicable law.

### FOURTH AFFIRMATIVE DEFENSE

The damages or injuries described in the Complaint were caused by the direct and proximate negligence, strict liability, or other acts or omissions of other parties, their agents or employees, or by others unknown at this time and over whom Arizin had no control, nor legal responsibility for, at any time relevant hereto.  However, in the event Arizin is found liable to plaintiffs, which liability is expressly denied, Arizin will be entitled to indemnification, equitable indemnity, contribution, or apportionment of liability pursuant to applicable law.

### FIFTH AFFIRMATIVE DEFENSE

Persons or entities other than Arizin, some of which may be known or unknown, or which may be discovered, including the pilots of the subject aircraft or those responsible for the pilot's actions, was or were contributorily negligent, comparatively at fault, strictly liable, or otherwise legally responsible in whole or in part, for any damages which the plaintiffs may prove in this matter.  Therefore, any and all recovery against Arizin must be extinguished or diminished by an amount proportional to such other's or others' degree(s) of negligence, fault, strict liability, or other legal responsibility, as required by the applicable state's laws of contributory negligence, comparative fault, indemnity, contribution, and apportionment statutes and other applicable law.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' damages and injuries were caused in whole or in part by a new and independent cause not reasonably foreseeable to Arizin.  Such new and independent cause became the direct and proximate cause of plaintiffs' alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages and injuries were caused and brought about by an intervening and superseding cause or causes and were not caused by Arizin or by any person or entity for which Arizin is responsible.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join necessary and indispensable parties to this action.

### NINTH AFFIRMATIVE DEFENSE

Arizin did not violate any duty to plaintiffs' decedent.

### TENTH AFFIRMATIVE DEFENSE

Arizin acted in a reasonable, proper and prudent manner in accordance with the requisite standard of care.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of preemption.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are preempted by federal law including the Federal Aviation Act, 49 U.S.C. §§ 40101, *et seq.*

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries and damages were caused in whole or in part by the misuse of the aircraft by persons over whom Arizin exercised no control.

### FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of plaintiffs' claims and available damages may be barred by virtue of prior settlements with respect to plaintiffs, plaintiffs' decedent or plaintiffs' estate(s).

### FIFTEENTH AFFIRMATIVE DEFENSE

Some or all of plaintiffs' claims may be barred because plaintiffs have been fully satisfied and/or compensated for their alleged injuries or damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Arizin may be barred, in whole or in part, by res judicata, by release, and/or by the equitable doctrines of laches, waiver and estoppel.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to act reasonably to mitigate the damages alleged.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Arizin are barred by the applicable statutes of limitations.

### NINETEENTH AFFIRMATIVE DEFENSE

All or some of plaintiffs' claims are barred or reduced by plaintiffs' decedent's assumption of the risk.

### TWENTIETH  AFFIRMATIVE DEFENSE

An award or judgment in favor of plaintiffs must be reduced by the amount of benefits plaintiffs received or were entitled to receive, from any other source as a result of the injuries including workers' compensation benefits.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' causes of action against Arizin fall within the exclusive jurisdiction of the Massachusetts Industrial Accident Board and this Court lacks subject matter jurisdiction over Plaintiffs' causes of action against Arizin.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims against Arizin are barred because Arizin did not have operational control over the accident aircraft at the time of the accident.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs and plaintiffs' decedent lack capacity or standing to bring their claims against Arizin.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Arizin alleges that it presently has insufficient knowledge or information regarding other affirmative defenses, and therefore Arizin reserves the right to assert additional defenses that may be discovered through the course of litigation and discovery.

WHEREFORE, Defendant Arizin Ventures, LLC demands judgment dismissing Plaintiffs' Second Amended Complaint and Demand for Trial By Jury, with prejudice, in its entirety or, alternatively, judgment limiting its liability pursuant to the foregoing, and that this Court grant Arizin Ventures, LLC an award of the costs and disbursements of the within action and any other relief this Court may deem just and proper.

**ARIZIN'S CROSSCLAIMS AGAINST THIRD-PARTY DEFENDANT**

505.     Arizin's Crossclaims against Third-Party Defendant arise from an accident involving the subject aircraft at BED on May 31, 2014 ("accident"), which resulted in the death of plaintiffs' decedent, Lewis A. Katz ("decedent").

