# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Drew Katz and Melissa Silver, individually and as the Co-Personal Representatives of the Estate of LEWIS A. KATZ, deceased,<br><br>                     Plaintiffs,<br>      v.<br><br>SPINIELLO COMPANIES, *et al.*,<br><br>                    Defendants.<br>------------------------------------------------<br>SK TRAVEL, LLC, SPINIELLO COMPANIES, and ARIZIN VENTURES, LLC,<br><br>                     Third-Party Plaintiffs,<br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>                     Third-Party Defendant. | Civil Action No.: 16-cv-11380 (DJC)(DLC) |

## ANSWER OF DEFENDANT SK TRAVEL, LLC
## TO PLAINTIFFS' CORRECTED SECOND AMENDED COMPLAINT

Defendant SK TRAVEL, LLC ("SK Travel"), by and through its attorneys Manion Gaynor & Manning, LLP and Condon & Forsyth LLP, hereby answers Plaintiffs' Corrected Second Amended Complaint and Demand for Trial by Jury [D.E. 229] ("Second Amended Complaint") as follows:

## GENERAL ALLEGATIONS

1.      SK Travel denies the allegations as stated in Paragraph 1 of the Second Amended Complaint except admits that it is a limited liability company organized under the laws of North Carolina and that it owned the Gulfstream G-IV aircraft (FAA Reg. No. N121JM) (the "Subject

Aircraft") that was involved in the May 31, 2014 accident at Hanscom Field in Bedford, Massachusetts (the "Subject Accident").

2.      SK Travel admits the allegations in Paragraph 2 of the Second Amended Complaint.

3.      Paragraph 3 of the Second Amended Complaint contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.  To the extent that Paragraph 3 is intended to or could be construed as containing allegations directed at SK Travel, SK Travel denies the allegations in Paragraph 3 of the Second Amended Complaint.

4.      Paragraph 4 of the Second Amended Complaint contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.  To the extent that Paragraph 4 is intended to or could be construed as containing allegations directed at SK Travel, SK Travel denies the allegations in Paragraph 4 of the Second Amended Complaint.

5.      Paragraph 5 of the Second Amended Complaint contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.  To the extent that Paragraph 5 is intended to or could be construed as containing allegations directed at SK Travel, SK Travel denies the allegations in Paragraph 5 of the Second Amended Complaint.

## THE PARTIES

6.      SK Travel denies the allegations as stated in Paragraph 6 of the Second Amended Complaint except admits that Plaintiffs Drew Katz and Melissa Silver are the children of Lewis A. Katz and have been appointed Co-Personal Representatives of his Estate.

7.      SK Travel admits the allegations in Paragraph 7 of the Second Amended Complaint.

8.      SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Second Amended Complaint.

9.      SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Second Amended Complaint except admits that SK Travel entered into a dry-lease agreement for the Subject Aircraft with Arizin Ventures, LLC ("Arizin").

10.      SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Second Amended Complaint.

11.      SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Second Amended Complaint.

12.      SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Second Amended Complaint.

13.      SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Second Amended Complaint.

14.      SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Second Amended Complaint.

15.      SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Second Amended Complaint.

16.      SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Second Amended Complaint.

17.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Second Amended Complaint.

18.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Second Amended Complaint.

## SUBJECT MATTER JURISDICTION

19.     Paragraph 19 of the Second Amended Complaint contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court. To the extent that Paragraph 19 is intended to or could be construed as containing allegations directed at SK Travel, SK denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Second Amended Complaint.

## PERSONAL JURISDICTION

20.     Paragraph 20 of the Second Amended Complaint is directed at the Massachusetts Port Authority ("Massport") and contains conclusions of law to which no response is necessary. SK Travel leaves all questions of law to be decided by the Court.  To the extent that Paragraph 20 is intended to or could be construed as containing allegations directed at SK Travel, SK denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Second Amended Complaint.

21.     Paragraph 21 of the Second Amended Complaint is directed at Massport and contains conclusions of law to which no response is necessary.  SK Travel leaves all questions of law to be decided by the Court. To the extent that Paragraph 21 is intended to or could be construed as containing allegations directed at SK Travel, SK denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Second Amended Complaint.

22.     Paragraph 22 of the Second Amended Complaint contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.   To the extent that Paragraph 22 is intended to or could be construed as containing allegations directed at SK Travel, SK denies the allegations in Paragraph 22 of the Second Amended Complaint.

23.     Paragraph 23 of the Second Amended Complaint is not directed at SK Travel and contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.   To the extent that Paragraph 23 is intended to or could be construed as containing allegations directed at SK Travel, SK denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Second Amended Complaint.

24.     Paragraph 24 of the Second Amended Complaint contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.   To the extent that Paragraph 24 is intended to or could be construed as containing allegations directed at SK Travel, SK denies the allegations in Paragraph 24 of the Second Amended Complaint.

25.     SK Travel denies the allegations as stated in Paragraph 25 of the Second Amended Complaint except admits that it owned the Subject Aircraft.

26.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Second Amended Complaint except admits that SK Travel leased the Subject Aircraft to Arizin on the date of the accident pursuant to a dry-lease agreement it had with Arizin.

27.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Second Amended Complaint.

28.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Second Amended Complaint.

29.     Paragraph 29 of the Second Amended Complaint is not directed at SK Travel and contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court. To the extent that Paragraph 29 is intended to or could be construed as containing allegations directed at SK Travel, SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Second Amended Complaint.

30.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Second Amended Complaint.

31.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Second Amended Complaint.

32.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Second Amended Complaint.

33.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Second Amended Complaint.[1]

35.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Second Amended Complaint.

36.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Second Amended Complaint.

---

[1] In order to maintain consistent numbering with the Paragraphs contained in the Second Amended Complaint, this Answer does not contain a Paragraph 34.

