# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Drew Katz and Melissa Silver, individually and
as the Co-Personal Representatives of the Estate
of LEWIS A. KATZ, deceased,

                              Plaintiffs,

      v.

SPINIELLO COMPANIES, a New Jersey
Corporation; SK TRAVEL LLC, a North
Carolina Limited Liability Company; ARIZIN
VENTURES LLC, a Delaware Limited
Liability Company; CAROL MCDOWELL, in
her capacity as Personal Representative of the
ESTATE OF JAMES MCDOWELL, deceased,
a resident of Delaware; SHELLY DE VRIES, in
her capacity as Personal Representative of the
ESTATE OF BAUKE DE VRIES, deceased, a
resident of New Jersey, GULFSTREAM
AEROSPACE CORPORATION, a Georgia
Corporation; GULFSTREAM AEROSPACE
CORPORATION, a Delaware Corporation;
GULFSTREAM AEROSPACE SERVICES
CORPORATION, d/b/a Gulfstream Aerospace
Corporation, a Delaware Corporation;
ROCKWELL COLLINS, INC., an Iowa
Corporation; HONEYWELL
INTERNATIONAL, INC., a Delaware
Corporation; and the MASSACHUSETTS
PORT AUTHORITY, an independent public
authority of the Commonwealth of
Massachusetts,

                              Defendants.

16-CV-11380

SK TRAVEL, LLC, SPINIELLO
COMPANIES, and ARIZIN VENTURES,
LLC,

                        Third-Party Plaintiffs,

      v.

UNITED STATES OF AMERICA,

                        Third-Party Defendant.

**AMENDED ANSWER AND CROSSCLAIMS OF DEFENDANT SHELLY DE VRIES AS
PERSONAL REPRESENTATIVE OF THE ESTATE OF BAUKE DE VRIES**

Defendant SHELLY DE VRIES, in her capacity as Personal Representative of the
ESTATE OF BAUKE DE VRIES, deceased, ("DE VRIES"), by and thorough her attorneys,
Reed Smith LLP, answers the Plaintiffs' "Corrected" Second Amended Complaint (hereinafter
"Second Amended Complaint") upon information and belief as follows:

## AS TO THE GENERAL ALLEGATIONS

1.      DE VRIES denies the allegations set forth in Paragraph 1 of the Second Amended
Complaint insofar as they are directed at DE VRIES and denies knowledge or information
sufficient to form a belief as to the truth of those allegations insofar as they are directed at
defendants other than DE VRIES, except DE VRIES admits that passenger Lewis A. Katz died
in an aviation accident involving the Gulfstream G-IV airplane, Serial Number N121JM (the
"Aircraft") which occurred on May 31, 2014, at or near Laurence G. Hanscom Field in Bedford,
Massachusetts (the "Accident").

2.      DE VRIES is without knowledge or information sufficient to form a belief as to
the truth of the allegations asserted in Paragraph 2 of the Second Amended Complaint.

3.      Paragraph 3 of the Second Amended Complaint alleges conclusions of law to
which no response is required. DE VRIES respectfully refers all questions of law to the Court.
To the extent a response is deemed required, DE VRIES is without knowledge or information
sufficient to form a belief as to the truth of the allegations asserted in Paragraph 3 of the Second
Amended Complaint, including its subparts.

4.      Paragraph 4 of the Second Amended Complaint alleges conclusions of law to
which no response is required. DE VRIES respectfully refers all questions of law to the Court.
To the extent a response is deemed required, DE VRIES is without knowledge or information

sufficient to form a belief as to the truth of the allegations asserted in Paragraph 4 of the Second Amended Complaint, including its subparts.

5.      DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 5 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

## AS TO THE PARTIES

6.      DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 6 of the Second Amended Complaint.

7.      DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 7 of the Second Amended Complaint.

8.      DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 8 of the Second Amended Complaint, except admits that BAUKE DE VRIES was an employee and/or co-employee of decedent LEWIS A. KATZ and/or other parties or non-parties to be identified in discovery.

9.      DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 9 of the Second Amended Complaint.

10.      DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 10 of the Second Amended Complaint.

11.      DE VRIES denies the allegations contained in Paragraph 11 of the Second Amended Complaint, except admits that SHELLY DE VRIES and BAUKE DE VRIES were New Jersey residents, that BAUKE DE VRIES was one of the pilots of the Aircraft at the time of the Accident, and that BAUKE DE VRIES was an employee and/or co-employee of decedent LEWIS A. KATZ and/or other parties or non-parties to be identified in discovery.

12.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 12 of the Second Amended Complaint.

13.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 13 of the Second Amended Complaint.

14.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 14 of the Second Amended Complaint.

15.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 15 of the Second Amended Complaint.

16.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 16 of the Second Amended Complaint.

17.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 17 of the Second Amended Complaint.

18.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 18 of the Second Amended Complaint.

## AS TO SUBJECT MATTER JURISDICTION

19.     Paragraph 19 of the Second Amended Complaint alleges conclusions of law to which no response is required. DE VRIES respectfully refers all questions of law to the Court. To the extent a response is deemed required, DE VRIES denies the allegations set forth in Paragraph 19 of the Second Amended Complaint.

## AS TO PERSONAL JURISDICTION

20.     Paragraph 20 of the Second Amended Complaint alleges conclusions of law to which no response is required. DE VRIES respectfully refers all questions of law to the Court. To the extent a response is deemed required, DE VRIES is without knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Second Amended Complaint.

21.     Paragraph 21 of the Second Amended Complaint alleges conclusions of law to which no response is required. DE VRIES respectfully refers all questions of law to the Court. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Second Amended Complaint.

22.     Paragraph 22 of the Second Amended Complaint alleges conclusions of law to which no response is required. DE VRIES respectfully refers all questions of law to the Court. To the extent a response is deemed required, DE VRIES denies the allegations set forth in Paragraph 22 of the Second Amended Complaint insofar as they are directed at DE VRIES and denies knowledge or information sufficient to form a belief as to the truth of those allegations insofar as they are directed at defendants other than DE VRIES.

23.     Paragraph 23 of the Second Amended Complaint is not directed at DE VRIES and alleges conclusions of law. Accordingly, no response is required from DE VRIES. DE VRIES respectfully refers all questions of law to the Court.

24.     Paragraph 24 of the Second Amended Complaint alleges conclusions of law to which no response is required. DE VRIES respectfully refers all questions of law to the Court. To the extent a response is deemed required, DE VRIES denies the allegations set forth in Paragraph 24 of the Second Amended Complaint insofar as they are directed at DE VRIES.

25.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 25 of the Second Amended Complaint.

26.     DE VRIES is without knowledge or information sufficient to form a belief as to

the truth of the allegations asserted in Paragraph 26 of the Second Amended Complaint.

27.     DE VRIES denies the allegations contained in Paragraph 27 of the Second Amended Complaint, except admits that BAUKE DE VRIES was one of the pilots of the Aircraft at the time of the Accident, and that BAUKE DE VRIES was an employee and/or co-employee of decedent LEWIS A. KATZ and/or other parties or non-parties to be identified in discovery.

28.     DE VRIES denies the allegations asserted in Paragraph 28 of the Second Amended Complaint.

29.     Paragraph 29 of the Second Amended Complaint alleges conclusions of law to which no response is required. DE VRIES respectfully refers all questions of law to the Court. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Second Amended Complaint.

30.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 30 of the Second Amended Complaint.

31.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 31 of the Second Amended Complaint.

32.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 32 of the Second Amended Complaint.

33.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 33 of the Second Amended Complaint.

34.     Paragraph 34 was omitted in the Second Amended Complaint.

35.     DE VRIES is without knowledge or information sufficient to form a belief as to

the truth of the allegations asserted in Paragraph 35 of the Second Amended Complaint.

36.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 36 of the Second Amended Complaint.

37.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 37 of the Second Amended Complaint.

38.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 38 of the Second Amended Complaint.

39.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 39 of the Second Amended Complaint.

39.     [sic] DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 39 (sic) of the Second Amended Complaint.

40.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 40 of the Second Amended Complaint.

41.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 41 of the Second Amended Complaint.

42.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 42 of the Second Amended Complaint.

43.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 43 of the Second Amended Complaint.

44.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 44 of the Second Amended Complaint.

45.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 45 of the Second Amended Complaint.

46.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 46 of the Second Amended Complaint.

47.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 47 of the Second Amended Complaint.

48.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 48 of the Second Amended Complaint.

49.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 49 of the Second Amended Complaint.

50.      DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 50 of the Second Amended Complaint.

51.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 51 of the Second Amended Complaint.

52.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 52 of the Second Amended Complaint.

53.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 53 of the Second Amended Complaint.

54.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 54 of the Second Amended Complaint.

55.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 55 of the Second Amended Complaint.

