## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| _____ | ) | |
|  | ) | |
| **DREW KATZ et al.,** | ) | |
|  | ) | |
| **Plaintiffs,** | ) | |
| v. | ) | |
|  | ) | |
| **SPINIELLO COMPANIES et al.,** | ) | |
|  | ) | |
| **Defendants.** | ) | |
|  | ) | |
|  | ) | **Civil Action No. 16-11380** |
| **SK TRAVEL, LLC,** | ) | |
|  | ) | |
| **Third-Party Plaintiff,** | ) | |
| v. | ) | |
|  | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
|  | ) | |
| **Third-Party Defendant.** | ) | |
|  | ) | |
|  | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                    **May 8, 2018**

### I.        Introduction

Plaintiffs Drew Katz and Melissa Silver ("Plaintiffs"), individually and as the co-personal

representatives of the estate of Lewis A. Katz, have filed this lawsuit against several defendants

including Gulfstream Services (also sometimes referred to as Gulfstream Aerospace Services

Corporation), Arizin Ventures LLC ("Arizin"), Spiniello Companies ("Spiniello"), Carol

McDowell in her capacity as personal representative of the Estate of James McDowell

("McDowell") and Shelly de Vries in her capacity as personal representative of the Estate of Bauke

de Vries ("de Vries"). D. 229. The Plaintiffs voluntarily moved to dismiss Gulfstream Services.

D. 293.  Subsequently, de Vries moved to amend her answer to add crossclaims against Gulfstream Services and Arizin.  D. 294.  In the event that the Court does not allow the Plaintiff's motion to dismiss Gulfstream Services, Gulfstream Services has moved for summary judgment.  D. 302. McDowell then moved to amend her answer to add crossclaims against Arizin.  D. 317.  For the following reasons, the Court ALLOWS the Plaintiffs' motion to dismiss Gulfstream Services, D. 293, ALLOWS in part and DENIES in part de Vries' motion to amend her answer, D. 294, ALLOWS McDowell's motion to amend her answer, D. 317, and DENIES Gulfstream Services' motion for summary judgment, D. 302, as moot.

## II.     Relevant Factual Background

These allegations are taken from the operative complaint, D. 229.  This action arises out of the death of Lewis Katz in the crash of a Gulfstream G-IV airplane (the "Subject Aircraft") at the Laurence G. Hanscom Field in Bedford, Massachusetts on May 31, 2014.  D. 229 ¶ 1.  The Plaintiffs are the children and co-personal representatives of Lewis Katz.  D. 229 ¶ 6.  James McDowell and Bauke de Vries were the two pilots of the Subject Aircraft at the time of the crash. D. 229 ¶¶ 10-11.  Arizin, at the time of the crash, had leased the Subject Aircraft from SK Travel LLC pursuant to a lease agreement.  D. 229 ¶ 9.  The complaint alleges that Gulfstream Services participated in the inspection and certification of certain components of the Subject Aircraft prior to the crash.  D. 229 ¶¶ 119-121.

## III.    Relevant Procedural History

On August 10, 2017, the Plaintiffs filed the now-operative (corrected) second amended complaint.  D. 229.  On August 21, 2017, McDowell filed her answer along with crossclaims against the United States and de Vries filed her answer along with crossclaims against the United States.  D. 233, D. 243.  On September 11, 2017, SK Travel filed crossclaims against Arizin for

contribution and indemnification under the lease agreement. D. 263. On February 1, 2018, McDowell was deposed. D. 326 at 3. Throughout this litigation, there has been motion practice, the parties have been conferring about discovery-related matters and there have been numerous status conferences. D. 231, 285, 296, 345, 346.

On February 9, 2018, the Plaintiffs moved to dismiss Gulfstream Services. D. 293. On the same day, de Vries moved to amend her answer to add crossclaims against Gulfstream Services and also Arizin. D. 294. On February 22, 2018, Gulfstream Services moved for summary judgment. D. 302. On February 27, McDowell moved to amend her answer to add crossclaims against Arizin. D. 317. On April 30, 2018, the Court heard argument regarding the two motions to amend, D. 294, D. 317, and took the matters under advisement. D. 346.

## IV. Standard of Review

As the parties recognize, because both motions to amend come after the May 31, 2017 deadline set by this Court for amending the pleadings, D. 195, de Vries and McDowell must show "good cause" for the filing of the amended answer. Fed. R. Civ. P. Rule 16(b)(4); Kane v. Town of Sandwich, 123 F. Supp. 3d 147, 158 (D. Mass. 2015). The "good cause" standard "emphasizes the diligence of the party seeking the amendment," although "prejudice to the opposing party remains relevant but is not the dominant criterion." Id. (quoting O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 154 (1st Cir. 2004)). "[I]ndifference" by the movant to the case warrants denial of a motion to amend "irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause." O'Connell, 357 F.3d at 155.

