UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Drew Katz and Melissa Silver, individually and as the Co-Personal Representatives of the Estate of LEWIS A. KATZ, deceased,<br><br>                  Plaintiffs,<br>v.<br><br>SK TRAVEL LLC, a North Carolina Limited Liability Company; SPINIELLO COMPANIES, a New Jersey Corporation; ARIZIN VENTURES LLC, a Delaware Limited Liability Company; CAROL MCDOWELL, in her capacity as Personal Representative of the ESTATE OF JAMES MCDOWELL, deceased, a resident of Delaware; SHELLY DEVRIES, in her capacity as Personal Representative of the ESTATE OF BAUKE DEVRIES, deceased, a resident of New Jersey, GULFSTREAM AEROSPACE CORPORATION, a Georgia Corporation; GULFSTREAM AEROSPACE CORPORATION, a Delaware Corporation; GULFSTREAM AEROSPACE SERVICES CORPORATION, d/b/a Gulfstream Aerospace Corporation, a Delaware Corporation; ROCKWELL COLLINS, INC., an Iowa Corporation; HONEYWELL INTERNATIONAL, INC., a Delaware Corporation; and the MASSACHUSETTS PORT AUTHORITY, an independent public authority of the Commonwealth of Massachusetts,<br><br>                  Defendants. | Civil Action No. 1:16-cv-11380 (DJC) |
| SK TRAVEL, LLC, SPINIELLO COMPANIES, and ARIZIN VENTURES, LLC,<br><br>                  Third-Party Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                  Third-Party Defendant. | **DEFENDANT CAROL MCDOWELL'S, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JAMES MCDOWELL, REPORT ON THE STATUS OF DISCOVERY** |

Pursuant to the Court's order dated May 3, 2018 (ECF No. 352, Cabell, M.J.), Defendant Carol McDowell, as personal representative of the Estate of James McDowell ("McDowell"), submits this report on the status of liability discovery.[1] James McDowell was one of the two pilots on board the accident aircraft and was tragically killed in the accident.

### A.  McDowell's Discovery Requests On SK Travel, Spiniello, and Arizin

On February 22, 2018, McDowell served requests for the production of documents on Defendants SK Travel, Spiniello Companies, and Arizin Ventures. McDowell's requests on all parties were tailored toward liability issues primarily relating to McDowell's workers compensation exclusivity defense. Each of these parties has timely responded to McDowell's requests for production and has produced responsive documents. McDowell is in the process of reviewing these documents now to determine if any further compliance is necessary.

### B.  McDowell's Discovery Requests on Plaintiffs

Also on February 22, 2018, McDowell served requests for the production of documents on Plaintiffs. In all, McDowell's served seven requests for production tailored toward McDowell's workers compensation exclusivity defense as well as to Plaintiff's liability allegations arising from James McDowell's piloting of the aircraft at the time of the accident. In summary, McDowell requested the following categories of documents:

1. All documents and communications relating to Lewis Katz's ownership interest and/or involvement in each of SK Travel, Arizin Ventures, Ztak Aviation, Inc. and / or Spiniello Companies.

2. All documents and communications relating to the pilots including documents relating to their job titles and job descriptions, compensation, how that compensation was paid, who

---

[1] Defendant SK Travel LLC is submitting a report on the status of damages discovery.

   paid that compensation, employment contracts, communications with the pilots, Lewis
   Katz's management and supervision of the pilots, and workers compensation coverage
   and / or benefits paid to the pilots.

3. All documents and communications relating to Lewis Katz's involvement in the business
   of SK Travel, Arizin Ventures, and/or Spiniello Companies.

4. All documents and communications relating to the Subject Accident including documents
   relating to the selection of the flight crew, payment of expenses, the purpose of the
   accident flight, the conduct of persons on board the aircraft on the day of the accident, the
   operation and /or maintenance of the aircraft on the day of the accident, and
   communications with the Plaintiffs' regarding the accident.

5. All documents and communications relating to the Subject Aircraft including documents
   relating to the flight crews used on the aircraft, the flights operated using the aircraft, the
   payment of expenses relating to the aircraft, the purchase and lease of the aircraft, and
   maintenance and operation of the aircraft.

6. All documents and communications relating to workers compensation insurance policies
   for SK Travel, Arizin, and / or Spiniello and any purported exemption of coverage under
   such policies for Lewis Katz.

7. All documents and communications regarding Plaintiffs' liability allegations against the
   Pilots in the operative complaint.

Pursuant to Federal Rule 34, Plaintiffs' responses were due on or before Thursday, March 24, 2018. See Fed. R. Civ. P. 34(b)(2)(A).

On Monday, March 26, Plaintiffs' requested that McDowell agree to hold her discovery requests in abeyance pending completion of Plaintiffs' production of documents relating to damages. On March 27, in response to McDowell's request for further information regarding the need for such an extension, Plaintiffs took the position that the documents responsive to McDowell's requests were largely, if not totally, duplicative of the documents responsive to Defendants' damages discovery requests. Plaintiffs further indicated that they did not have adequate time to work on both damages and liability discovery simultaneously. Plaintiffs' proposal was that McDowell wait until damages discovery was complete and, after reviewing

Plaintiffs' damages production (which is expected to be millions of pages in length), identify for Plaintiffs which categories of documents remain outstanding.

On April 5, 2018, McDowell agreed to extend Plaintiffs' discovery date until April 25, and declined to hold the liability discovery requests in abeyance as Plaintiffs suggested. McDowell also pointed out that Plaintiffs had an obligation under Rule 34 to review their own documents and produce responsive documents either "as they are kept in the usual course of business" or "organize[d] and label[ed] … to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i); see also, Energy Power (Shenzhen) Co. Ltd. v. Xiaolong Wang, No. 13-11348-DJC, 2014 WL 4687542, at *3-4 (D. Mass. Sept. 17, 2014) (parties must produce documents in a manner that "makes finding critical documents reasonably possible.").

On April 11, Plaintiffs responded that they would not be able to meet an April 25 production deadline, and requested an extension of their response date until the end of May. On April 24, McDowell agreed to extend Plaintiffs' response date until May 31 "so long as [Plaintiffs] agree not to seek any further extensions and to fully comply with [McDowell's] requests" on or before that date. McDowell reserved all rights with regard to Plaintiffs' waiver of objections due to their failure to timely respond under Rule 34. See Kooker v. Susan Marie II, Inc., No. Civ.A.98-10282-RBC, 1998 WL 34061513, at *1 (D. Mass. Nov. 10, 1998) ("Since the response was not filed within thirty days of service of the request as required by Rule 34(b), Fed. R. Civ. P., the objection is waived.").

Plaintiffs' primary argument – that McDowell's requests largely overlap with Defendants' damages discovery – is simply incorrect and cannot justify waiting for the completion of damages discovery. While some of the documents McDowell has requested may

have some modest overlap with the damages discovery, i.e. documents relating to Lewis Katz's involvement in SK Travel, Arizin, and /or Spiniello, the vast majority of the documents that McDowell has requested do not bear on damages at all. Documents relating to James McDowell's employment status, the existence of workers compensation coverage, and/or Plaintiffs' allegations that the pilots negligently operated the aircraft are all well beyond the scope of damages discovery. Particularly given the quickly approaching fact discovery cutoff in the Court's scheduling order (August 5, 2018), these documents should be produced.

Moreover, even to the extent there is some overlap, McDowell is not obligated to comb through millions of pages of damages discovery to identify the relatively small number of documents responsive to her requests and to identify categories of documents omitted from Plaintiffs' production. It is Plaintiffs, not McDowell, who are obligated to identify and produce responsive documents pursuant to Rule 34 in a manner that "makes finding critical documents reasonably possible." Energy Power (Shenzhen), 2014 WL 4687542, at *3-4. Plaintiffs cannot simply point at a production of millions of pages of documents, the vast majority of which are not responsive to McDowell's liability discovery requests, and tell McDowell to find the needles in that haystack.

Respectfully submitted this 16th day of May 2018.

- 6 -

        **DEFENDANT**
        **CAROL MCDOWELL, in her capacity as Personal Representative of the Estate of James McDowell**

        <u>/s/ Erik H. Beard</u>
        Kevin M. Smith (*admitted phv*)
        Erik H. Beard (*admitted phv*)
        Robyn Gallagher (*admitted phv*)
        Joseph Merschman (BBO652527)
        WIGGIN AND DANA LLP
        One Century Tower
        265 Church Street
        New Haven, Connecticut  06510
        Phone: (203) 498-4400
        Fax: (203) 782-2889
        Email: ksmith@wiggin.com
        Email: ebeard@wiggin.com
        Email:  rgallagher@wiggin.com
        Email: jmerschman@wiggin.com

## CERTIFICATE OF SERVICE

I hereby certify that, on May 16, 2018, a copy of **DEFENDANT CAROL MCDOWELL'S, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JAMES MCDOWELL, REPORT ON THE STATUS OF DISCOVERY** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may also access this filing through the Court's CM/ECF System.

/s/ Erik H. Beard
Erik H. Beard (*admitted phv*)

25286\1\4820-1611-1974.v1

Case 1:16-cv-11380-DJC   Document 359   Filed 05/16/18   Page 8 of 8