**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Drew Katz and Melissa Silver, individually and as the co-Personal Representatives of the Estate of LEWIS A. KATZ, deceased, | |
| Plaintiffs, | |
| v. | |
| SPINIELLO COMPANIES, *et al.*, | |
| Defendants. | Civil Action No.: 16-11380 (DJC)(DLC) |
| SK TRAVEL, LLC, *et al.*, | |
| Third-Party Plaintiffs, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Third-Party Defendant. | |

**DEFENDANTS' RENEWED JOINT EMERGENCY**
**MOTION FOR PROTECTIVE ORDER AND MEMORANDUM OF LAW**

On June 28, 2018, Defendants filed a Joint Emergency Motion for Protective Order ("Motion") asking this Court to enjoin Plaintiffs from seeking the discovery of Defendants' privileged communications and attorney work product from their insurer Global Aerospace, Inc. ("Global"). *See* ECF #405. On June 29, 2018, the Court denied the Motion without prejudice. *See* ECF #407. The Court explained that it was "not clear that this court has jurisdiction to grant relief in connection with a motion to compel that was filed and is pending in the Southern District of Florida,"[1] and that it also seemed "premature where Global's response has yet to be filed, and the response may affect the scope of the relief being sought." *Id.* At the same time,

---

[1] The Court further observed that it was "also not clear why [plaintiffs'] motion to compel was not filed in the District of New Jersey where the subpoena was served." *Id.*

the Court granted Defendants leave to "move anew" so long as they "address the court's noted concerns." *Id.* Defendants respectfully submit this Renewed Joint Emergency Motion for Protective Order and Memorandum of Law in an attempt to do so.

The Motion is not premature because Global has responded to Plaintiffs' motion to compel. Its response is attached hereto as Exhibit 1. As the Court can see, Global has contested the jurisdiction of the Florida court, disputed the relevance of the information sought to this litigation, and also identified the fact that each of the Defendants here have raised serious privilege concerns over Plaintiffs' subpoena and motion to compel. Defendants' motion is also not premature because the privileges invoked by Defendants in response to the subpoena are their own, not just Global's. Consistent with Rule 26(c), in other words, Defendants "are not simply asserting the rights of the third party, but their *own right*" to a proper and reasonable scope of discovery in this case. *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 236 (D. Minn. 2013) (emphasis added). Finally, Defendants' motion is not premature because, regardless of the actions taken by Global or the Florida court, this Court has jurisdiction over the Plaintiffs themselves as well as the discovery they are seeking for purposes of this case.

Under Federal Rule of Civil Procedure 26(c)(1), "[a] party or any person from whom discovery is sought may move for a protective order *in the court where the action is pending*" (emphasis added). Courts applying this rule have held that the court in which the action is pending necessarily retains jurisdiction to control discovery, including third-party discovery involving subpoenas served in other jurisdictions. *See, e.g.*, *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 236-37 (D. Minn. 2013) (affirming magistrate judge opinion that the court had the authority to require a party to withdraw subpoenas issued to third-parties in other jurisdictions under Rule 26(c)); *Chevron Corp. v. Donziger*, No. 11 CIV. 0691 LAK, 2012 WL 6634680, at

*2 (S.D.N.Y. Dec. 19, 2012) ("The requirement that a motion to quash or modify a subpoena be filed in the issuing court thus is entirely reconcilable with the authority of the court in which the action is pending to issue a protective order at the behest of a party to exercise its broad authority over the scope of discovery"); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Porter Hayden Co.*, No. 3-11-CV-00014-LRH, 2011 WL 6026291, at *4 (D. Nev. Dec. 2, 2011) ("According to the explicit text of Rule 26(c)(1), a non-party served with a subpoena for documents in another district (or a non-party with standing to object), as is the case here, *could seek a protective order concerning the scope of the subpoena in the district where the action is pending*.") (emphasis added); *Rajala v. McGuire Woods, LLP*, Civil Action No. 08-2638-CM-DJW, 2010 WL 4683979, at **2-7 (D. Kan. Nov. 12, 2010) (examining "the interplay between motions to quash/modify subpoenas and motions for protective order" and concluding that "this Court has the authority and responsibility to control the broad outline and scope of discovery in the case");[2] *Straily v. UBS Fin. Servs., Inc.*, Civil Action No. 07-cv-00884-REB-KMT, 2008 WL 5378148, at *2 (D. Colo. Dec. 23, 2008) (granting motion for protective order pursuant to Rule 26(c) where third-party subpoena was served in another district because *"[i]t is beyond cavil . . . that the broad outlines of discovery in a civil case are controlled by the court where the case is filed"*)

---

[2] The *Rajala* court fashioned a unique two-part test for exercising jurisdiction over discovery sought elsewhere: "(1) the issues raised are central to the case and extend beyond the specifics of the particular subpoena, and (2) the requested ruling is necessary to insure that general discovery issues will receive uniform treatment, regardless of the district in which discovery is pursued." 2010 WL 4683979, at *7. Under the particular, distinguishable facts of that case, the *Rajala* court found that its test had not been met. Although there is no precedent to apply the *Rajala* test here, even if it applied it would be easily met. The Plaintiffs themselves concede that the discovery sought concerns the employment of the pilots—an issue central to this case and going well beyond the subpoena in dispute. Further, the unique tripartite relationship amongst insurer, insured, and defense counsel means that the privilege issues extend beyond the specific subpoena issued to Global. Finally, the requested ruling is necessary to ensure uniform treatment of these important issues by the Court most affected by them as further discussed below.

(emphasis added); *Wells v. GC Services LP*, No. C06-03511 RMW HRL, 2007 WL 1068222, at *1 (N.D. Ca. Apr. 10, 2007) (while there is no jurisdiction under Rule 45 over third-party subpoena issued in another jurisdiction, "this court could properly address a motion for a protective order, and this court has the right to define the scope of discovery"); *Platinum Air Charters, LLC v. Aviation Ventures, Inc.*, No. 2:05-cv-01451-RCJ-LRL, 2007 WL 121674, at *3 (D. Nev. Jan. 10, 2007) ("General discovery issues should receive uniform treatment throughout the litigation, regardless of where the discovery is pursued.  The court, therefore, concludes that it can and should address the issues raised by [the party's] request for a protective order, as these issues extend well beyond the matter of a specific subpoena."); *Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 434 (M.D.N.C. 2001) (addressing motion for protective order because "the district court in which an action is pending has the right and responsibility to control the broad outline of discovery.  A party's 'discovery rights [in other districts] can rise no higher than their level in the district of trial.'" (internal citations omitted) (alterations in original)); *see also Best Western Intern., Inc. v. Doe*, No. CV-06-1537-PHX-DGC, 2006 WL 2091695, at *2 (D. Ariz. Jul. 25, 2006) (same).

Put simply, Rule 26(c) reposes authority in this Court over the proper scope of discovery sought by any party to and affecting this case.  And that makes perfect sense.  Having this Court decide discovery issues, including privilege, would only promote uniformity, judicial economy, and efficiency for all the parties because this Court "undoubtedly is more familiar with the underlying dispute and 'has the right and responsibility to control the broad outline of discovery.'"  *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 2011 WL 6026291, at *5 (quoting *Platinum Air Charters, LLC*, 2007 WL 121674, at *3).  There can be no serious dispute that this Court thus is in a position far superior than any other court—in Florida or New Jersey or

anywhere else—to evaluate in proper context the discovery in dispute and the serious privileges Defendants invoke concerning it.

## **CONCLUSION**

For the foregoing reasons, Defendants' renew their Joint Emergency Motion for Protective Order, ECF #405, and respectfully request that the Court issue the relief set forth therein.

Dated:  July 6, 2018                          Respectfully submitted,

| | |
|---|---|
| SK TRAVEL, LLC<br><br>By its attorneys,<br><br>CONDON & FORSYTH LLP<br><br>*/s/ Christopher R. Christensen*<br>Christopher R. Christensen (pro hac vice)<br>cchristensen@condonlaw.com<br>David J. Harrington (pro hac vice)<br>dharrington@condonlaw.com<br>Jonathan E. DeMay (pro hac vice)<br>jdemay@condonlaw.com<br>7 Times Square<br>New York, NY 10036<br>Tel: (212) 894-6700<br><br>– and –<br><br>HUNTON ANDREWS KURTH LLP<br>Timothy J. Fazio (BBO # 654157)<br>TFazio@huntonak.com<br>Shauna R. Twohig (BBO # 685590)<br>STwohig@huntonak.com<br>125 High Street<br>Boston, MA 02110<br>Tel: (617) 648-2745 | SHELLY DE VRIES, in her capacity as<br>Personal Representative of the ESTATE OF<br>BAUKE DE VRIES<br><br>By her attorneys,<br><br>REED SMITH LLP<br><br>*/s/ Oliver Beiersdorf*<br>Oliver Beiersdorf (pro hac vice)<br>obeiersdorf@reedsmith.com<br>599 Lexington Avenue<br>New York, NY 10022<br>Tel: (212) 521-5400<br><br>Patrick E. Bradley (pro hac vice)<br>pbradley@reedsmith.com<br>136 Main Street, Suite 250<br>Princeton, NJ 08540<br>Tel: (609) 524-2036 |
| SPINIELLO COMPANIES<br><br>By its attorneys,<br><br>SA Law, P.C.<br><br>*/s/ Steven E. Arnold*<br>Steven E. Arnold (BBO # 654157)<br>sea@salaw.us<br>8 Whittier Place, Suite 14F<br>Boston, MA 02114<br>Tel: (617) 670-0868<br><br>–and– | CAROL MCDOWELL, in her capacity as<br>Personal Representative of the ESTATE OF<br>JAMES MCDOWELL<br><br>By her attorneys,<br><br>WIGGIN & DANA LLP<br>*/s/ Kevin M. Smith*<br>Kevin M. Smith (pro hac vice)<br>ksmith@wiggin.com<br>Joseph C. Merschman (BBO # 652527)<br>jmerschman@wiggin.com<br>One Century Tower<br>265 Church Street<br>New Haven, CT 06510<br>Tel: (203) 498-4400 |

| | |
|---|---|
| KAPLAN, MASSAMILLO & ANDREWS, LLC<br>Eugene Massamillo (pro hac vice)<br>emassamillo@kmalawfirm.com<br>Jeanine C. Driscoll (pro hac vice)<br>jdriscoll@kmalawfirm.com<br>70 East 55th Street, 25th Floor<br>New York, NY 10022<br>Tel: (212) 922-0450<br><br>Larry Kaplan (pro hac vice)<br>lkaplan@kmalawfirm.com<br>200 West Madison Street, 16th Floor<br>Chicago, IL 60606<br>Tel: (312) 345-3000 | Robyn E. Gallagher (pro hac vice)<br>rgallagher@wiggin.com<br>20 Church Street<br>Hartford, CT 06103<br>Tel: (860) 297-3735 |
| ARIZIN VENTURES, LLC<br><br>By its attorneys,<br><br>HIGGINS, CAVANAGH & COONEY, LLP<br><br>*/s/ James A. Ruggieri*<br>James A. Ruggieri (BBO # 433770)<br>jruggieri@hcc-law.com<br>John David Freel<br>dfreel@hcc-law.com<br>10 Dorrance Street, Suite 400<br>Providence, RI 02903<br>Tel: (401) 272-3500<br><br>–and–<br><br>SCHNADER HARRISON SEGAL & LEWIS LLP<br>J. Denny Shupe (pro hac vice)<br>dshupe@schnader.com<br>1600 Market Street, Suite 3600<br>Philadelphia, PA 19103<br>Tel: (215) 751-2300<br><br>Barry S. Alexander (pro hac vice)<br>BAlexander@Schnader.com<br>140 Broadway, Suite 3100<br>New York, NY 10005-1101<br>Tel: (212) 973-8000 | HONEYWELL INTERNATIONAL INC.,<br><br>By its attorneys,<br><br>PEABODY & ARNOLD LLP<br><br>*/s/ Timothy O. Egan*<br>Timothy O. Egan<br>tegan@peabodyarnold.com<br>Barton E. Centauro<br>bcentauro@peabodyarnold.com<br>Federal Reserve Plaza<br>600 Atlantic Avenue<br>Boston, MA 02210<br>Tel: (617) 951-2050<br><br>–and–<br><br>ADLER, MURPHY & MCQUILLEN LLP<br>John M. Kelly (pro hac vice)<br>jkelly@amm-law.com<br>Michael G. McQuillen<br>mmcquillen@amm-law.com<br>Kurt C. Schlueter (pro hac vice)<br>kschlueter@amm-law.com<br>20 S Clark Street, Suite 2500<br>Chicago, IL 60603<br>Tel: (312) 422-5704 |

## <u>CERTIFICATION</u>

I certify that on July 6, 2018 a copy of the foregoing was electronically filed and served by regular mail, postage prepaid, and/or by e-mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

    /s/ Kevin M. Smith
Kevin M. Smith

25286\1\4838-4151-2300.v6