506.     Plaintiffs, Drew Katz and Melissa Silver, on their own behalf and in their capacity as the Co-Personal Representatives of the Estate of Lewis A. Katz, commenced the underlying wrongful death and survival action against several defendants, including Arizin, to recover damages for the death of Lewis A. Katz.  *See* Second Am. Compl.

507.     Plaintiffs seek to hold Arizin liable for the accident and the resulting death of plaintiffs' decedent pursuant to Arizin's alleged non-delegable duties as lessee of the accident aircraft with responsibility for operational control of the aircraft and for negligent selection of the pilots.  *See id.* at ¶¶ 202-256.

508.     Plaintiffs seek to hold Massachusetts Port Authority "(Massport") liable for violating regulations pertaining to Aircraft Rescue and Firefighting ("ARFF") requirements applicable to commercial airports, in breach of the alleged duty of care that Massport owed to Plaintiffs' decedent as the owner and operator of BED. *See id.* at ¶¶ 474-504.

509.     In their Second Amended Complaint, Plaintiffs claim damages for the personal injuries and death of Lewis A. Katz caused by, among other things, Massport's negligence in providing the ARFF services in response to the Accident in violation of Massport's common law and regulatory duties as the owner and operator of BED. *See id.* at ¶¶ 122-132, 474-504.

510.     Plaintiffs' negligence action against Massport is predicated on the allegations that the Hanscom Field fire and rescue services team's response to and during the Accident was delayed.  Specifically, Plaintiffs allege: "[o]n the night of the Subject Accident, Hanscom Field's

fire and rescue services did not begin to fight the fire with an extinguishing agent until more than 3 minutes had elapsed from the initial alarm" *(id.* at ¶ 127); "[a]t 28 minutes and 18 seconds after the alarm, fire and rescue services stopped applying water to the fire, despite the fact that the fire was still raging" *(id.* at ¶ 129);  and, it took the Hanscom Field fire and rescue services team more than two hours from the initial alarm to gain access to the Aircraft to check for survivors. *See id.* at ¶ 131.

511.    Plaintiffs' Second Amended Complaint further alleges that the Hanscom Field fire and rescue services team was unprepared and ill-equipped to fight the fire, in that: "[a]t 23 minutes and 7 seconds after the alarm, 1 of the fire and rescue service vehicles ran out of fire-fighting foam" *(id.* at ¶ 128) and, "[a]t 30 minutes and 7 seconds after the alarm, 1 of the fire and rescue service vehicles ran out of water." *Id.* at ¶ 130.

512.    Plaintiffs' Second Amended Complaint alleges that the Hanscom Field fire and rescue services team's response to the Accident "directly and proximately caused" the death of the individuals onboard the Aircraft, including  Plaintiffs' decedent *(id.* at  ¶¶  485 and 500), because the individuals onboard the Aircraft had survived the crash but died in the post-crash fire. *See id.* at ¶ 132. Thus, but for the negligence of the Hanscom Field fire and rescue services team, Plaintiffs' decedent would have survived the Accident. *See id.*

513.    At the time of the Accident, Massport contracted with the United States Air Force  ("United States") to provide ARFF services at BED as required by federal aviation regulations, 14 C.F.R. Part 139.

514.    At the time of the Accident, the United States was responsible for the ARFF response to the subject Accident and had a duty to ensure that the ARFF response was carried out to the degree of care owed to the owner and the operator of the Aircraft and the individuals onboard the Aircraft and in accordance with 14 C.F.R. Part 139.

515. The United States breached this duty of care in the following ways:

   a. Waiting more than 3 minutes after the Accident to begin fighting the fire with an extinguishing agent;

   b. Providing a delayed and inadequate response to the Accident by running out of water during the attempted rescue;

   c. Providing a delayed and inadequate response to the Accident by running out of fire-fighting foam during the attempted rescue;

   d. Providing a delayed response to the Accident such that the individuals onboard the Aircraft remained trapped inside for 2 hours and 11 minutes after the alarm sounded and before the Aircraft door was removed; and

   e. Failing to put out the fire and remove the occupants of the Aircraft as quickly and expeditiously as possible

516. To the extent that the United States' breach of the duty to provide timely and adequate ARFF services to the Aircraft caused or contributed in any way to the death of Plaintiffs' decedent, the United States is liable for breaching its duty that caused or contributed to the Accident.

**ARIZIN'S CROSSCLAIMS FOR CONTRIBUTION AGAINST THIRD-PARTY DEFENDANT PURSUANT TO THE LAW FOUND APPLICABLE THERETO INCLUDING MASS. GEN. LAWS CH.231B, § 1**.

517. Arizin restates and alleges the allegations in Paragraphs 505 through 516, inclusive, of Arizin's Crossclaims Against Third-Party Defendant as if fully set forth herein.

518. Should Plaintiffs be found to have suffered damages as alleged in their Second Amended Complaint, due to any negligence or other culpable conduct other than their own, and if any judgment is recovered herein by Plaintiffs against Arizin, concerning which any such negligence or culpable conduct on the part of Arizin is denied, then Arizin will be damaged thereby.

519.    Therefore, Arizin demands judgment for contribution from Third-Party

Defendant, and that the respective degrees of negligence and culpability of Third-Party

Defendant be ascertained, determined and adjudicated, and that Arizin have judgment over

Third- Party Defendant for all or part of any verdict or judgment obtained by Plaintiffs against

Arizin.

520.    Arizin is entitled to contribution from the Third-Party Defendant for any damages

in excess of any proportionate share on the part of Arizin of the common liability, concerning

which Arizin denies, if any, in accordance with the law found applicable thereto, including Mass.

Gen. laws ch. 23B1, § 1(b).

## ARIZIN'S CROSSCLAIMS FOR COMMON LAW INDEMNIFICATION AGAINST THIRD-PARTY DEFENDANT PURSUANT TO THE LAW FOUND APPLICABLE THERETO

521.    Arizin restates and alleges the allegations in Paragraphs 505 through 520,

inclusive, of Arizin's Crossclaims Against Third-Party Defendant as if fully set forth herein.

522.    Should Plaintiffs be found to have suffered damages as alleged in their Second

Amended Complaint, said damages were caused, in whole or in part, by the intentional conduct,

carelessness, negligence, act and/or omissions of Third-Party Defendant and not by any

carelessness, negligence, intentional acts or omissions by Arizin.

523.    Therefore, if, and in the event Plaintiffs recover any sum or judgment against

Arizin, then Arizin is entitled to indemnification by operation of the common law found

applicable thereto from Third-Party Defendant, for the full amount of any such sum or judgment.

524.    As such, Arizin may be entitled to tort-based common law indemnification from

Third-Party Defendant for any judgment entered against Arizin and for attorney's fees, costs, and

other expenses incurred by Arizin in defending itself in this action arising from Third-Party

Defendant's negligence or culpable conduct.

WHEREFORE, Defendant Arizin Ventures, LLC demands judgment in its favor over and against the Third-Party Defendant for contribution and common law indemnity pursuant to the foregoing under the laws found applicable thereto, and that the Court grant Arizin any other relief that it deems just and proper.

## ARIZIN'S CROSSCLAIMS AGAINST SPINIELLO COMPANIES

525.    In their Second Amended Complaint, Plaintiffs claim damages for the personal injuries and death of Lewis A. Katz caused by, among other things, the alleged breach of the duty of care owed by James McDowell and Bauke DeVries, the pilots of the subject aircraft (the "Pilots") involved in the Accident, to the decedent.  *See* Second Am. Compl. at ¶ 137.

526.    In particular, the Plaintiffs allege that the Pilots breached the duty of care in a number of ways, including the negligent operation of the aircraft.  *See id.*

527.    Plaintiffs also allege that the Pilots operated the subject aircraft in a hazardous manner, which negligently violated the operative safety procedures and/or the applicable standard of care, thereby resulting in the Accident.  *See id.* at ¶ 138.

528.    Plaintiffs allege that Spiniello Companies employed the Pilots and is therefore vicariously liable for their alleged acts and omissions.  *See id.* at ¶¶ 134-135.

529.    Accordingly, to the extent that any breach of the duty of care or negligence on the part of the Pilots as employees of Spiniello Companies caused or contributed in any way to the death of Plaintiffs' decedent, Spiniello Companies is liable for the breach of duty of care or negligence by the Pilots that caused or contributed to the Accident.

**ARIZIN'S CROSSCLAIMS FOR CONTRIBUTION AGAINST SPINIELLO COMPANIES PURSUANT TO THE LAW FOUND APPLICABLE THERETO INCLUDING MASS. GEN. LAWS CH.231B, § 1.**

530.     Arizin restates and alleges the allegations in Paragraphs 525 through 529, inclusive, of Arizin's Crossclaims Against Spiniello Companies as if fully set forth herein.

531.     Should Plaintiffs be found to have suffered damages as alleged in this Second Amended Complaint, due to any negligence or other culpable conduct other than their own, and if any judgment is received herein by Plaintiffs against Arizin, concerning which any such negligence or culpable conduct on the part of Arizin is denied, then Arizin will be damaged thereby.

532.     Therefore, Arizin demands judgment for contribution from Spiniello Companies and that Arizin have judgment over Spiniello Companies for all or part of any verdict of any judgment obtained by Plaintiffs against Arizin.

533.     Arizin is entitled to contribution from Spiniello Companies for any damages in excess of any proportionate share on the part of Arizin of the common liability, concerning which Arizin denies, if any, in accordance with the law found applicable thereto, including Mass. Gen. laws ch. 23B1, § 1(b).

**ARIZIN'S CROSSCLAIMS FOR COMMON LAW INDEMNIFICATION AGAINST SPINIELLO COMPANIES PURSUANT TO THE LAW FOUND APPLICABLE THERETO**

534.     Arizin restates and alleges the allegations in Paragraphs 525 through 533, inclusive, of Arizin's Crossclaims Against Spiniello Companies as if fully set forth herein.

535.     Should Plaintiffs be found to have suffered damages as alleged in their Second Amended Complaint, said damages were caused, in whole or in part, by the intentional conduct, carelessness, negligence, act and/or omissions of employee(s) of Spiniello Companies and not by any carelessness, negligence, intentional acts or omissions by Arizin.

536.     Therefore, if, and in the event Plaintiffs recover any sum or judgment against Arizin, then Arizin is entitled to indemnification by operation of the common law found applicable thereto from Spiniello Companies for the full amount of any such sum or judgment.

537.     As such, Arizin may be entitled to tort-based common law indemnification from Spiniello Companies for any judgment entered against Arizin and for attorney's fees, costs, and other expenses incurred by Arizin in defending itself in this action arising from the negligence or culpable conduct of Spiniello Companies.

WHEREFORE, Defendant Arizin Ventures, LLC demands judgment in its favor over and against Spiniello for contribution and common law indemnity pursuant to the foregoing under the laws found applicable thereto, and that the Court grant Arizin any other relief that it deems just and proper.

## ARIZIN'S CROSSCLAIMS AGAINST SK TRAVEL

538.     In their Second Amended Complaint, Plaintiffs claim damages for the personal injuries and death of Lewis A. Katz caused by, among other things, the alleged breach of the duty of care owed by the Pilots involved in the Accident, to the decedent.  *See* Second Am. Compl. at ¶ 164.

539.     In particular, the Plaintiffs allege that the Pilots breached the duty of care in a number of ways, including the negligent operation of the accident aircraft.  *See id.*

540.     Plaintiffs also allege that the Pilots operated the subject aircraft in a hazardous manner, which negligently violated the operative safety procedures and/or the applicable standard of care, thereby resulting in the Accident.  *See id.* at ¶ 165.

541.     In their Second Amended Complaint, Plaintiffs allege that Spiniello Companies employed the Pilots and is therefore vicariously liable for their alleged acts and omissions.  *See id.* at ¶¶ 134-135.

542.     In the alternative, Plaintiffs allege that SK Travel employed the Pilots and is therefore vicariously liable for their alleged acts and omissions.  *See id.* at ¶ 161.

543.     Accordingly, to the extent that Spinello Companies is not liable for any breach of the duty of care or negligence on the part of the Pilots that caused or contributed in any way to the death of Plaintiffs' decedent, and if the Pilots are found to be employees of SK Travel, then SK Travel is liable for such breach of the duty of care or negligence by the Pilots that caused or contributed to the Accident.

544.     In their Second Amended Complaint, Plaintiffs further allege that SK Travel is vicariously liable for the damages resulting from the ownership and operation of the subject aircraft, a dangerous instrumentality.  *See id.* at ¶¶ 170-176.

545.     In their Second Amended Complaint, Plaintiffs further allege that SK Travel is vicariously liable for the damages resulting from the ownership, possession, control, and operation of the subject aircraft.  *See id.* at ¶¶ 177-183.

546.     In their Second Amended Complaint, Plaintiffs further allege that SK Travel is liable for the damages resulting from the negligent repair and maintenance of the Subject aircraft.  *See id.* at ¶¶ 184-191.

**ARIZIN'S CROSSCLAIMS FOR CONTRIBUTION AGAINST SK TRAVEL PURSUANT TO THE LAW FOUND APPLICABLE THERETO INCLUDING MASS. GEN. LAWS CH.231B, § 1.**

547.     Arizin restates and alleges the allegations in Paragraphs 538 through 546, inclusive, of Arizin's Crossclaims against SK Travel as if fully set forth herein.

548.    Should Plaintiffs be found to have suffered damages as alleged in this Second

Amended Complaint, due to any negligence or other culpable conduct other than their own, and

if any judgment is received herein by Plaintiffs against Arizin, concerning which any such

negligence or culpable conduct on the part of Arizin is denied, then Arizin will be damaged

thereby.

549.    Therefore, Arizin demands judgment contribution from SK Travel and that Arizin

have judgment over SK Travel for all or part of any verdict of any judgment obtained by

Plaintiffs against Arizin.

550.    Arizin is entitled to contribution from SK Travel for any damages in excess of any

proportionate share on the part of Arizin of the common liability, concerning which Arizin

denies, if any, in accordance with the law found applicable thereto, including Mass. Gen. laws

ch. 23B1, § 1(b).

## ARIZIN'S CROSSCLAIMS FOR COMMON LAW INDEMNIFICATION AGAINST SK TRAVEL PURSUANT TO THE LAW FOUND APPLICABLE THERETO

551.    Arizin restates and alleges the allegations in Paragraphs 538 through 550,

inclusive, of Arizin's Crossclaims Against SK Travel as if fully set forth herein.

552.    Should Plaintiffs be found to have suffered damages as alleged in their Second

Amended Complaint, said damages were caused, in whole or in part, by the intentional conduct,

carelessness, negligence, act and/or omissions of employee(s) of SK Travel and not by any

carelessness, negligence, intentional acts or omissions by Arizin.

553.    Therefore, if, and in the event Plaintiffs recover any sum or judgment against

Arizin, then Arizin is entitled to indemnification by operation of the common law found

applicable thereto from SK Travel for the full amount of any such sum or judgment.

554.     As such, Arizin may be entitled to tort-based common law indemnification from SK Travel for any judgment entered against Arizin and for attorney's fees, costs, and other expenses incurred by Arizin in defending itself in this action arising from the negligence or culpable conduct of SK Travel.

WHEREFORE, Defendant Arizin Ventures, LLC demands judgment in its favor over and against SK Travel for contribution and common law indemnity pursuant to the foregoing under the laws found applicable thereto, and that the Court grant Arizin any other relief that it deems just and proper.


Date:  August 21, 2017                          Respectfully submitted,
                                                Attorneys for Defendant,
                                                Arizin Ventures, LLC

                                                */s/ James A. Ruggieri*
                                                James A. Ruggieri, Esq., #433770
                                                HIGGINS, CAVANAGH & COONEY, LLP
                                                123 Dyer Street, 4th Floor
                                                Providence, RI  02903
                                                Tel:  401-272-3500
                                                jruggieri@hcc-law.com

*Of Counsel:*
J. Denny Shupe, Esquire (admitted *pro hac vice*)
William Janicki, Esquire (admitted *pro hac vice*)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA  19103
Tel:  215-751-2300
Fax:  215-972-7413

## CERTIFICATE OF SERVICE

I, James A. Ruggieri, certify that on the 21st day of August, 2017, a true copy of the within document was filed electronically and it is available for viewing and downloading from the ECF system by all counsel of record.

*/s/  James A. Ruggieri*
James A. Ruggieri