37.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Second Amended Complaint.

38.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Second Amended Complaint.

39.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Second Amended Complaint.

39.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Second Amended Complaint.[2]

40.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Second Amended Complaint.

41.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Second Amended Complaint.

42.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Second Amended Complaint.

43.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Second Amended Complaint.

44.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Second Amended Complaint.

45.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Second Amended Complaint.

46.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Second Amended Complaint.

---

[2] The Second Amended Complaint contains two Paragraphs numbered 39.

47.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Second Amended Complaint.

48.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Second Amended Complaint.

49.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Second Amended Complaint.

50.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Second Amended Complaint.

51.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Second Amended Complaint.

52.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Second Amended Complaint.

53.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Second Amended Complaint.

54.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Second Amended Complaint.

55.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Second Amended Complaint.

## **VENUE**

56.     Paragraph 56 of the Second Amended Complaint is directed at Massport and contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.  To the extent that Paragraph 56 is intended to or could be construed as containing allegations directed at SK Travel, SK denies knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Second Amended Complaint.

57.     Paragraph 57 of the Second Amended Complaint is directed at Massport and contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.  To the extent that Paragraph 57 is intended to or could be construed as containing allegations directed at SK Travel, SK denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Second Amended Complaint.

58.     Paragraph 58 of the Second Amended Complaint contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.  To the extent that Paragraph 58 is intended to or could be construed as containing allegations directed at SK Travel, SK denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Second Amended Complaint.

## THE FACTS

### Introduction

59.     SK Travel denies the allegations as stated in Paragraph 59 of the Second Amended Complaint except admits that the Subject Aircraft was involved in an accident at Hanscom Field that resulted in the deaths of all individuals onboard the aircraft, including James McDowell, Bauke de Vries, and Lewis A. Katz.

60.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Second Amended Complaint.

61.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Second Amended Complaint.

62.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Second Amended Complaint.

### Allegations Relating to the Sequence of Events and the Pilots

63.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Second Amended Complaint, except SK Travel admits that, on May 31, 2014, the Subject Aircraft departed New Castle Airport for Atlantic City International Airport and later arrived at Hanscom Field.

64.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Second Amended Complaint.

65.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Second Amended Complaint.

66.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Second Amended Complaint.[3]

68.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Second Amended Complaint.

69.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Second Amended Complaint.

70.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Second Amended Complaint.

71.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Second Amended Complaint.

---

[3] In order to maintain consistent numbering with the Paragraphs contained in the Second Amended Complaint, this Answer does not contain a Paragraph 67.

72.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Second Amended Complaint.

73.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Second Amended Complaint.

74.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Second Amended Complaint.

75.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Second Amended Complaint.

76.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Second Amended Complaint.

77.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Second Amended Complaint.

78.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Second Amended Complaint.

79.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Second Amended Complaint.

80.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Second Amended Complaint.

81.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Second Amended Complaint.

82.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Second Amended Complaint.

83.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Second Amended Complaint.

84.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Second Amended Complaint.

85.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Second Amended Complaint.

86.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the Second Amended Complaint.

87.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Second Amended Complaint.

88.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Second Amended Complaint.

89.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of the Second Amended Complaint.

90.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 of the Second Amended Complaint.

91.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 of the Second Amended Complaint.

92.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 of the Second Amended Complaint.

93.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 of the Second Amended Complaint.

94.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 of the Second Amended Complaint.

95.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 of the Second Amended Complaint.

96.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 of the Second Amended Complaint.

**Allegations Relating to the Owners and Operators of the Subject Aircraft**

97.     SK Travel denies the allegations as stated in Paragraph 97 of the Second Amended Complaint.

98.     SK Travel admits the allegations in Paragraph 98 of the Second Amended Complaint.

99.     SK Travel denies the allegations as stated in Paragraph 99 of the Second Amended Complaint except admits that it entered into a dry-lease agreement with Arizin.

100.    SK Travel denies the allegations as stated in Paragraph 100 of the Second Amended Complaint except admits that it entered into a dry-lease agreement with Arizin.

101.    SK Travel denies the allegations as stated in Paragraph 101 of the Second Amended Complaint except admits that it entered into a dry-lease agreement with Arizin.

**Allegations Relating to the Products**

102.    SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the Second Amended Complaint.

103.    SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of the Second Amended Complaint.

104.    SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 of the Second Amended Complaint.

105.    SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 of the Second Amended Complaint.

106.    SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 of the Second Amended Complaint.

107.    SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the Second Amended Complaint.

**Allegations Relating to Gulfstream's Representations to the FAA**

108.    SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 of the Second Amended Complaint.

109.    SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 of the Second Amended Complaint.

110.    SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 of the Second Amended Complaint.

111.    SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 of the Second Amended Complaint.

112.    SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 of the Second Amended Complaint.

113.    SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 of the Second Amended Complaint.

114.    SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Second Amended Complaint.

115.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 of the Second Amended Complaint.

116.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 of the Second Amended Complaint.

117.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 of the Second Amended Complaint.

118.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 of the Second Amended Complaint.

**Allegations Relating to the Gulfstream Defendants'**
**Maintenance, Inspections, and Repairs**

119.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 of the Second Amended Complaint except SK Travel admits that Gulfstream Aerospace Corporation of Georgia ("Gulfstream") routinely repaired, inspected, and serviced the Subject Aircraft while it was owned by SK Travel.

120.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 of the Second Amended Complaint.

121.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 of the Second Amended Complaint except SK Travel admits that Gulfstream inspected the Subject Aircraft less than two years prior to the accident.

**Allegations Relating to Massport**

122.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 of the Second Amended Complaint.

123.     SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 of the Second Amended Complaint.

124.    SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 of the Second Amended Complaint.

125.    SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 of the Second Amended Complaint.

126.    SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 of the Second Amended Complaint.

127.    SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 of the Second Amended Complaint.

128.    SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 of the Second Amended Complaint.

129.    SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 of the Second Amended Complaint.

130.    SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 of the Second Amended Complaint.

131.    SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 of the Second Amended Complaint.

132.    SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 of the Second Amended Complaint.

**COUNT 1**
**CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE AND VICARIOUS LIABILITY PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21 AGAINST SPINIELLO**

133.    Answering Paragraph 133 of the Second Amended Complaint, SK Travel incorporates by reference its responses to Paragraphs 1 through 132, inclusive, of this Answer as if fully set forth herein.

134-142.     Paragraphs 134 through 142 of the Second Amended Complaint (*i.e.*, Count 1) are directed at Spiniello Companies ("Spiniello") and, therefore, require no response from SK Travel.  To the extent that Paragraphs 134 through 142 are intended to contain or could be construed as containing allegations directed at SK Travel, SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## COUNT 2
## CLAIM OF CONSCIOUS SUFFERING PURSUANT TO MASS. GEN. LAWS CH. 229 § 6 AGAINST SPINIELLO

143.     Answering Paragraph 143 of the Second Amended Complaint, SK Travel incorporates by reference its responses to Paragraphs 1 through 142, inclusive, of this Answer as if fully set forth herein.

144-152.     Paragraphs 144 through 152 of the Second Amended Complaint (*i.e.*, Count 2) are directed at Spiniello and, therefore, require no response from SK Travel.  To the extent that Paragraphs 144 through 152 are intended to contain or could be construed as containing allegations directed at SK Travel, SK Travel denies knowledge of information sufficient to form a belief as to the truth of the allegations.

## COUNT 3
## CLAIM FOR PUNITIVE DAMAGES PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AGAINST SPINIELLO

153.     Answering Paragraph 153 of the Second Amended Complaint, SK Travel incorporates by reference its responses to Paragraphs 1 through 152, inclusive, of this Answer as if fully set forth herein.

154-159.     Paragraphs 154 through 159 of the Second Amended Complaint (*i.e.*, Count 3) are directed at Spiniello and, therefore, require no response from SK Travel.  To the extent that Paragraphs 154 through 159 are intended to contain or could be construed as

containing allegations directed at SK Travel, SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations.

**COUNT 4**
**CLAIM OF WRONGFUL DEATH PREDICATED ON**
**NEGLIGENCE AND VICARIOUS LIABILITY  PURSUANT TO**
**MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21 AGAINST SK TRAVEL**

160.    Answering Paragraph 160 of the Second Amended Complaint, SK Travel incorporates by reference its responses to Paragraphs 1 through 159, inclusive, of this Answer as if fully set forth herein.

161.    SK Travel denies the allegations in Paragraph 161 of the Second Amended Complaint.

162.    Paragraph 162 of the Second Amended Complaint contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.  To the extent that Paragraph 162 is intended to contain or could be construed as containing allegations against SK Travel, SK Travel denies the allegations.

163.    Paragraph 163 of the Second Amended Complaint contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.  To the extent that Paragraph 163 is intended to contain or could be construed as containing allegations against SK Travel, SK Travel denies the allegations.

164.    Paragraph 164 of the Second Amended Complaint contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.  To the extent that Paragraph 164 is intended to contain or could be construed as containing allegations against SK Travel, SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations.

165.    Paragraph 165 of the Second Amended Complaint contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.   To the extent that Paragraph 165 is intended to contain or could be construed as containing allegations against SK Travel, SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations.

166.    Paragraph 166 of the Second Amended Complaint contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.   To the extent that Paragraph 166, is intended to contain or could be construed as containing allegations against SK Travel, SK Travel denies the allegations.

167.    Paragraph 167 of the Second Amended Complaint contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.   To the extent that Paragraph 167, is intended to contain or could be construed as containing allegations against SK Travel, SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations.

168.    Paragraph 168 of the Second Amended Complaint contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.   To the extent that Paragraph 168, is intended to contain or could be construed as containing allegations against SK Travel, SK Travel denies the allegations.

169.    Paragraph 169 of the Second Amended Complaint contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.   To the extent that Paragraph 169, is intended to contain or could be construed as containing allegations against SK Travel, SK Travel denies the allegations.

**COUNT 5**
**CLAIM OF WRONGFUL DEATH PREDICATED ON**
**COMMON LAW DANGEROUS INSTRUMENTALITY LIABILITY PURSUANT**
**TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21 AGAINST SK TRAVEL**

170.     Answering Paragraph 170 of the Second Amended Complaint, SK Travel incorporates by reference its responses to Paragraphs 1 through 169, inclusive, of this Answer as if fully set forth herein.

171.     Paragraph 171 of the Second Amended Complaint contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.   To the extent that Paragraph 171 is intended to contain or could be construed as containing allegations against SK Travel, SK Travel denies the allegations as stated except admits that it was the registered owner of the Subject Aircraft.

172.     SK Travel denies the allegations in Paragraph 172 of the Second Amended Complaint.

173.     SK Travel denies the allegations in Paragraph 173 of the Second Amended Complaint.

174.     Paragraph 174 of the Second Amended Complaint contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.   To the extent that Paragraph 174 is intended to contain or could be construed as containing allegations against SK Travel, SK Travel denies the allegations.

175.     Paragraph 175 of the Second Amended Complaint contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.   To the extent that Paragraph 175 is intended to contain or could be construed as containing allegations against SK Travel, SK Travel denies the allegations.

176.     Paragraph 176 of the Second Amended Complaint contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.   To the extent that Paragraph 176 is intended to contain or could be construed as containing allegations against SK Travel, SK Travel denies the allegations.

### COUNT 6
### CLAIM OF WRONGFUL DEATH PREDICATED ON VICARIOUS LIABILITY PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21 AGAINST SK TRAVEL

177.     Answering Paragraph 177 of the Second Amended Complaint, SK Travel incorporates by reference its responses to Paragraphs 1 through 176, inclusive, of this Answer as if fully set forth herein.

178.     SK Travel admits the allegations in Paragraph 178 of the Second Amended Complaint.

179.     SK Travel denies the allegations in Paragraph 179 of the Second Amended Complaint.

180.     SK Travel denies the allegations in Paragraph 180 of the Second Amended Complaint.

181.     Paragraph 181 of the Second Amended Complaint contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.   To the extent that Paragraph 181 is intended to contain or could be construed as containing allegations against SK Travel, SK Travel denies the allegations.

182.     Paragraph 182 of the Second Amended Complaint contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.   To the extent that Paragraph 182 is intended to contain or could be construed as containing allegations against SK Travel, SK Travel denies the allegations.

183.    Paragraph 183 of the Second Amended Complaint contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.   To the extent that Paragraph 183 is intended to contain or could be construed as containing allegations against SK Travel, SK Travel denies the allegations.

**COUNT 7**
**CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE**
**PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21**
**AGAINST SK TRAVEL**

184.    Answering Paragraph 184 of the Second Amended Complaint, SK Travel incorporates by reference its responses to Paragraphs 1 through 183, inclusive, of this Answer as if fully set forth herein.

185.    SK Travel admits the allegations in Paragraph 185 of the Second Amended Complaint.

186.    Paragraph 186 of the Second Amended Complaint contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.   To the extent that Paragraph 186 is intended to contain or could be construed as containing allegations against SK Travel, SK Travel denies the allegations.

187.    Paragraph 187 of the Second Amended Complaint contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.   To the extent that Paragraph 187 is intended to contain or could be construed as containing allegations against SK Travel, SK Travel denies the allegations.

188.    Paragraph 188 of the Second Amended Complaint contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.   To the extent that Paragraph 188 is intended to contain or could be construed as containing allegations against SK Travel, SK Travel denies the allegations.

189.     Paragraph 189 of the Second Amended Complaint contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.   To the extent that Paragraph 189 is intended to contain or could be construed as containing allegations against SK Travel, SK Travel denies the allegations.

190.     Paragraph 190 of the Second Amended Complaint contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.   To the extent that Paragraph 190 is intended to contain or could be construed as containing allegations against SK Travel, SK Travel denies the allegations.

191.     Paragraph 191 of the Second Amended Complaint contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.   To the extent that Paragraph 191 is intended to contain or could be construed as containing allegations against SK Travel, SK Travel denies the allegations.

**COUNT 8**
**CLAIM OF CONSCIOUS SUFFERING PURSUANT**
**TO MASS. GEN. LAWS CH. 229 § 6 AGAINST SK TRAVEL**

192.     Answering Paragraph 192 of the Second Amended Complaint, SK Travel incorporates by reference its responses to Paragraphs 1 through 191, inclusive, of this Answer as if fully set forth herein.

193.     SK Travel admits the allegations in Paragraph 193 of the Second Amended Complaint.

194.     SK Travel denies the allegations in Paragraph 194 of the Second Amended Complaint.

195.     SK Travel denies the allegations in Paragraph 195 of the Second Amended Complaint.

196.    Paragraph 196 of the Second Amended Complaint contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.   To the extent that Paragraph 196 is intended to contain or could be construed as containing allegations against SK Travel, SK Travel denies the allegations.

197.    Paragraph 197 of the Second Amended Complaint contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.   To the extent that Paragraph 197 is intended to contain or could be construed as containing allegations against SK Travel, SK Travel denies the allegations.

198.    Paragraph 198 of the Second Amended Complaint contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.   To the extent that Paragraph 198 is intended to contain or could be construed as containing allegations against SK Travel, SK Travel denies the allegations.

199.    Paragraph 199 of the Second Amended Complaint contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.   To the extent that Paragraph 199 is intended to contain or could be construed as containing allegations against SK Travel, SK Travel denies the allegations.

200.    Paragraph 200 of the Second Amended Complaint contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the Court.   To the extent that Paragraph 200 is intended to contain or could be construed as containing allegations against SK Travel, SK Travel denies the allegations.

201.    Paragraph 201 of the Second Amended Complaint contains conclusions of law to which no response is necessary; SK Travel leaves all questions of law to be decided by the

Court.   To the extent that Paragraph 201 is intended to contain or could be construed as containing allegations against SK Travel, SK Travel denies the allegations.

### COUNT 9
### CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE AND VICARIOUS LIABILITY PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21 AGAINST ARIZIN

202.   Answering Paragraph 202 of the Second Amended Complaint, SK Travel incorporates by reference its responses to Paragraphs 1 through 201, inclusive, of this Answer as if fully set forth herein.

203-211.   Paragraphs 203 through 211 of the Second Amended Complaint (*i.e.*, Count 9) are exclusively directed at Arizin and, therefore, require no response from SK Travel. To the extent that Paragraphs 203 through 211 are intended to contain or could be construed as containing allegations directed at SK Travel, SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations.

### COUNT 10
### CLAIM OF WRONGFUL DEATH PREDICATED ON COMMON LAW DANGEROUS INSTRUMENTALITY LIABILITY PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AGAINST ARIZIN

212.   Answering Paragraph 212 of the Second Amended Complaint, SK Travel incorporates by reference its responses to Paragraphs 1 through 211, inclusive, of this Answer as if fully set forth herein.213-221.

213-221.   Paragraphs 213 through 221 of the Second Amended Complaint (*i.e.*, Count 10) are directed at Arizin and, therefore, require no response from SK Travel.   To the extent that Paragraphs 213 through 221 are intended to contain or could be construed as containing allegations directed at SK Travel, SK Travel denies knowledge or information

sufficient to form a belief as to the truth of the allegations except admits that SK Travel entered into a dry-lease agreement with Arizin for the Subject Aircraft.

## COUNT 11
## CLAIM OF WRONGFUL DEATH PREDICATED ON VICARIOUS LIABILITY PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21 AGAINST ARIZIN

222.    Answering Paragraph 222 of the Second Amended Complaint, SK Travel incorporates by reference its responses to Paragraphs 1 through 221, inclusive, of this Answer as if fully set forth herein.

223-228.    Paragraphs 223 through 228 of the Second Amended Complaint (*i.e.*, Count 11) are directed at Arizin and, therefore, require no response from SK Travel.  To the extent that Paragraphs 223 through 228 are intended to contain or could be construed as containing allegations directed at SK Travel, SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations except admits that SK Travel entered into a dry-lease agreement with Arizin for the Subject Aircraft.

## COUNT 12
## CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21 AGAINST ARIZIN

229.    Answering Paragraph 229 of the Second Amended Complaint, SK Travel incorporates by reference its responses to Paragraphs 1 through 228, inclusive, of this Answer as if fully set forth herein.

230-239.    Paragraphs 230 through 239 of the Second Amended Complaint (*i.e.*, Count 12) are directed at Arizin and, therefore, require no response from SK Travel.  To the extent that Paragraphs 230 through 239 are intended to contain or could be construed as containing allegations directed at SK Travel, SK Travel denies knowledge or information

sufficient to form a belief as to the truth of the allegations except admits that SK Travel entered into a dry-lease agreement with Arizin for the Subject Aircraft.

## COUNT 13
## CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF NEGLIGENCE PURSUANT TO MASS. GEN. LAWS CH. 229 § 6 AGAINST ARIZIN

240.    Answering Paragraph 240 of the Second Amended Complaint, SK Travel incorporates by reference its responses to Paragraphs 1 through 239, inclusive, of this Answer as if fully set forth herein.

241-256.    Paragraphs 241 through 256 of the Second Amended Complaint (*i.e.*, Count 13) are directed at Arizin and, therefore, require no response from SK Travel.  To the extent that Paragraphs 241 through 256 are intended to contain or could be construed as containing allegations directed at SK Travel, SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations except admits that SK Travel entered into a dry-lease agreement with Arizin for the Subject Aircraft.

## COUNT 14
## CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21 AGAINST THE ESTATES OF JAMES MCDOWELL AND BAUKE DE VRIES

257.    Answering Paragraph 257 of the Second Amended Complaint, SK Travel incorporates by reference its responses to Paragraphs 1 through 256, inclusive, of this Answer as if fully set forth herein.

258-264.    Paragraphs 258 through 264 of the Second Amended Complaint (*i.e.*, Count 14) are directed at the Estate of James McDowell ("McDowell Estate") and the Estate of Bauke de Vries ("de Vries Estate") and, therefore, require no response from SK Travel.  To the extent that Paragraphs 258 through 264 are intended to contain or could be construed as

containing allegations directed at SK Travel, SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations.

**COUNT 15**
**CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF NEGLIGENCE**
**PURSUANT TO MASS. GEN. LAWS CH. 229 § 6 AGAINST**
**DEFENDANTS MCDOWELL AND DE VRIES**

265.   Answering Paragraph 265 of the Second Amended Complaint, SK Travel incorporates by reference its responses to Paragraphs 1 through 264, inclusive, of this Answer as if fully set forth herein.

266-272.   Paragraphs 266 through 272 of the Second Amended Complaint (*i.e.*, Count 15) are directed at the McDowell Estate and the de Vries Estate and, therefore, require no response from SK Travel.  To the extent that Paragraphs 266 through 272 are intended to contain or could be construed as containing allegations directed at SK Travel, SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations.

**COUNT 16**
**CLAIM OF WRONGFUL DEATH PREDICATED ON THE BREACH OF**
**THE IMPLIED WARRANTY OF MERCHANTABILITY PURSUANT TO**
**MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21 AGAINST GULFSTREAM**

273.   Answering Paragraph 273 of the Second Amended Complaint, SK Travel incorporates by reference its responses to Paragraphs 1 through 272, inclusive, of this Answer as if fully set forth herein.

274-286.   Paragraphs 274 through 286 of the Second Amended Complaint (*i.e.*, Count 16) are directed at Gulfstream and, therefore, require no response from SK Travel.  To the extent that Paragraphs 274 through 286 are intended to contain or could be construed as containing allegations directed at SK Travel, SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## COUNT 17
## CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF
## THE BREACH OF THE WARRANTY OF MERCHANTABILITY
## PURSUANT TO MASS. GEN. LAWS CH. 229 § 6 AGAINST GULFSTREAM

287.    Answering Paragraph 287 of the Second Amended Complaint, SK Travel incorporates by reference its responses to Paragraphs 1 through 286, inclusive, of this Answer as if fully set forth herein.

288-301.    Paragraphs 288 through 301 of the Second Amended Complaint (*i.e.*, Count 17) are directed at Gulfstream and, therefore, require no response from SK Travel.  To the extent that Paragraphs 288 through 301 are intended to contain or could be construed as containing allegations directed at SK Travel, SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## COUNT 18
## CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE PURSUANT TO
## MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21 AGAINST GULFSTREAM

302.    Answering Paragraph 302 of the Second Amended Complaint, SK Travel incorporates by reference its responses to Paragraphs 1 through 301, inclusive, of this Answer as if fully set forth herein.

303-316.    Paragraphs 303 through 316 of the Second Amended Complaint (*i.e.*, Count 18) are directed at Gulfstream and, therefore, require no response from SK Travel.  To the extent that Paragraphs 303 through 316 are intended to contain or could be construed as containing allegations directed at SK Travel, SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## COUNT 19
## CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF NEGLIGENCE
## PURSUANT TO MASS. GEN. LAWS CH. 229 § 6 AGAINST GULFSTREAM

317. Answering Paragraph 317 of the Second Amended Complaint, SK Travel incorporates by reference its responses to Paragraphs 1 through 316, inclusive, of this Answer as if fully set forth herein.

318-333. Paragraphs 318 through 333 of the Second Amended Complaint (*i.e.*, Count 19) are directed at Gulfstream and, therefore, require no response from SK Travel. To the extent that Paragraphs 318 through 333 are intended to contain or could be construed as containing allegations directed at SK Travel, SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## COUNT 20
## CLAIM FOR PUNITIVE DAMAGES PURSUANT TO
## MASS. GEN. LAWS CH. 229 § 2 AGAINST GULFSTREAM

334. Answering Paragraph 334 of the Second Amended Complaint, SK Travel incorporates by reference its responses to Paragraphs 1 through 333, inclusive, of this Answer as if fully set forth herein.

335-339. Paragraphs 335 through 339 of the Second Amended Complaint (*i.e.*, Count 20) are directed at Gulfstream and, therefore, require no response from SK Travel. To the extent that Paragraphs 335 through 339 are intended to contain or could be construed as containing allegations directed at SK Travel, SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## COUNT 21
## CLAIM OF UNFAIR AND DECEPTIVE TRADE PRACTICES
## PURSUANT TO MASS. GEN. LAWS CH. 93A § 2 AGAINST GULFSTREAM

340.     Answering Paragraph 340 of the Second Amended Complaint, SK Travel incorporates by reference its responses to Paragraphs 1 through 339, inclusive, of this Answer as if fully set forth herein.

341-358.     Paragraphs 341 through 358 of the Second Amended Complaint (*i.e.*, Count 21) are directed at Gulfstream and, therefore, require no response from SK Travel.  To the extent that Paragraphs 341 through 358 are intended to contain or could be construed as containing allegations directed at SK Travel, SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## COUNT 22
## CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE PURSUANT TO
## MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21 AGAINST
## GULFSTREAM AND GULFSTREAM SERVICES

359.     Answering Paragraph 359 of the Second Amended Complaint, SK Travel incorporates by references its responses to Paragraphs 1 through 358, inclusive, of this Answer as if fully set forth herein.

360-369.     Paragraphs 360 through 369 of the Second Amended Complaint (*i.e.*, Count 22) are directed at Gulfstream and Gulfstream Aerospace Services Corporation ("Gulfstream Services") and, therefore, require no response from SK Travel.  To the extent that Paragraphs 360 through 369 are intended to contain or could be construed as containing allegations directed at SK Travel, SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## COUNT 23
## CLAIM OF WRONGFUL DEATH PREDICATED ON BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21 AGAINST ROCKWELL COLLINS

370.    Answering Paragraph 370 of the Second Amended Complaint, SK Travel incorporates by reference its responses to Paragraphs 1 through 369, inclusive, of this Answer as if fully set forth herein.

371-378.    Paragraphs 371 through 378 of the Second Amended Complaint (*i.e.*, Count 23) are directed at Rockwell Collins, Inc. ("Rockwell Collins") and, therefore, require no response from SK Travel.  To the extent that Paragraphs 371 through 378 are intended to contain or could be construed as containing allegations directed at SK Travel, SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## COUNT 24
## CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF THE BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY PURSUANT TO MASS. GEN. LAWS CH. 229 § 6 AGAINST ROCKWELL COLLINS

379.    Answering Paragraph 379 of the Second Amended Complaint, SK Travel incorporates by reference its responses to Paragraphs 1 through 378, inclusive, of this Answer as if fully set forth herein.

380-388.    Paragraphs 380 through 388 of the Second Amended Complaint (*i.e.*, Count 24) are directed at Rockwell Collins and, therefore, require no response from SK Travel. To the extent that Paragraphs 380 through 388 are intended to contain or could be construed as containing allegations directed at SK Travel, SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## COUNT 25
## CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE
## PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21
## AGAINST ROCKWELL COLLINS

389.    Answering Paragraph 389 of the Second Amended Complaint, SK Travel incorporates by reference its responses to Paragraphs 1 through 388, inclusive, of this Answer as if fully set forth herein.

390-400.    Paragraphs 390 through 400 of the Second Amended Complaint (*i.e.*, Count 25) are directed at Rockwell Collins and, therefore, require no response from SK Travel. To the extent that Paragraphs 390 through 400 are intended to contain or could be construed as containing allegations directed at SK Travel, SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## COUNT 26
## CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF NEGLIGENCE PURSUANT
## TO MASS. GEN. LAWS CH. 229 § 6 AGAINST ROCKWELL COLLINS

401.    Answering Paragraph 401 of the Second Amended Complaint, SK Travel incorporates by reference its responses to Paragraphs 1 through 400, inclusive, of this Answer as if fully set forth herein.

402-413.    Paragraphs 402 through 413 of the Second Amended Complaint (*i.e.*, Count 26) are directed at Rockwell Collins and, therefore, require no response from SK Travel. To the extent that Paragraphs 402 through 413 are intended to contain or could be construed as containing allegations directed at SK Travel, SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations.

**COUNT 27**
**CLAIM OF UNFAIR AND DECEPTIVE TRADE PRACTICES**
**PURSUANT TO MASS. GEN. LAWS CH. 93A § 2 AGAINST ROCKWELL COLLINS**[4]

414.    Answering Paragraph 414 of the Second Amended Complaint, SK Travel incorporates by reference its responses to Paragraphs 1 through 413, inclusive, of this Answer as if fully set forth herein.

415-429.    Paragraphs 415 through 429 of the Second Amended Complaint (*i.e.*, Count 27) are directed at Rockwell Collins and, therefore, require no response from SK Travel. To the extent that Paragraphs 415 through 429 are intended to contain or could be construed as containing allegations directed at SK Travel, SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations.

**COUNT 28**
**CLAIM FOR WRONGFUL DEATH PREDICATED ON THE BREACH**
**OF THE IMPLIED WARRANTY OF MERCHANTABILITY PURSUANT TO**
**MASS GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21 AGAINST HONEYWELL**

430.    Answering, Paragraph 430 of the Second Amended Complaint, SK Travel incorporates by reference its responses to Paragraphs 1 through 429, inclusive, of this Answer as if fully set forth herein.

431-438.    Paragraphs 431 through 438 of the Second Amended Complaint (*i.e.*, Count 28) are directed at Honeywell International, Inc. ("Honeywell") and, therefore, require no response from SK Travel.  To the extent that Paragraphs 431 through 438 are intended to contain or could be construed as containing allegations directed at SK Travel, SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations.

---

[4] It is SK Travel's understanding that Plaintiffs intended to name Rockwell Collins, not Gulfstream, in the heading for Count 27 of the Second Amended Complaint.

**COUNT 29**
**CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF THE BREACH OF**
**IMPLIED WARRANTY OF MERCHANTABILITY PURSUANT TO**
**MASS. GEN. LAWS CH. 229 § 6 AGAINST HONEYWELL**

439.     Answering Paragraph 439 of the Second Amended Complaint, SK Travel incorporates by reference its responses to Paragraphs 1 through 438, inclusive, of this Answer as if fully set forth herein.

440-448.       Paragraphs 440 through 448 of the Second Amended Complaint (*i.e.*, Count 29) are directed at Honeywell and, therefore, require no response from SK Travel.  To the extent that Paragraphs 440 through 448 are intended to contain or could be construed as containing allegations directed at SK Travel, SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations.

**COUNT 30**
**CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE PURSUANT TO**
**MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21 AGAINST HONEYWELL**

449.     Answering Paragraph 449 of the Second Amended Complaint, SK Travel incorporates by reference its responses to Paragraphs 1 through 448, inclusive, of this Answer as if fully set forth herein.

450-460.       Paragraphs 450 through 460 of the Second Amended Complaint (*i.e.*, Count 30) are directed at Honeywell and, therefore, require no response from SK Travel.  To the extent that Paragraphs 450 through 460 are intended to contain or could be construed as containing allegations directed at SK Travel, SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations.

**COUNT 31**
**CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF NEGLIGENCE PURSUANT TO MASS. GEN. LAWS CH. 229 § 6 AGAINST HONEYWELL**

461.    Answering Paragraph 461 of the Second Amended Complaint, SK Travel incorporates by reference its responses to Paragraphs 1 through 460, inclusive, of this Answer as if fully set forth herein.

462-473.    Paragraphs 462 through 473 of the Second Amended Complaint (*i.e.*, Count 31) are directed at Honeywell and, therefore, require no response from SK Travel.  To the extent that Paragraphs 462 through 473 are intended to contain or could be construed as containing allegations directed at SK Travel, SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations.

**COUNT 32**
**CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21 AGAINST MASSPORT**

474.    Answering Paragraph 474 of the Second Amended Complaint, SK Travel incorporates by reference its responses to Paragraphs 1 through 473, inclusive, of this Answer as if fully set forth herein.

475-488.    Paragraphs 475 through 488 of the Second Amended Complaint (*i.e.*, Count 32) are directed at Massport and, therefore, require no response from SK Travel.  To the extent that Paragraphs 475 through 488 are intended to contain or could be construed as containing allegations directed at SK Travel, SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations.

**COUNT 33**
**CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF NEGLIGENCE**
**PURSUANT TO MASS. GEN. LAWS CH. 229 § 6 AGAINST MASSPORT**

489.    Answering Paragraph 489 of the Second Amended Complaint, SK Travel incorporates by reference its responses to Paragraphs 1 through 488, inclusive, of this Answer as if fully set forth herein.

490-504.    Paragraphs 490 through 504 of the Second Amended Complaint (*i.e.*, Count 33) are directed at Massport and, therefore, require no response from SK Travel.  To the extent that Paragraphs 490 through 504 are intended to contain or could be construed as containing allegations directed at SK Travel, SK Travel denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## FIRST AFFIRMATIVE DEFENSE

505.    Plaintiffs' causes of action against SK Travel should be dismissed because this Court lacks personal jurisdiction over SK Travel.

## SECOND AFFIRMATIVE DEFENSE

506.    Plaintiffs are barred from pursuing their causes of action against SK Travel because venue is improper and, therefore, the Second Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) or, in the alternative, transferred to the proper venue.

## THIRD AFFIRMATIVE DEFENSE

507.    Plaintiffs' causes of action against SK Travel are or may be barred in whole or in part because Plaintiffs lack of standing and the capacity to sue.

## FOURTH AFFIRMATIVE DEFENSE

508.    Plaintiffs' Second Amended Complaint fails to state a cause of action against SK Travel upon which relief may be granted.

## FIFTH AFFIRMATIVE DEFENSE

509.    Plaintiffs' causes of action against SK Travel are barred by the applicable workers' compensation statute because Plaintiffs' decedent was an employee of SK Travel and was in the course of his employment at the time of the Subject Accident.

## SIXTH AFFIRMATIVE DEFENSE

510.    Plaintiffs' causes of action against SK Travel fall within the exclusive jurisdiction of the Industrial Accident Board and this Court lacks subject matter jurisdiction over Plaintiffs' causes of action against SK Travel.

## SEVENTH AFFIRMATIVE DEFENSE

511.    SK Travel was not in possession or control of the Subject Aircraft at the time of the accident and therefore is not liable for the alleged negligent operation of the aircraft under applicable state law.

## EIGHTH AFFIRMATIVE DEFENSE

512.    SK Travel was not in actual possession or control of the Subject Aircraft at the time of the accident and therefore is not liable pursuant to 49 U.S.C. § 44112.

## NINTH AFFIRMATIVE DEFENSE

513.    No act or omission of SK Travel was the legal, direct, proximate, or contributing cause of the Subject Accident and/or Plaintiffs' alleged damages.

## TENTH AFFIRMATIVE DEFENSE

514.    The events described in the Second Amended Complaint were caused in whole or in part by and through the acts or omissions of a person or persons for which SK Travel is not responsible and over which SK Travel had no control; as such, any damages ultimately deemed recoverable by Plaintiffs against SK Travel should be barred or reduced accordingly.

## ELEVENTH AFFIRMATIVE DEFENSE

515.    Without admitting any liability on the part of SK Travel, other persons or entities which may as yet be known or unknown, or which may be discovered, were contributorily negligent, comparatively at fault, or otherwise legally responsible in whole or in part for any damages which Plaintiffs may prove in this matter; therefore, any and all recovery against SK Travel must be extinguished or diminished by an amount proportional to such other's or others' degree(s) of negligence, fault or other legal responsibility, as required by the applicable law of indemnity, contribution, and apportionment and/or other applicable law. *See* Mass. Gen. Laws ch. 231B § 1.

## TWELFTH AFFIRMATIVE DEFENSE

516.    Plaintiffs' Second Amended Complaint should be dismissed because Plaintiffs have failed to join one or more necessary and indispensable party(ies).

## THIRTEENTH AFFIRMATIVE DEFENSE

517.    Plaintiffs' alleged damages, if any, were caused and brought about by intervening and superseding causes and were not caused by SK Travel, or by any person for whom SK Travel is responsible.

## FOURTEENTH AFFIRMATIVE DEFENSE

518.    Plaintiffs' causes of action are barred, in whole or in part, by Plaintiffs' decedent's voluntary and knowing assumption of risk.

## FIFTEENTH AFFIRMATIVE DEFENSE

519.    Plaintiffs' causes of action are barred, in whole or in part, by Plaintiffs' decedent's contributory negligence. *See* Mass. Gen. Laws ch. 231 § 85.

## SIXTEENTH AFFIRMATIVE DEFENSE

520.    Plaintiffs' causes of action against SK Travel are or may be barred by the doctrine of unclean hands, because the Subject Accident was caused, in whole or in part, by the Plaintiffs' decedent's own conduct.

## SEVENTEENTH AFFIRMATIVE DEFENSE

521.    Plaintiffs' causes of action against SK Travel are or may be barred in whole or in part on the grounds of public policy because they seek to recover damages against SK Travel arising from the Subject Accident, which was caused in whole or in part by the Plaintiffs' decedent's own conduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

522.    Plaintiffs' causes of action against SK Travel are or may be barred under the alter ego doctrine (sometimes referred to as the doctrine of piercing the corporate veil and/or the instrumentality rule).

## NINETEENTH AFFIRMATIVE DEFENSE

523.    Plaintiffs' causes of action against SK Travel are or may be barred under the doctrine of *in pari delicto* and/or the doctrine of *dominus litus*.

## TWENTIETH AFFIRMATIVE DEFENSE

524.    Plaintiffs' causes of action may be barred in whole or in part and/or preempted by the Federal Aviation Act, Federal Aviation Regulations and/or other applicable law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

525.    SK Travel is not liable because it complied with all applicable codes, standards, and regulations of the United States and agencies thereof.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

526.     At all relevant times, SK Travel acted reasonably, prudently, and in compliance with the applicable standard of care, if any, due and owing.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

527.     Plaintiffs' causes of action and alleged damages against SK Travel, as well as the apportionment of fault among the Defendants named in the Second Amended Complaint, may be governed, in whole or in part, by the laws of other jurisdictions, including the laws of other states, pursuant to which recovery against SK Travel may not be allowed or may be limited.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

528.     The damages recovered by Plaintiffs, if any, should be reduced by any collateral source payment that has been or will be paid to Plaintiffs.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

529.     The damages recovered by Plaintiffs, if any, must be reduced in proportion to the amount received as settlement payments by other parties or non-parties.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

530.     SK Travel reserves the right to assert additional affirmative defenses or claims against Plaintiffs, Defendants, or any other subsequent defendants or third parties, any other causes of action or affirmative defenses that may develop during the course of the investigation, discovery, and litigation of this action.

WHEREFORE, Defendant SK Travel, LLC demands judgment dismissing Plaintiffs' Second Amended Complaint and Demand for Jury Trial, with prejudice, in its entirety or, alternatively, judgment limiting its liability pursuant to the foregoing, and that this Court grant

SK Travel an award of the costs and disbursements of the within action and any other relief this

Court may deem just and proper.

Dated:  August 21, 2017     Respectfully submitted,

              CONDON & FORSYTH LLP

              /s/ Christopher R. Christensen
              Christopher R. Christensen (pro hac vice)
              David J. Harrington (pro hac vice)
              7 Times Square
              New York, New York 10036
              Telephone: (212) 894-6700
              Facsimile:  (212) 370-4453

                 -and-

              Timothy J. Fazio (BBO # 654157)
              Shauna R. Twohig (BBO # 685590)
              MANION GAYNOR & MANNING LLP
              125 High Street
              Boston, Massachusetts 02110
              Telephone: (617) 670-8547
              Facsimile: (617) 670-8747

              Attorneys for Defendant
              SK TRAVEL, LLC

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on August 21, 2017, this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

<u>*/s/ Christopher R. Christensen*</u>
Christopher R. Christensen