## AS TO VENUE

56.     Paragraph 56 of the Second Amended Complaint alleges conclusions of law to which no response is required. DE VRIES respectfully refers all questions of law to the Court.

8

To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of the Second Amended Complaint.

57.     Paragraph 57 of the Second Amended Complaint alleges conclusions of law to which no response is required. DE VRIES respectfully refers all questions of law to the Court. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Second Amended Complaint.

58.     Paragraph 58 of the Second Amended Complaint alleges conclusions of law to which no response is required. DE VRIES respectfully refers all questions of law to the Court. To the extent a response is deemed required, DE VRIES denies that allegations set forth in Paragraph 58 of Second Amended Complaint insofar as they are directed at DE VRIES and denies knowledge or information sufficient to form a belief as to the truth of those allegations insofar as they are directed at defendants other than DE VRIES.

## AS TO THE FACTS
### Introduction

59.     DE VRIES denies the allegations asserted in Paragraph 59 of the Second Amended Complaint as stated, except admits that the Aircraft was involved in an Accident, which occurred at Hanscom Field and resulted in the deaths of all individuals on board, including BAUKE DE VRIES, JAMES MCDOWELL and LEWIS A. KATZ.

60.     DE VRIES denies the allegations asserted in Paragraph 60 of the Second Amended Complaint, except that admits that if the Aircraft's equipment and safety mechanisms had functioned properly the Accident would not have occurred.

61.     DE VRIES is without knowledge or information sufficient to form a belief as to

the truth of the allegations asserted in Paragraph 61 of the Second Amended Complaint, except that admits that if the Aircraft's equipment and safety mechanisms had functioned properly the Accident would not have occurred.

62.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 62 of the Second Amended Complaint, except that admits that if the Aircraft's equipment and safety mechanisms had functioned properly the Accident would not have occurred.

**As to the Sequence of Events and the Pilots' Alleged Negligence**

63.     DE VRIES is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 63 of the Second Amended Complaint.

64.     DE VRIES is without knowledge or information sufficient to form a belief as to the allegations asserted in Paragraph 64 of the Second Amended Complaint.

65.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 65 of the Second Amended Complaint.

66.     DE VRIES is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 66 of the Second Amended Complaint.

67.     DE VRIES is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 67 of the Second Amended Complaint.

68.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 68 of the Second Amended Complaint.

69.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 69 of the Second Amended Complaint.

70.     DE VRIES is without knowledge or information sufficient to form a belief as to

the truth of the allegations asserted in Paragraph 70 of the Second Amended Complaint.

71.     DE VRIES denies the allegations asserted in Paragraph 71 of the Second Amended Complaint.

72.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 72 of the Second Amended Complaint.

73.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 73 of the Second Amended Complaint.

74.     DE VRIES denies the allegations asserted in Paragraph 74 of the Second Amended Complaint.

75.     DE VRIES denies the allegations asserted in Paragraph 75 of the Second Amended Complaint.

76.     DE VRIES denies the allegations asserted in Paragraph 76 of the Second Amended Complaint.

77.     DE VRIES denies the allegations asserted in Paragraph 77 of the Second Amended Complaint.

78.     DE VRIES denies the allegations asserted in Paragraph 78 of the Second Amended Complaint.

79.     DE VRIES denies the allegations asserted in Paragraph 79 of the Second Amended Complaint.

80.     DE VRIES denies the allegations asserted in Paragraph 80 of the Second Amended Complaint.

81.     DE VRIES denies the allegations asserted in Paragraph 81 of the Second Amended Complaint.

82.     DE VRIES denies the allegations asserted in Paragraph 82 of the Second Amended Complaint.

83.     DE VRIES denies the allegations asserted in Paragraph 83 of the Second Amended Complaint.

84.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 84 of the Second Amended Complaint.

85.     DE VRIES denies the allegations asserted in Paragraph 85 of the Second Amended Complaint.

86.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 86 of the Second Amended Complaint.

87.     DE VRIES denies the allegations asserted in Paragraph 87 of the Second Amended Complaint.

88.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 88 of the Second Amended Complaint.

89.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 89 of the Second Amended Complaint.

90.     DE VRIES denies the allegations asserted in Paragraph 90 of the Second Amended Complaint.

91.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 91 of the Second Amended Complaint.

92.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 92 of the Second Amended Complaint.

93.     DE VRIES is without knowledge or information sufficient to form a belief as to

the truth of the allegations asserted in Paragraph 93 of the Second Amended Complaint.

94.     DE VRIES denies the allegations asserted in Paragraph 94 of the Second Amended Complaint.

95.     DE VRIES denies the allegations asserted in Paragraph 95 of the Second Amended Complaint.

96.     DE VRIES denies the allegations asserted in Paragraph 96 of the Second Amended Complaint.

**As to the Owners and Operators of the Subject Aircraft**

97.     Paragraph 97 alleges a question of law to which no response is required.  To the extent a response is deemed required, DE VRIES denies the allegations asserted in Paragraph 97 of the Second Amended Complaint, except admits that BAUKE DE VRIES was an employee and/or co-employee of decedent LEWIS A. KATZ and/or other parties or non-parties to be identified in discovery and that the Pilots were flying the Subject Aircraft during and in the course of their employment..

98.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 98 of the Second Amended Complaint.

99.     DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 99 of the Second Amended Complaint.

100.    DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 100 of the Second Amended Complaint.

101.    DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 101 of the Second Amended Complaint.

**As to The Defective Products**

102.    Paragraph 102 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 102 of the Second Amended Complaint.

103.    Paragraph 103 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 103 of the Second Amended Complaint.

104.    Paragraph 104 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 104 of the Second Amended Complaint.

105.    Paragraph 105 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 105 of the Second Amended Complaint.

106.    Paragraph 106 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 106 of the Second Amended Complaint.

107.    Paragraph 107 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information

sufficient to form a belief as to the truth of the allegations asserted in Paragraph 107 of the Second Amended Complaint.

## As to GULFSTREAM's Misrepresentation to the Federal Aviation Authority ("FAA")

108.     Paragraph 108 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 108 of the Second Amended Complaint.

109.     Paragraph 109 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 109 of the Second Amended Complaint.

110.     Paragraph 110 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 110 of the Second Amended Complaint.

111.     Paragraph 111 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 111 of the Second Amended Complaint.

112.     Paragraph 112 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 112 of the Second Amended Complaint.

113.     Paragraph 113 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 113 of the Second Amended Complaint.

114.     Paragraph 114 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 114 of the Second Amended Complaint.

115.     Paragraph 115 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 115 of the Second Amended Complaint.

116.     Paragraph 116 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 116 of the Second Amended Complaint.

117.     Paragraph 117 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 117 of the Second Amended Complaint.

118.     Paragraph 118 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 118 of the

Second Amended Complaint.

### As to GULFSTREAM's and GULFSTREAM SERVICES'
### Maintenance, Inspections and Repairs

119.    Paragraph 119 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 119 of the Second Amended Complaint.

120.    Paragraph 120 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 120 of the Second Amended Complaint.

121.    Paragraph 121 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 121 of the Second Amended Complaint.

### As to MASSPORT's Alleged Negligence

122.    Paragraph 122 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 122 of the Second Amended Complaint.

123.    Paragraph 123 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 123 of the Second Amended Complaint.

124.     Paragraph 124 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 124 of the Second Amended Complaint.

125.     Paragraph 125 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 125 of the Second Amended Complaint.

126.     Paragraph 126 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 126 of the Second Amended Complaint.

127.     Paragraph 127 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 127 of the Second Amended Complaint.

128.     Paragraph 128 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 128 of the Second Amended Complaint.

129.     Paragraph 129 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 129 of the

Second Amended Complaint.

130.    Paragraph 130 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 130 of the Second Amended Complaint.

131.    Paragraph 131 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 131 of the Second Amended Complaint.

132.    Paragraph 132 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 132 of the Second Amended Complaint.

<u>**AS TO COUNT 1**</u>
<u>**CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE AND VICARIOUS LIABILITY, PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST SPINIELLO**</u>

133.    DE VRIES incorporates by reference each and every response to Paragraphs 1 through 132 of the Second Amended Complaint, as though set forth fully herein.

134.    Paragraph 134 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES denies the allegations asserted in Paragraph 134 of the Second Amended Complaint, except admits that BAUKE DE VRIES was an employee and/or co-employee of decedent LEWIS A. KATZ and/or other parties or non-parties to be identified in discovery.

135.    Paragraph 135 is not directed at DE VRIES and therefore no response is required.

To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 135 of the Second Amended Complaint.

136.      Paragraph 136 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES denies the allegations asserted in Paragraph 136 of the Second Amended Complaint and refers all questions of law to the Court.

137.      Paragraph 137 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES denies the allegations asserted in Paragraph 137 of the Second Amended Complaint, including its subparts, and respectfully refers all questions of law to the Court.

138.      Paragraph 138 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES denies the allegations asserted in Paragraph 138 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

139.      Paragraph 139 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES denies the allegations asserted in Paragraph 139 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

140.      Paragraph 140 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES denies the allegations asserted in Paragraph 140 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

141.      Paragraph 141 is not directed at DE VRIES and therefore no response is required.

To the extent a response is deemed required, DE VRIES denies the allegations asserted in Paragraph 141 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

142.    Paragraph 142 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 142 of the Second Amended Complaint, including its subparts, and respectfully refers all questions of law to the Court.

## AS TO COUNT 2
## CLAIM OF CONSCIOUS SUFFERING, PURSUANT TO
## MASS. GEN. LAWS CH. 229 § 6, AGAINST SPINIELLO

143.    DE VRIES incorporates by reference each and every response to Paragraphs 1 through 142 of the Second Amended Complaint, as though set forth fully herein.

144.    Paragraph 144 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES denies the allegations asserted in Paragraph 144 of the Second Amended Complaint, except admits that BAUKE DE VRIES was an employee and/or co-employee of decedent LEWIS A. KATZ and/or other parties or non-parties to be identified in discovery.

145.    Paragraph 145 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 145 of the Second Amended Complaint.

146.    Paragraph 146 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES denies the allegations asserted in

Paragraph 146 of the Second Amended Complaint and refers all questions of law to the Court.

147.    Paragraph 147 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES denies the allegations asserted in Paragraph 147 of the Second Amended Complaint, including its subparts, and respectfully refers all questions of law to the Court.

148.    Paragraph 148 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES denies the allegations asserted in Paragraph 148 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

149.    Paragraph 149 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES denies the allegations asserted in Paragraph 149 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

150.    Paragraph 150 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES denies the allegations asserted in Paragraph 150 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

151.    Paragraph 151 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES denies the allegations asserted in Paragraph 151 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

152.    Paragraph 152 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES lacks knowledge or information

sufficient to form a belief as to the truth of the allegations asserted in Paragraph 152 of the Second Amended Complaint.

## AS TO COUNT 3
## CLAIM FOR PUNITIVE DAMAGES, PURSUANT TO MASS. GEN. LAWS CH. 229 § 2, AGAINST SPINIELLO

153.     DE VRIES incorporates by reference each and every response to Paragraphs 1 through 152 of the Second Amended Complaint, as though set forth fully herein.

154.     Paragraph 154 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES denies the allegations asserted in Paragraph 154 of the Second Amended Complaint, except admits that BAUKE DE VRIES was an employee and/or co-employee of decedent LEWIS A. KATZ and/or other parties or non-parties to be identified in discovery.

155.     Paragraph 155 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 155 of the Second Amended Complaint.

156.     Paragraph 156 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES denies the allegations asserted in Paragraph 156 of the Second Amended Complaint and refers all questions of law to the Court.

157.     Paragraph 157 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES denies the allegations asserted in Paragraph 157 of the Second Amended Complaint and refers all questions of law to the Court.

158.     Paragraph 158 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES denies the allegations asserted in

Paragraph 158 of the Second Amended Complaint and refers all questions of law to the Court.

159.    Paragraph 159 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES denies the allegations asserted in Paragraph 159 of the Second Amended Complaint and refers all questions of law to the Court.

### AS TO COUNT 4
### CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE AND VICARIOUS LIABILITY, PURSUANT TO MASS. GEN. LAWS. CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST SK TRAVEL

160.    DE VRIES incorporates by reference each and every response to Paragraphs 1 through 159 of the Second Amended Complaint, as though set forth fully herein.

161.    Paragraph 161 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 161 of the Second Amended Complaint, except admits that BAUKE DE VRIES was an employee and/or co-employee of decedent LEWIS A. KATZ and/or other parties or non-parties to be identified in discovery.

162.    Paragraph 162 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 162 of the Second Amended Complaint.

163.    Paragraph 163 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES denies the allegations asserted in Paragraph 163 of the Second Amended Complaint and refers all questions of law to the Court.

164.    Paragraph 164 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES denies the allegations asserted in

Paragraph 164 of the Second Amended Complaint, including its subparts, and refers all questions of law to the Court.

165.     Paragraph 165 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES denies the allegations asserted in Paragraph 165 of the Second Amended Complaint and refers all questions of law to the Court.

166.     Paragraph 166 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES denies that BAUKE DE VRIES was negligent and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 166 of the Second Amended Complaint and refers all questions of law to the Court, except admits that BAUKE DE VRIES was an employee and/or co-employee of decedent LEWIS A. KATZ and/or other parties or non-parties to be identified in discovery.

167.     Paragraph 167 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES denies the allegations asserted in Paragraph 167 of the Second Amended Complaint and refers all questions of law to the Court.

168.     Paragraph 168 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES denies the allegations asserted in Paragraph 168 of the Second Amended Complaint except admits that LEWIS A. KATZ died as a result of the Accident.

169.     Paragraph 169 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 169 of the Second Amended Complaint, including its subparts, and refers all questions of law to the Court.

**AS TO COUNT 5**
**CLAIM OF WRONGFUL DEATH PREDICATED ON COMMON LAW AND DANGEROUS INSTRUMENT LIABILITY, PURSUANT TO MASS. GEN. LAWS. CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST SK TRAVEL**

170.     DE VRIES incorporates by reference each and every response to Paragraphs 1 through 169 of the Second Amended Complaint, as though set forth fully herein.

171.     Paragraph 171 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 171 of the Second Amended Complaint.

172.     Paragraph 172 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 172 of the Second Amended Complaint.

173.     Paragraph 173 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 173 of the Second Amended Complaint.

174.     Paragraph 174 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 174 of the Second Amended Complaint.

175.     Paragraph 175 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 175 of the

Second Amended Complaint, except admits that LEWIS A. KATZ died in the Accident.

176.     Paragraph 176 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 176 of the Second Amended Complaint, including its subparts.

**AS TO COUNT 6**
**CLAIM OF WRONGFUL DEATH PREDICATED ON VICARIOUS LIABILITY, PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST SK TRAVEL**

177.     DE VRIES incorporates by reference each and every response to Paragraphs 1 through 176 of the Second Amended Complaint, as though set forth fully herein.

178.     Paragraph 178 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 178 of the Second Amended Complaint Court.

179.     Paragraph 179 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 179 of the Second Amended Complaint.

180.     Paragraph 180 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 180 of the Second Amended Complaint.

181.     Paragraph 181 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information

sufficient to form a belief as to the truth of the allegations asserted in Paragraph 181 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

182.    Paragraph 182 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 182 of the Second Amended Complaint.

183.    Paragraph 183 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 183 of the Second Amended Complaint, including its subparts, and refers all questions of law to the Court.

**AS TO COUNT 7**
**CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE, PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST SK TRAVEL**

184.    DE VRIES incorporates by reference each and every response to Paragraphs 1 through 183 of the Second Amended Complaint, as though set forth fully herein.

185.    Paragraph 185 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 185 of the Second Amended Complaint.

186.    Paragraph 186 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 186 of the Second Amended Complaint.

187.    Paragraph 187 is not directed at DE VRIES and therefore no response is required.

To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 187 of the Second Amended Complaint.

188.     Paragraph 188 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 188 of the Second Amended Complaint, including its subparts.

189.     Paragraph 189 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 189 of the Second Amended Complaint.

190.     Paragraph 190 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 190 of the Second Amended Complaint.

191.      Paragraph 191 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 191 of the Second Amended Complaint, including its subparts, and refers all questions of law to the Court.

**AS TO COUNT 8**
**CLAIM OF CONSCIOUS SUFFERING, PURSUANT TO MASS. GEN. LAWS CH. 229 § 6, AGAINST SK TRAVEL**

192.     DE VRIES incorporates by reference each and every response to Paragraphs 1 through 191 of the Second Amended Complaint, as though set forth fully herein.

193.     Paragraph 193 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 193 of the Second Amended Complaint and refers all questions of law to the Court.

194.      Paragraph 194 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 194 of the Second Amended Complaint and refers all questions of law to the Court.

195.     Paragraph 195 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 195 of the Second Amended Complaint.

196.     Paragraph 196 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 196 of the Second Amended Complaint.

197.     Paragraph 197 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 197 of the Second Amended Complaint.

198.     Paragraph 198 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 198 of the

Second Amended Complaint.

199.    Paragraph 199 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 199 of the Second Amended Complaint, except admits that BAUKE DE VRIES was an employee and/or co-employee of decedent LEWIS A. KATZ and/or other parties or non-parties to be identified in discovery and refers all questions of law to the Court.

200.    Paragraph 200 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 200 of the Second Amended Complaint.

201.    Paragraph 201 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 201 of the Second Amended Complaint.

## AS TO COUNT 9
## CLAIM FOR WRONGFUL DEATH PREDICATED ON NEGLIGENCE AND VICARIOUS LIABILITY, PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST ARIZIN

202.    DE VRIES incorporates by reference each and every response to Paragraphs 1 through 201 of the Second Amended Complaint, as though set forth fully herein.

203.    Paragraph 203 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 203 of the Second Amended Complaint, except admits that BAUKE DE VRIES was an employee and/or

co-employee of decedent LEWIS A. KATZ and/or other parties or non-parties to be identified in discovery and refers all questions of law to the Court.

204.    Paragraph 204 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES denies that BAUKE DE VRIES was negligent and is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 204 of the Second Amended Complaint, except admits that BAUKE DE VRIES was an employee and/or co-employee of decedent LEWIS A. KATZ and/or other parties or non-parties to be identified in discovery.

205.    Paragraph 205 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES denies the allegations asserted in Paragraph 205 of the Second Amended Complaint and refers all questions of law to the Court.

206.    Paragraph 206 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES denies the allegations asserted in Paragraph 206 of the Second Amended Complaint, including its subparts, and refers all questions of law to the Court.

207.    Paragraph 207 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES denies the allegations asserted in Paragraph 207 of the Second Amended Complaint and refers all questions of law to the Court.

208.    Paragraph 208 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES denies that BAUKE DE VRIES was negligent and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 208 of the Second Amended Complaint and refers all questions of law to the Court, except admits that BAUKE DE VRIES was an employee

and/or co-employee of decedent LEWIS A. KATZ and/or other parties or non-parties to be identified in discovery.

209.    Paragraph 209 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES denies the allegations asserted in Paragraph 209 of the Second Amended Complaint and refers all questions of law to the Court.

210.    Paragraph 210 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES denies the allegations asserted in Paragraph 210 of the Second Amended Complaint, except admits that LEWIS A. KATZ died as a result of the Accident..

211.    Paragraph 211 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 211 of the Second Amended Complaint and refers all questions of law to the Court.

## AS TO COUNT 10
## CLAIM FOR WRONGFUL DEATH PREDICATED ON COMMON LAW DANGEROUS INSTRUMENTALITY LIABILITY, PURSUANT TO MASS. GEN. LAWS CH. 229 § 2, AGAINST ARIZIN

212.    DE VRIES incorporates by reference each and every response to Paragraphs 1 through 211 of the Second Amended Complaint, as though set forth fully herein.

213.    Paragraph 213 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 213 of the Second Amended Complaint.

214.    Paragraph 214 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information

sufficient to form a belief as to the truth of the allegations asserted in Paragraph 214 of the Second Amended Complaint.

215.    Paragraph 215 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 215 of the Second Amended Complaint.

216.    Paragraph 216 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 216 of the Second Amended Complaint.

217.    Paragraph 217 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 217 of the Second Amended Complaint.

218.    Paragraph 218 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 218 of the Second Amended Complaint.

219.    Paragraph 219 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 219 of the Second Amended Complaint.

220.    Paragraph 220 is not directed at DE VRIES and therefore no response is required.

To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 220 of the Second Amended Complaint, except admits that LEWIS A. KATZ died in the Accident.

221.    Paragraph 221 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 221 of the Second Amended Complaint, including its subparts, and respectfully refers all questions of law to the Court.

### AS TO COUNT 11
### CLAIM FOR WRONGFUL DEATH PREDICATED ON VICARIOUS LIABILITY, PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST ARIZIN

222.    DE VRIES incorporates by reference each and every response to Paragraphs 1 through 221 of the Second Amended Complaint, as though set forth fully herein.

223.    Paragraph 223 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 223 of the Second Amended Complaint.

224.    Paragraph 224 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 224 of the Second Amended Complaint.

225.    Paragraph 225 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 225 of the

Second Amended Complaint.

226.    Paragraph 226 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 226 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

227.    Paragraph 227 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 227 of the Second Amended Complaint.

228.    Paragraph 228 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 228 of the Second Amended Complaint, including its subparts, and respectfully refers all questions of law to the Court.

<u>**AS TO COUNT 12**</u>
<u>**CLAIM FOR WRONGFUL DEATH PREDICATED ON NEGLIGENCE, PURSUANT**</u>
<u>**TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST ARIZIN**</u>

229.    DE VRIES incorporates by reference each and every response to Paragraphs 1 through 228 of the Second Amended Complaint, as though set forth fully herein.

230.    Paragraph 230 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 230 of the Second Amended Complaint.

231.    Paragraph 231 is not directed at DE VRIES and therefore no response is required.

To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 231 of the Second Amended Complaint.

232.    Paragraph 232 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 232 of the Second Amended Complaint.

233.    Paragraph 233 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 233 of the Second Amended Complaint.

234.    Paragraph 234 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 234 of the Second Amended Complaint.

235.    Paragraph 235 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 235 of the Second Amended Complaint.

236.    Paragraph 236 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES denies the allegations asserted in Paragraph 236 of the Second Amended Complaint, including its subparts.

237.    Paragraph 237 is not directed at DE VRIES and therefore no response is required.

To the extent a response is deemed required, DE VRIES denies the allegations asserted in Paragraph 237 of the Second Amended Complaint, including its subparts.

238.    Paragraph 238 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 238 of the Second Amended Complaint.

239.    Paragraph 239 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 239 of the Second Amended Complaint, including its subparts, and refers all questions of law to the Court.

**AS TO COUNT 13**
**CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF NEGLIGENCE, PURSUANT TO MASS. GEN. LAWS CH. 229 § 6, AGAINST ARIZIN**

240.    DE VRIES incorporates by reference each and every response to Paragraphs 1 through 239 of the Second Amended Complaint, as though set forth fully herein.

241.    Paragraph 241 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 241 of the Second Amended Complaint.

242.    Paragraph 242 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 242 of the Second Amended Complaint.

243.    Paragraph 243 is not directed at DE VRIES and therefore no response is required.

To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 243 of the Second Amended Complaint.

244.     Paragraph 244 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 244 of the Second Amended Complaint.

245.     Paragraph 245 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 245 of the Second Amended Complaint.

246.     Paragraph 246 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 246 of the Second Amended Complaint.

247.     Paragraph 247 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 247 of the Second Amended Complaint.

248.     Paragraph 248 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES denies the allegations asserted in Paragraph 248 of the Second Amended Complaint.

249.     Paragraph 249 is not directed at DE VRIES and therefore no response is required.

To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 249 of the Second Amended Complaint.

250.    Paragraph 250 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 250 of the Second Amended Complaint.

251.    Paragraph 251 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 251 of the Second Amended Complaint.

252.    Paragraph 252 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 252 of the Second Amended Complaint and refers all questions of law to the Court, except denies that DE VRIES was negligent and admits that BAUKE DE VRIES was an employee and/or co-employee of decedent LEWIS A. KATZ and/or other parties or non-parties to be identified in discovery.

253.    Paragraph 253 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 253 of the Second Amended Complaint and refers all questions of law to the Court.

254.    Paragraph 254 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information

sufficient to form a belief as to the truth of the allegations asserted in Paragraph 254 of the Second Amended Complaint, except admits that LEWIS A. KATZ died in the Accident.

255.    Paragraph 255 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 255 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

256.    Paragraph 256 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 256 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

**AS TO COUNT 14**
**CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE, PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST THE ESTATES OF JAMES MCDOWELL AND BAUKE DE VRIES**

257.    DE VRIES incorporates by reference each and every response to Paragraphs 1 through 256 of the Second Amended Complaint, as though set forth fully herein.

258.    DE VRIES admits the allegations asserted in Paragraph 258 of the Second Amended Complaint.

259.    DE VRIES denies the allegations asserted in Paragraph 259 of the Second Amended Complaint.

260.    DE VRIES denies the allegations asserted in Paragraph 260 of the Second Amended Complaint, including its subparts.

261.    DE VRIES denies the allegations asserted in Paragraph 261 of the Second Amended Complaint.

262.    DE VRIES denies the allegations asserted in Paragraph 262 of the Second

Amended Complaint.

263.     DE VRIES denies the allegations asserted in Paragraph 263 of the Second Amended Complaint.

264.     DE VRIES denies the allegations asserted in Paragraph 264 of the Second Amended Complaint, including its subparts.

**AS TO COUNT 15**
**CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF NEGLIGENCE, PURSUANT TO MASS. GEN. LAWS CH. 229 § 6, AGAINST THE ESTATES OF JAMES MCDOWELL AND BAUKE DE VRIES**

265.     DE VRIES incorporates by reference each and every response to Paragraphs 1 through 264 of the Second Amended Complaint, as though set forth fully herein.

266.     DE VRIES admits the allegations asserted in Paragraph 266 of the Second Amended Complaint.

267.     DE VRIES denies the allegations asserted in Paragraph 267 of the Second Amended Complaint.

268.     DE VRIES denies the allegations asserted in Paragraph 268 of the Second Amended Complaint, including its subparts.

269.     DE VRIES denies the allegations asserted in Paragraph 269 of the Second Amended Complaint.

270.     DE VRIES denies the allegations asserted in Paragraph 270 of the Second Amended Complaint.

271.     DE VRIES denies the allegations asserted in Paragraph 271 of the Second Amended Complaint.

272.     DE VRIES denies the allegations asserted in Paragraph 272 of the Second Amended Complaint.

## AS TO COUNT 16
## CLAIM OF WRONGFUL DEATH PREDICATED ON THE BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY, PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST GULFSTREAM

273.    DE VRIES incorporates by reference each and every response to Paragraphs 1 through 272 of the Second Amended Complaint, as though set forth fully herein.

274.    Paragraph 274 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 274 of the Second Amended Complaint.

275.    Paragraph 275 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 275 of the Second Amended Complaint.

276.    Paragraph 276 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 276 of the Second Amended Complaint.

277.    Paragraph 277 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 277 of the Second Amended Complaint.

278.    Paragraph 278 is not directed at DE VRIES and therefore no response is required.

To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 278 of the Second Amended Complaint.

279.    Paragraph 279 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 279 of the Second Amended Complaint, including its subparts.

280.     Paragraph 280 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 280 of the Second Amended Complaint.

281.    Paragraph 281 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 281 of the Second Amended Complaint.

282.    Paragraph 282 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 282 of the Second Amended Complaint.

283.    Paragraph 283 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 283 of the Second Amended Complaint.

284.     Paragraph 284 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 284 of the Second Amended Complaint.

285.     Paragraph 285 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 285 of the Second Amended Complaint.

286.     Paragraph 286 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 286 of the Second Amended Complaint, including its subparts.

**AS TO COUNT 17**
**CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF THE BREACH OF THE WARRANTY OF MERCHANTABILITY, PURSUANT TO MASS. GEN. LAWS CH. 229 § 6, AGAINST GULFSTREAM**

287.     DE VRIES incorporates by reference each and every response to Paragraphs 1 through 286 of the Second Amended Complaint, as though set forth fully herein.

288.     Paragraph 288 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 288 of the Second Amended Complaint.

289.     Paragraph 289 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 289 of the

Second Amended Complaint.

290.    Paragraph 290 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 290 of the Second Amended Complaint.

291.    Paragraph 291 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 291 of the Second Amended Complaint.

292.    Paragraph 292 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 292 of the Second Amended Complaint.

293.    Paragraph 293 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 293 of the Second Amended Complaint, including its subparts.

294.    Paragraph 294 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 294 of the Second Amended Complaint.

295.    Paragraph 295 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information

sufficient to form a belief as to the truth of the allegations asserted in Paragraph 295 of the Second Amended Complaint.

296.    Paragraph 296 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 296 of the Second Amended Complaint.

297.    Paragraph 297 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 297 of the Second Amended Complaint.

298.    Paragraph 298 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 298 of the Second Amended Complaint.

299.    Paragraph 299 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 299 of the Second Amended Complaint.

300.    Paragraph 300 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 300 of the Second Amended Complaint.

301.    Paragraph 301 is not directed at DE VRIES and therefore no response is required.

To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 301 of the Second Amended Complaint and refers all questions of law to the Court.

**AS TO COUNT 18**
**CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE, PURSUANT TO**
**MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST GULFSTREAM**

302.    DE VRIES incorporates by reference each and every response to Paragraphs 1 through 301 of the Second Amended Complaint, as though set forth fully herein.

303.    Paragraph 303 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 303 of the Second Amended Complaint.

304.    Paragraph 304 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 304 of the Second Amended Complaint.

305.    Paragraph 305 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 305 of the Second Amended Complaint.

306.    Paragraph 306 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 306 of the Second Amended Complaint.

307.     Paragraph 307 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 307 of the Second Amended Complaint.

308.     Paragraph 308 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 308 of the Second Amended Complaint.

309.     Paragraph 309 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 309 of the Second Amended Complaint and its subparts.

310.     Paragraph 310 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 310 of the Second Amended Complaint.

311.     Paragraph 311 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 311 of the Second Amended Complaint including its subparts.

312.     Paragraph 312 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 312 of the

Second Amended Complaint.

313.    Paragraph 313 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 313 of the Second Amended Complaint.

314.    Paragraph 314 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 314 of the Second Amended Complaint.

315.    Paragraph 315 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 315 of the Second Amended Complaint.

316.    Paragraph 316 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 316 of the Second Amended Complaint, including its subparts.

## AS TO COUNT 19
## CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF NEGLIGENCE, PURSUANT TO MASS. GEN. LAWS CH. 229 § 6, AGAINST GULFSTREAM

317.    DE VRIES incorporates by reference each and every response to Paragraphs 1 through 316 of the Second Amended Complaint, as though set forth fully herein.

318.    Paragraph 318 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information

sufficient to form a belief as to the truth of the allegations asserted in Paragraph 318 of the Second Amended Complaint.

319.    Paragraph 319 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 319 of the Second Amended Complaint.

320.    Paragraph 320 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 320 of the Second Amended Complaint.

321.    Paragraph 321 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 321 of the Second Amended Complaint.

322.    Paragraph 322 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 322 of the Second Amended Complaint.

323.    Paragraph 323 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 323 of the Second Amended Complaint.

324.    Paragraph 324 is not directed at DE VRIES and therefore no response is required.

To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 324 of the Second Amended Complaint, including its subparts.

325.    Paragraph 325 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 325 of the Second Amended Complaint.

326.    Paragraph 326 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 326 of the Second Amended Complaint, including its subparts.

327.    Paragraph 327 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 327 of the Second Amended Complaint.

328.    Paragraph 328 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 328 of the Second Amended Complaint.

329.    Paragraph 329 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 329 of the Second Amended Complaint.

330.     Paragraph 330 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 330 of the Second Amended Complaint.

331.     Paragraph 331 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 331 of the Second Amended Complaint.

332.     Paragraph 332 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 332 of the Second Amended Complaint.

333.     Paragraph 333 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 333 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

## AS TO COUNT 20
## CLAIM OF PUNITIVE DAMAGES, PURSUANT TO MASS. GEN. LAWS CH. 229 § 2, AGAINST GULFSTREAM

334.     DE VRIES incorporates by reference each and every response to Paragraphs 1 through 333 of the Second Amended Complaint, as though set forth fully herein.

335.     Paragraph 335 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 335 of the

Second Amended Complaint.

336.    Paragraph 336 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 336 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

337.    Paragraph 337 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 337 of the Second Amended Complaint, including its subparts.

338.    Paragraph 338 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 338 of the Second Amended Complaint.

339.    Paragraph 339 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 339 of the Second Amended Complaint.

## AS TO COUNT 21
## CLAIM OF UNFAIR AND DECEPTIVE PRACTICES, PURSUANT TO MASS. GEN. LAWS CH. 93A § 2, AGAINST GULFSTREAM

340.    DE VRIES incorporates by reference each and every response to Paragraphs 1 through 339 of the Second Amended Complaint, as though set forth fully herein.

341.    Paragraph 341 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information

sufficient to form a belief as to the truth of the allegations asserted in Paragraph 341 of the Second Amended Complaint.

342.    Paragraph 342 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 342 of the Second Amended Complaint.

343.    Paragraph 343 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 343 of the Second Amended Complaint.

344.    Paragraph 344 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 344 of the Second Amended Complaint.

345.    Paragraph 345 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 345 of the Second Amended Complaint.

346.    Paragraph 346 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 346 of the Second Amended Complaint.

347.    Paragraph 347 is not directed at DE VRIES and therefore no response is required.

To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 347 of the Second Amended Complaint, including its subparts.

348. Paragraph 348 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 348 of the Second Amended Complaint.

349. Paragraph 349 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 349 of the Second Amended Complaint.

350. Paragraph 350 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 350 of the Second Amended Complaint and refers all questions of law to the Court.

351. Paragraph 351 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 351 of the Second Amended Complaint.

352. Paragraph 352 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 352 of the Second Amended Complaint.

353.     Paragraph 353 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 353 of the Second Amended Complaint.

354.     Paragraph 354 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 354 of the Second Amended Complaint and refers all questions of law to the Court.

355.     Paragraph 355 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 355 of the Second Amended Complaint and refers all questions of law to the Court.

356.     Paragraph 356 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 356 of the Second Amended Complaint and refers all questions of law to the Court.

357.     Paragraph 357 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 357 of the Second Amended Complaint and refers all questions of law to the Court.

358.     Paragraph 358 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 358 of the

Second Amended Complaint and refers all questions of law to the Court.

**AS TO COUNT 22**
**CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE, PURSUANT TO**
**MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST GULFSTREAM**
**AND GULFSTREAM SERVICES**

359.    DE VRIES incorporates by reference each and every response to Paragraphs 1 through 358 of the Second Amended Complaint, as though set forth fully herein.

360.    Paragraph 360 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 360 of the Second Amended Complaint.

361.    Paragraph 361 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 361 of the Second Amended Complaint.

362.    Paragraph 362 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 362 of the Second Amended Complaint.

363.    Paragraph 363 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 363 of the Second Amended Complaint.

364.    Paragraph 364 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information

sufficient to form a belief as to the truth of the allegations asserted in Paragraph 364 of the Second Amended Complaint and refers all questions of law to the Court.

365.    Paragraph 365 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 365 of the Second Amended Complaint and refers all questions of law to the Court.

366.    Paragraph 366 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 366 of the Second Amended Complaint, including its subparts.

367.    Paragraph 367 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 367 of the Second Amended Complaint.

368.    Paragraph 368 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 368 of the Second Amended Complaint.

369.    Paragraph 369 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 369 of the Second Amended Complaint.

## AS TO COUNT 23
## CLAIM OF WRONGFUL DEATH PREDICATED ON BREACH OF IMPLIED WARRANTY AND MERCHANTABILITY, PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST ROCKWELL COLLINS

370.    DE VRIES incorporates by reference each and every response to Paragraphs 1 through 369 of the Second Amended Complaint, as though set forth fully herein.

371.    Paragraph 371 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 371 of the Second Amended Complaint.

372.    Paragraph 372 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 372 of the Second Amended Complaint.

373.    Paragraph 373 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 373 of the Second Amended Complaint.

374.    Paragraph 374 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 374 of the Second Amended Complaint.

375.    Paragraph 375 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information

sufficient to form a belief as to the truth of the allegations asserted in Paragraph 375 of the Second Amended Complaint, including its subparts.

376.     Paragraph 376 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 376 of the Second Amended Complaint.

377.     Paragraph 377 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 377 of the Second Amended Complaint.

378.     Paragraph 378 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 378 of the Second Amended Complaint, including its subparts, and respectfully refers all questions of law to the Court.

<u>**AS TO COUNT 24**</u>
<u>**CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF THE BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY, PURSUANT TO MASS. GEN. LAWS CH. 229 § 6, AGAINST ROCKWELL COLLINS**</u>

379.     DE VRIES incorporates by reference each and every response to Paragraphs 1 through 378 of the Second Amended Complaint, as though set forth fully herein.

380.     Paragraph 380 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 380 of the Second Amended Complaint.

381.    Paragraph 381 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 381 of the Second Amended Complaint.

382.    Paragraph 382 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 382 of the Second Amended Complaint.

383.    Paragraph 383 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 383 of the Second Amended Complaint.

384.    Paragraph 384 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 384 of the Second Amended Complaint, including its subparts.

385.    Paragraph 385 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 385 of the Second Amended Complaint.

386.    Paragraph 386 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 386 of the

Second Amended Complaint.

387.    Paragraph 387 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 387 of the Second Amended Complaint.

388.    Paragraph 388 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 388 of the Second Amended Complaint.

## AS TO COUNT 25
## CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE, PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST ROCKWELL COLLINS

389.    DE VRIES incorporates by reference each and every response to Paragraphs 1 through 388 of the Second Amended Complaint, as though set forth fully herein.

390.    Paragraph 390 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 390 of the Second Amended Complaint.

391.    Paragraph 391 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 391 of the Second Amended Complaint.

392.    Paragraph 392 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information

sufficient to form a belief as to the truth of the allegations asserted in Paragraph 392 of the Second Amended Complaint.

393.     Paragraph 393 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 393 of the Second Amended Complaint.

394.     Paragraph 394 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 394 of the Second Amended Complaint.

395.     Paragraph 395 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 395 of the Second Amended Complaint, including its subparts.

396.     Paragraph 396 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 396 of the Second Amended Complaint.

397.     Paragraph 397 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 397 of the Second Amended Complaint, including its subparts.

398.     Paragraph 398 is not directed at DE VRIES and therefore no response is required.

To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 398 of the Second Amended Complaint.

399.    Paragraph 399 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 399 of the Second Amended Complaint.

400.    Paragraph 400 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 400 of the Second Amended Complaint, including its subparts, and respectfully refers all questions of law to the Court.

### AS TO COUNT 26
### CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF NEGLIGENCE, PURSUANT TO MASS. GEN. LAWS CH. 229 § 6, AGAINST ROCKWELL COLLINS

401.    DE VRIES incorporates by reference each and every response to Paragraphs 1 through 400 of the Second Amended Complaint, as though set forth fully herein.

402.    Paragraph 402 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 402 of the Second Amended Complaint.

403.    Paragraph 403 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 403 of the

Second Amended Complaint.

404.    Paragraph 404 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 404 of the Second Amended Complaint.

405.    Paragraph 405 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 405 of the Second Amended Complaint.

406.    Paragraph 406 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 406 of the Second Amended Complaint.

407.    Paragraph 407 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 407 of the Second Amended Complaint, including all subparts.

408.    DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 408 of the Second Amended Complaint.  The allegations of Paragraph 408 are directed to defendants other than DE VRIES.

409.    Paragraph 409 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 409 of the

Second Amended Complaint, including all subparts.

410.     Paragraph 410 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 410 of the Second Amended Complaint.

411.     Paragraph 411 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 411 of the Second Amended Complaint.

412.     Paragraph 412 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 412 of the Second Amended Complaint.

413.     Paragraph 413 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 413 of the Second Amended Complaint, and respectfully refers all questions of law to the Court.

### AS TO COUNT 27
### CLAIM OF UNFAIR AND DECEPTIVE TRADE PRACTICES, PURSUANT TO MASS. GEN. LAWS CH. 93A § 2, AGAINST GULFSTREAM [sic]

414.     DE VRIES incorporates by reference each and every response to Paragraphs 1 through 413 of the Second Amended Complaint, as though set forth fully herein.

415.     Paragraph 415 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information

sufficient to form a belief as to the truth of the allegations asserted in Paragraph 415 of the Second Amended Complaint.

416.    Paragraph 416 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 416 of the Second Amended Complaint.

417.    Paragraph 417 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 417 of the Second Amended Complaint.

418.    Paragraph 418 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 418 of the Second Amended Complaint.

419.    Paragraph 419 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 419 of the Second Amended Complaint.

420.    Paragraph 420 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 420 of the Second Amended Complaint, including its subparts.

421.    Paragraph 421 is not directed at DE VRIES and therefore no response is required.

To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 421 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

422.    Paragraph 422 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 422 of the Second Amended Complaint.

423.    Paragraph 423 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 423 of the Second Amended Complaint.

424.    Paragraph 424 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 424 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

425.    Paragraph 425 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 425 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

426.    Paragraph 426 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 426 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

427.    Paragraph 427 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 427 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

428.    Paragraph 428 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 428 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

429.    Paragraph 429 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 429 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

**AS TO COUNT 28**
**CLAIM OF WRONGFUL DEATH PREDICATED ON THE BREACH OF THE**
**IMPLIED WARRANTY OF MERCHANTABILITY, PURSUANT TO MASS. GEN.**
**LAWS CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST HONEYWELL**

430.    DE VRIES incorporates by reference each and every response to Paragraphs 1 through 429 of the Second Amended Complaint, as though set forth fully herein.

431.    Paragraph 431 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 431 of the Second Amended Complaint.

432.    Paragraph 432 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 432 of the

Second Amended Complaint.

433.     Paragraph 433 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 433 of the Second Amended Complaint.

434.     Paragraph 434 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 434 of the Second Amended Complaint.

435.     Paragraph 435 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 435 of the Second Amended Complaint, including its subparts.

436.     Paragraph 436 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 436 of the Second Amended Complaint.

437.     Paragraph 437 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 437 of the Second Amended Complaint.

438.     Paragraph 438 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information

sufficient to form a belief as to the truth of the allegations asserted in Paragraph 438 of the Second Amended Complaint, including its subparts.

**AS TO COUNT 29**
**CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF THE BREACH OF IMPLIED WARRANTY AND MERCHANTABILITY, PURSUANT TO MASS. GEN. LAWS CH. 229 § 6, AGAINST HONEYWELL**

439.    DE VRIES incorporates by reference each and every response to Paragraphs 1 through 438 of the Second Amended Complaint, as though set forth fully herein.

440.    Paragraph 440 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 440 of the Second Amended Complaint.

441.    Paragraph 441 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 441 of the Second Amended Complaint.

442.    Paragraph 442 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 442 of the Second Amended Complaint.

443.    Paragraph 443 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 443 of the Second Amended Complaint.

444.    Paragraph 444 is not directed at DE VRIES and therefore no response is required.

To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 444 of the Second Amended Complaint, including its subparts.

445.    Paragraph 445 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 445 of the Second Amended Complaint.

446.    Paragraph 446 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 446 of the Second Amended Complaint.

447.    Paragraph 447 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 447 of the Second Amended Complaint.

448.    Paragraph 448 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 448 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

**AS TO COUNT 30**
**CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE, PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST HONEYWELL**

449.    DE VRIES incorporates by reference each and every response to Paragraphs 1 through 448 of the Second Amended Complaint, as though set forth fully herein.

450.     Paragraph 450 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 450 of the Second Amended Complaint.

451.     Paragraph 451 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 451 of the Second Amended Complaint.

452.     Paragraph 452 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 452 of the Second Amended Complaint.

453.     Paragraph 453 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 453 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

454.     Paragraph 454 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 454 of the Second Amended Complaint.

455.     Paragraph 455 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 455 of the

Second Amended Complaint, including its subparts.

456.    Paragraph 456 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 456 of the Second Amended Complaint.

457.    Paragraph 457 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 457 of the Second Amended Complaint, including its subparts.

458.    Paragraph 458 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 458 of the Second Amended Complaint.

459.    Paragraph 459 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 459 of the Second Amended Complaint.

460.    Paragraph 460 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 460 of the Second Amended Complaint, including its subparts, and respectfully refers all questions of law to the Court.

## AS TO COUNT 31
## CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF NEGLIGENCE, PURSUANT TO MASS. GEN. LAWS CH. 229 § 6, AGAINST HONEYWELL

461.    DE VRIES incorporates by reference each and every response to Paragraphs 1 through 460 of the Second Amended Complaint, as though set forth fully herein.

462.    Paragraph 462 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 462 of the Second Amended Complaint.

463.    Paragraph 463 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 463 of the Second Amended Complaint.

464.    Paragraph 464 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 464 of the Second Amended Complaint.

465.    Paragraph 465 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 465 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

466.    Paragraph 466 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information

sufficient to form a belief as to the truth of the allegations asserted in Paragraph 466 of the Second Amended Complaint.

467.    Paragraph 467 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 467 of the Second Amended Complaint, including it subparts.

468.    Paragraph 468 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 468 of the Second Amended Complaint.

469.    Paragraph 469 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 469 of the Second Amended Complaint, including its subparts.

470.    Paragraph 470 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 470 of the Second Amended Complaint.

471.    Paragraph 471 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 471 of the Second Amended Complaint.

472.    Paragraph 472 is not directed at DE VRIES and therefore no response is required.

To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 472 of the Second Amended Complaint.

473.    Paragraph 473 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 473 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

**AS TO COUNT 32**
**CLAIM OF WRONGFUL DEATH PREDICATED ON NEGLIGENCE, PURSUANT TO MASS. GEN. LAWS CH. 229 § 2 AND FLA. STAT. § 768.21, AGAINST MASSPORT**

474.    DE VRIES incorporates by reference each and every response to Paragraphs 1 through 473 of the Second Amended Complaint, as though set forth fully herein.

475.    Paragraph 475 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 475 of the Second Amended Complaint.

476.    Paragraph 476 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 476 of the Second Amended Complaint.

477.    Paragraph 477 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 477 of the Second Amended Complaint.

478.     Paragraph 478 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 478 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

479.     Paragraph 479 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 479 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

480.     Paragraph 480 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 480 of the Second Amended Complaint, including its subparts, and respectfully refers all questions of law to the Court.

481.     Paragraph 481 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 481 of the Second Amended Complaint.

482.     Paragraph 482 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 482 of the Second Amended Complaint.

483.     Paragraph 483 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information

sufficient to form a belief as to the truth of the allegations asserted in Paragraph 483 of the Second Amended Complaint.

484.    Paragraph 484 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 484 of the Second Amended Complaint, including its subparts.

485.    Paragraph 485 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 485 of the Second Amended Complaint.

486.    Paragraph 486 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 486 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

487.    Paragraph 487 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 487 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

488.    Paragraph 488 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 488 of the Second Amended Complaint, including all subparts, and respectfully refers all questions of law to the Court.

## AS TO COUNT 33
## CLAIM OF CONSCIOUS SUFFERING AS A RESULT OF NEGLIGENCE, PURSUANT TO MASS. GEN. LAWS CH. 229 § 6, AGAINST MASSPORT

489.    DE VRIES incorporates by reference each and every response to Paragraphs 1 through 488 of the Second Amended Complaint, as though set forth fully herein.

490.    Paragraph 490 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 490 of the Second Amended Complaint.

491.    Paragraph 491 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 491 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

492.    Paragraph 492 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 492 of the Second Amended Complaint.

493.    Paragraph 493 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 493 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

494.    Paragraph 494 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information

sufficient to form a belief as to the truth of the allegations asserted in Paragraph 494 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

495.     Paragraph 495 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 495 of the Second Amended Complaint, including its subparts, and respectfully refers all question of law to the Court.

496.     Paragraph 496 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 496 of the Second Amended Complaint.

497.     Paragraph 497 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 497 of the Second Amended Complaint.

498.     Paragraph 498 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 498 of the Second Amended Complaint.

499.     Paragraph 499 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 499 of the Second Amended Complaint, including its subparts.

500.     Paragraph 500 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 500 of the Second Amended Complaint.

501.     Paragraph 501 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 501 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

502.     Paragraph 502 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 502 of the Second Amended Complaint and respectfully refers all questions of law to the Court.

503.     Paragraph 503 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 503 of the Second Amended Complaint.

504.     Paragraph 504 is not directed at DE VRIES and therefore no response is required. To the extent a response is deemed required, DE VRIES is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 504 of the Second Amended Complaint.

## <u>DEFENSES AND AFFIRMATIVE DEFENSES</u>

DE VRIES asserts the following defenses and affirmative defenses. By alleging the defenses set forth below, DE VRIES does not in any way allege or concede that DE VRIES has

the burden of proof and/or the burden of persuasion with respect to any of these matters.

## FIRST AFFIRMATIVE DEFENSE

505.    The Second Amended Complaint fails to state a claim against DE VRIES upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

506.    The Plaintiffs lack capacity and/or standing to maintain this action.

## THIRD AFFIRMATIVE DEFENSE

507.    This Court lacks jurisdiction over DE VRIES and this action should therefore be dismissed.

## FOURTH AFFIRMATIVE DEFENSE

508.    Plaintiffs' claims are barred by the applicable worker's compensation statute(s) because BAUKE DE VRIES was an employee and/or co-employee of decedent LEWIS A. KATZ and/or other parties or non-parties to be revealed in discovery, and the Accident occurred in the course of their employment, and this Court further lacks subject matter jurisdiction over Plaintiffs' claims against DE VRIES, including under the Massachusetts and New Jersey Worker's Compensation regimes. *See, e.g.,* Mass. Gen. Laws Ann. ch. 152 § 15 (West); N.J. Stat. Ann. § 34:15-8 (West).

## FIFTH AFFIRMATIVE DEFENSE

509.    The injuries or damages alleged herein, if any, were proximately caused by the negligence and tortious conduct of persons or entities other than DE VRIES, and therefore Plaintiffs are barred from obtaining a recovery herein against DE VRIES, or, alternatively, any such recovery must be reduced in proportion to the negligence and tortious conduct of others, including all limitations set forth under applicable law.

## SIXTH AFFIRMATIVE DEFENSE

510.    Plaintiffs failed to exercise due care on their own behalf and/or voluntarily elected to subject themselves to a known risk.

## SEVENTH AFFIRMATIVE DEFENSE

511.    Plaintiffs' claims against DE VRIES are barred on the grounds of public policy and the doctrine of *in pari delicti* because the Accident was caused by Plaintiffs' own misconduct.

## EIGHTH AFFIRMATIVE DEFENSE

512.    Plaintiffs' damages proximately resulted from Plaintiffs' comparative fault and culpable conduct, and recovery by Plaintiffs should be diminished accordingly or barred by virtue of applicable comparative negligence statutes.

## NINTH AFFIRMATIVE DEFENSE

513.    Plaintiffs' causes of action against DE VRIES are or may be barred by the doctrine of unclean hands, because the Accident was caused, in whole or in part, by the Plaintiffs' decedent's own conduct.

## TENTH AFFIRMATIVE DEFENSE

514.    DE VRIES complied with all applicable federal laws and regulations and Plaintiffs' claims are preempted in whole or in part by applicable federal law, including but not limited to, federal regulations and the Federal Aviation Act, 49 U.S.C. §§ 40101-49112 (2012).

## ELEVENTH AFFIRMATIVE DEFENSE

515.    If DE VRIES is found liable, which liability is specifically denied, DE VRIES is entitled to indemnity, contribution, and/or set off from those persons or entities whose fault

caused or contributed to the damages for which recovery is sought and DE VRIES is further entitled to liability protection to the full extent permitted under the applicable law.

## TWELFTH AFFIRMATIVE DEFENSE

516.     The damages alleged in the Second Amended Complaint were brought about by an intervening and superseding cause and were not caused by DE VRIES or by any third-party for whom DE VRIES is responsible.

## THIRTEENTH AFFIRMATIVE DEFENSE

517.     The action is barred by the applicable statute of limitations, limitations set forth in the applicable wrongful death statute, by reason of a statute of repose, and/or limitations set forth in the probate law applicable to the DE VRIES Estate, including but not limited to, N.J.S.A. § 3B:22-4.

## FOURTEENTH AFFIRMATIVE DEFENSE

518.     Plaintiffs have failed to join one or more indispensable parties necessary for the proper adjudication of this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

519.     This action should be dismissed or transferred based on improper forum and/or venue.

## SIXTEENTH AFFIRMATIVE DEFENSE

520.     Upon information and belief, Plaintiffs' alleged economic loss, as specified under applicable law, was or will be replaced or indemnified, in whole or in part, from collateral sources, and DE VRIES is entitled to have the Court consider the same in determining and reducing any such special damages as provided under applicable law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

521.     The Plaintiffs failed to mitigate their alleged damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

522.     Plaintiffs' claims against DE VRIES have been released and/or discharged and/or are barred under the doctrines of waiver and/or estoppel.

## NINETEENTH AFFIRMATIVE DEFENSE

523.     Plaintiffs' claims against DE VRIES are barred and/or Plaintiffs' available remedies, if any, are limited by contract or contractual remedies limitations.

## TWENTIETH AFFIRMATIVE DEFENSE

524.     Plaintiffs and certain other parties were engaged in a joint enterprise such that any negligence of those parties is imputed to LEWIS A. KATZ.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

525.     Plaintiffs' claims against DE VRIES are barred or limited based on the existence of prior settlement agreements and the payment of settlement funds, including under Mass. Gen. Laws Ann. ch. 231B, §4 (West).

## RESERVATION OF RIGHTS

526.     DE VRIES reserves the right to raise any and all separate defenses which may become apparent during the course of this action.

## NOTICE OF APPLICABILITY OF FOREIGN LAW

527.     Some or all of the claims or defenses asserted in this cause may be governed by the substantive law of another jurisdiction.

**WHEREFORE** DE VRIES respectfully demands judgment as follows:

a)       dismissing Plaintiffs' claims against DE VRIES in the Second Amended Complaint in their entirety, or limiting DE VRIES' liability;

b)       awarding DE VRIES its costs, including attorneys' fees, in defending this action;

c)      awarding DE VRIES such further relief as this court deems just and proper.

**CROSSCLAIMS AGAINST THIRD-PARTY DEFENDANT**
**UNITED STATES OF AMERICA**

**COUNT I**
**DE VRIES' CROSSCLAIM FOR CONTRIBUTION AGAINST THIRD-PARTY**
**DEFENDANT UNITED STATES PURSUANT TO THE LAW FOUND**
**APPLICABLE THERETO INCLUDING MASS. GEN. LAWS CH. 231B, § 1**

1.      DE VRIES' Crossclaim against Third-Party Defendant, United States ("United

States"), arises from an accident involving a Gulfstream G-IV model aircraft (FAA Reg. No.

N121JM) (the "Aircraft") at Laurence G. Hanscom Field Airport ("BED") in Bedford,

Massachusetts on May 31, 2014 (the "Accident"), which resulted in the death of Plaintiffs'

decedent, Lewis A. Katz.

2.      Plaintiffs, Drew Katz and Melissa Silver, on their own behalf and in their capacity

as the Co-Personal Representatives of the Estate of Lewis A. Katz, commenced the underlying

wrongful death and survival action against several defendants, including DE VRIES, to recover

damages for the death of Decedent.  *See* Plaintiffs' Second Amended Complaint.

3.      Plaintiffs seek to hold DE VRIES liable for the accident and the resulting death of

Plaintiffs' decedent pursuant to DE VRIES' alleged negligent operation of the Aircraft.  *Id.* at ¶¶

240-255.

4.      At the time of the Accident, Defendant Massachusetts Port Authority contracted

with the United States Air Force ("United States") to provide Aircraft Rescue and Firefighting

("ARFF") services at BED, including as required by Federal Aviation Regulations (FARs), 14

C.F.R. Part 139.

5.      At the time of the Accident, the United States was responsible for performing a

number of functions, including the ARFF response to the Subject Accident and had a duty to,

among other things, ensure that the ARFF response was carried out to the degree of care owed to the owner and operator of the Aircraft and the individuals onboard the Aircraft, including in accordance with 14 C.F.R. Part 139.

6.     The United States breached this duty of care in the following ways:

a.     Waiting more than 3 minutes after the Accident to begin fighting the fire with an extinguishing agent;

b.     Providing a delayed and inadequate response to the Accident by running out of water during the attempted rescue;

c.     Providing a delayed and inadequate response to the Accident by running out of fire-fighting foam during the attempted rescue;

d.     Providing a delayed response to the Accident such that the individuals onboard the Aircraft remained trapped inside for 2 hours and 11 minutes after the alarm sounded and before the Aircraft door was removed; and

e.     Failing to put out the fire and remove the occupants of the Aircraft as quickly and expeditiously as possible; and

f.     Otherwise being negligent.

7.     To the extent that the United States' breach of its duty caused or contributed in any way to the death of Plaintiffs' decedent, the United States is liable for breaching its duty that caused or contributed to the Accident.

8.     Accordingly, the United States is liable for the injuries, damages, and losses alleged in Plaintiffs' Second Amended Complaint.

9.     Should it be found that Plaintiffs were caused to sustain damages as alleged in their Second Amended Complaint, due to any negligence or other culpable conduct other than

their own, and should any judgment be recovered herein by Plaintiffs against DE VRIES,

concerning which any such negligence or culpable conduct on the part of DE VRIES is denied,

then DE VRIES will be damaged thereby.

10.     Therefore, DE VRIES will be entitled to seek and demands judgment for

contribution from the United States and that the respective degrees of negligence and culpability

of the United States be ascertained, determined, and adjudicated, and that DE VRIES have

judgment over the United States for all or part of any verdict or judgment obtained by Plaintiffs

against DE VRIES.

11.     DE VRIES is entitled to contribution from the United States for any damages in

excess of any proportionate or pro rata share on the part of DE VRIES of the common liability,

concerning which DE VRIES denies, if any, in accordance with the law found applicable thereto,

including but not limited to Mass. Gen. laws ch. 231B, § 1(b).

## COUNT II
## DE VRIES' CROSSCLAIM FOR COMMON LAW INDEMNIFICATION
## AGAINST THIRD-PARTY DEFENDANT UNITED STATES

12.     DE VRIES restates and realleges the allegations in Paragraphs 1 through 11 of

DE VRIES' Crossclaims Against Third-Party Defendant United States as if fully set forth herein.

13.     Should Plaintiffs be found to have suffered damages as alleged in their Second

Amended Complaint, said damages were caused, in whole or in part, by the intentional, careless,

or negligent acts or omissions of United States and not by any carelessness, negligence, or

intentional acts or omissions by DE VRIES, then DE VRIES is entitled to indemnification by

operation of the common law found applicable thereto from the United States for the full amount

of any such sum or judgment.

14.     As such, DE VRIES may be entitled to tort-based common law indemnification

from United States for any judgment entered against DE VRIES and for attorney's fees, costs, and other expenses incurred by DE VRIES in defending itself in this action arising from the United States' negligence or culpable conduct.

**WHEREFORE**, DE VRIES demands judgment in its favor over and against Third Party Defendant United States for contribution and common law indemnity pursuant to the foregoing, and that the Court grant DE VRIES any other relief that it deems just and proper.

Date:   August 21, 2017

**REED SMITH LLP**

  /s/ Oliver Beiersdorf
Oliver Beiersdorf (admitted *pro hac vice*)
Patrick E. Bradley (admitted *pro hac vice*)
Patrick T. Rowe (BBO No. 682285)
599 Lexington Avenue
New York, New York 10022
Tel: (212) 521-5400
Fax: (212) 521.5450
obeiersdorf@reedsmith.com
pbradley@reedsmith.com
prowe@reedsmith.com

*Attorneys for Defendant*
*SHELLY DE VRIES, in her capacity as Personal Representative of the ESTATE OF*
*BAUKE DE VRIES, deceased*

## CERTIFICATE OF SERVICE

I, Oliver Beiersdorf, hereby certify that on August 21, 2017, a copy of the

foregoing Amended Answer and Crossclaims of Defendant Shelly de Vries as Representative of

the Estate of Bauke de Vries was filed through the Court's CM/ECF System on all counsel to the

parties.


    /s/ Oliver Beiersdorf
REED SMITH LLP
599 Lexington Avenue
New York, New York  10022
Tel: (212) 521-5400
Fax: (212) 521.5450
obeiersdorf@reedsmith.com