## V. Motions to Amend to Add Claims Against Arizin

Both de Vries and McDowell seek to amend their answers to add crossclaims against Arizin. De Vries contends that there is good cause to allow the amendment with respect to the

crossclaims against Arizin because facts disclosed at the February 1, 2018 deposition of McDowell revealed that both pilots may have been employees of SK Travel and thus that Arizin, by the terms of its lease agreement with SK Travel, may be required to indemnify de Vries. D. 326 at 7-8. Arizin responds that the pilots' estates should have been on notice earlier that the pilots may have been employees of SK Travel because the Plaintiffs, in the now-operative complaint filed back on August 10, 2017, alleges that "SK Travel is vicariously and legally liable for the negligence of the Pilots conducted during, and within the scope of, their employment with SK Travel." D. 311 at 7; D. 229 ¶ 162. That complaint also claims that the Plaintiffs were "of the position that the Pilots were employees of Spiniello – and only Spiniello – at the time of the Subject Accident," but alleged "[i]n the alternative" that SK Travel employed the pilots. D. 229 ¶ 161. De Vries adds that because the pilots' W-2 forms came from Spiniello, and not SK Travel, it took longer for de Vries to come to the plausible conclusion, sufficient for a good-faith crossclaim, that SK Travel was the employer of Bauke de Vries. D. 326 at 7. Additionally, there is no prejudice to Arizin, because the crossclaims that de Vries and McDowell seek to add are similar to the crossclaims that SK Travel filed against Arizin in September 2017, at least to the extent that all rely on the dry lease agreement between SK Travel and Arizin that purportedly results in Arizin being liable for the underlying accident. D. 263 at 7-8; D. 295-7 at 95-96; D. 316-2 at 97. Moreover, as described above, de Vries and McDowell have not demonstrated the type of "indifference" to the proceedings that should foreclose consideration of any lack of prejudice. O'Connell, 357 F.3d at 155. The Court ALLOWS the motions to amend as to the crossclaims against Arizin, D. 294, D. 317.

## VI.     Motion to Amend to Add Claims Against Gulfstream Services

De Vries also seeks to amend her answer to add crossclaims against Gulfstream Services. She contends that there is also good cause to allow the amendment with respect to these crossclaims because she recently identified additional facts that would support a crossclaim against

4

Gulfstream Services. D. 326 at 9. She does not, however, identify when she learned the specific facts that justified the late addition of crossclaims against Gulfstream Services, as she did with Arizin, and thus does not show good cause for delay in asserting the crossclaims, particularly where the facts underlying those crossclaims – Gulfstream Service's role in inspecting and certifying the aircraft – were pled in the operative complaint, filed in August 2017. D. 229 ¶¶ 119-121; D. 295-7 at 91-94.

Even if the question of reasonable diligence is a close call as to this proposed amendment, the relevant consideration of prejudice is stronger as to Gulfstream Services. Gulfstream Services contends that it would be prejudiced by the late amendment because it is, due to the Plaintiff's voluntary motion to dismiss claims against it, about to be out of this case entirely. D. 312 at 8-9. See In re Giza, 441 B.R. 395, 401 (Bankr. D. Mass. 2011) (finding prejudice where a party would have been forced back into a case if the motion to amend were granted). While prejudice is not "the dominant criterion," it remains "relevant" to the determination of good cause under Rule 16(b). O'Connell, 357 F.3d at 155. In light of de Vries' failure to show good cause for delay and the showing of prejudice by Gulfstream Services, de Vries' motion to amend is DENIED with respect to the crossclaims against Gulfstream Services.[1]

## VII. The Plaintiffs' Motion to Dismiss Gulfstream Services

The Plaintiffs' voluntary motion to dismiss Gulfstream Services, D. 293, is ALLOWED.

## VIII. Gulfstream's Motion for Summary Judgment

Given the Court's ruling allowing the dismissal of Gulfstream Services, Gulfstream Service's motion for summary judgment, D. 302, is DENIED as moot.

---

[1] Because the Court denies the motion to amend on this ground, the Court does not reach whether such an amendment would also be futile, as Gulfstream Services further contends. D. 312 at 9-13.

# IX. Conclusion

For the foregoing reasons, the Court ALLOWS the Plaintiffs' motion to dismiss Gulfstream Services, D. 293, ALLOWS in part and DENIES in part de Vries' motion to amend her answer, D. 294, ALLOWS McDowell's motion to amend her answer, D. 317, and DENIES Gulfstream Services' motion for summary judgment, D. 302, as moot.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge